UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

QUINTARA BIOSCIENCES, INC.,

    Plaintiff,

v.

RUIFENG BIZTECH INC., et al.,

    Defendants.

No. C 20-04808 WHA

**ORDER DENYING PRELIMINARY INJUNCTIVE RELIEF**

## INTRODUCTION

In this potpourri of disputes between former business partners, plaintiff moves for a temporary restraining order and preliminary injunction. But plaintiff's delay undercuts its claim of irreparable harm. The motion is **DENIED**.

## STATEMENT

The allegations here tell quite a story. Drs. Qun 'Richard' Shan and Xueling 'Sue' Zhao started their DNA-sequence analysis company, plaintiff Quintara Biosciences, Inc., in their garage in 2005. Purchasing startup equipment with a $230,000 home equity loan, they toiled long hours and many sleepless nights, while raising children and working other full-time jobs, to eventually build Quintara into a respected genetic-sequencing analysis business.

Despite success, however, Quintara developed cash flow problem in 2013. Then entered defendant Gangyou Wang, whom Shan and Zhao met through a mutual acquaintance. Wang said he could solve Quintara's problems with an interest-free $1,000,000 loan with conditions

structured to aid his green card application.  Wang's company, defendant Ruifeng Biztech Inc., would appear to take over, at least in name, operation of Quintara.  Ruifeng would operate the lab and pay the employees.  On his green card application, then, Wang could say that he had brought a million dollar startup with at least ten employees to the United States.  By the time Wang obtained his green card, Quintara would have paid back the million dollar loan, and the relationship would terminate.  The parties finalized the deal with a handshake.

Following the initial loan, though, Wang convinced Shan and Zhao to enter a collaboration agreement.  Quintara and Ruifeng would start a joint venture; Ruifeng would own 51%; Quintara would own 49%.  The parties, however, never formed any new entity.

Skip ahead to September 2017.  Wang asked for another favor, that Ruifeng be added onto the lease for Quintara's California headquarters, 3563 Investment Blvd., Suite 2, Hayward, California.  Wang promised nothing would change in the parties' actual practice; Quintara would operate as usual, pay rent to Ruifeng, and Ruifeng would pass the rent along to the landlord.  Unbeknownst to Shan and Zhao however, Wang forged Shan's name on a lease termination agreement, leaving the premises in Ruifeng's name alone.

In early 2019, Quintara had repaid the million dollar loan and Wang had obtained his green card, so Shan and Zhao sought to terminate the relationship between Quintara and Ruifeng.  But Wang refused, claiming under the collaboration agreement that Ruifeng owned 51% of Quintara's business assets.  When Quintara nonetheless announced termination of the relationship, Wang secretly (and successfully) solicited several Quintara employees to jump ship to Ruifeng.  Finally, on March 9, 2020, the wolf emerged from the sheep's clothing.  Wang changed the locks on the 3563 Investment Blvd. premises and denied entry to Quintara employees.  He then started defendant RF Biotech LLC to operate Quintara's business, out of Quintara's premises, with Quintara's equipment, and with Quintara's prior employees, defendants Alex Wong, Alan Li, Rui Shao.

Five months later, Quintara now seeks both a temporary restraining order and preliminary injunction compelling defendants to turn over the 3563 Investment Blvd. premises, Quintara's equipment, and cease using any trade secrets obtained.  Following briefing from both sides, the

2

undersigned determined that oral argument would be of little assistance, so this order was decided on the papers.

## ANALYSIS

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC*, 555 U.S. 7, 20 (2008). A plaintiff must establish the same to obtain a TRO. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001).

It must be reemphasized. A plaintiff seeking preliminary injunctive relief must demonstrate that irreparable injury is not merely possible in the absence of an injunction, but likely. "[I]njunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. NRDC*, 555 U.S. at 22.

Here, plaintiff fails to demonstrate a sufficient likelihood of irreparable harm. To be sure, plaintiff alleges quite a sequence of events. Following Shan and Zhao's introduction to Wang in 2013, Wang (allegedly) conned his way into control of the finances, of the premises, of the employees, and eventually of the business itself. Ever since, defendants have (allegedly) irreparably stolen plaintiff's trade secrets, consumer base, and damaged its business standing. But that all culminated on March 9, 2020, when Wang changed the locks of the premises. Plaintiff then waited *five months* until August 19 to move for preliminary injunctive relief. It remains unclear what has changed, or what *now* prompts this motion where events five months ago did not. Plaintiff offers no explanation. "[Such] long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm." *See Oakland Tribune, Inc. v. Chronicle Pub. Co., Inc.*, 762 F.2d 1374, 1377 (9th Cir. 1985).

Simply, irreparable injury calls for immediate and diligent response. On this ground alone, preliminary injunctive relief would be inappropriate. This order briefly notes two other grounds for denial.

*First*, "he who comes into equity must come with clean hands." In plaintiff's telling, Shan and Zhao joined an elaborate scheme involving a shell company and an unwritten one million dollar, interest-free loan to help Wang fraudulently obtain resident status in the United States. Only *now* that this improper scheme has fallen apart do they come running to the courts for aid. Equity, though it "does not demand that its suitors shall have led blameless lives," nevertheless "does require that they shall have acted fairly and without fraud or deceit as to the controversy in issue," and will not condone plaintiff's behavior here. *Precision Inst. Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945); *cf. Sierra Club v. Trump*, 963 F.3d 874, 896 (9th Cir. 2020).

*Second*, plaintiff paints a compelling picture of Wang as an adept con-man, but defendants vigorously contest (with ample documentation) nearly every aspect of plaintiff's retelling. On these unsettled facts, we can hardly determine that plaintiff is likely to succeed on the merits.

Finally, this Court's jurisdiction over this non-diverse matter rests entirely on the federal trade secret claim. It remains otherwise a suit about a deteriorating business relationship, committed to California's jurisdiction. Should the trade secret claims fail, the undersigned will be unlikely to exercise supplemental subject-matter jurisdiction over the remaining claims.

## CONCLUSION

Preliminary injunctive relief is **DENIED**. The September 17 hearing is **VACATED**. Defendants' motion to dismiss will be heard along with an initial case management conference on **OCTOBER 22 AT 8:00 A.M.**

**IT IS SO ORDERED.**


Dated: September 9, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE