UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

QUINTARA BIOSCIENCES, INC.,

    Plaintiff,

v.

RUIFENG BIZTECH INC., et al.,

    Defendants.

No. C 20-04808 WHA

**ORDER RE MOTION TO DISMISS**

## INTRODUCTION

In this potpourri of disputes between former business partners, defendants move to dismiss a subset of plaintiff's claims. For the following reasons, the motion is **GRANTED IN PART AND DENIED IN PART**.

## STATEMENT

A prior order detailed the extraordinary allegations here (Dkt. No. 19), but they bear restating. Drs. Qun 'Richard' Shan and Xueling 'Sue' Zhao started their DNA-sequence analysis company, plaintiff Quintara Biosciences, Inc., in their garage in 2005. Purchasing startup equipment with a $230,000 home equity loan, they toiled long hours and many sleepless nights, while raising children and working other full-time jobs, to eventually build Quintara into a respected genetic-sequencing analysis business.

Despite success, however, Quintara developed cash flow problem in 2013. Then entered defendant Gangyou Wang, whom Shan and Zhao met through a mutual acquaintance. Wang

1  said he could solve Quintara's problems with an interest-free $1,000,000 loan with conditions
2  structured to aid his green card application. Wang's company, defendant Ruifeng Biztech Inc.,
3  would appear to take over, at least in name, operation of Quintara. Ruifeng would operate the
4  lab and pay the employees. On his green card application, then, Wang could say that he had
5  brought a million dollar startup with at least ten employees to the United States. By the time
6  Wang obtained his green card, Quintara would have paid back the million dollar loan, and the
7  relationship would terminate. The parties finalized the deal with a handshake.

8  Following the initial loan, though, Wang convinced Shan and Zhao to enter a
9  collaboration agreement. Quintara and Ruifeng would start a joint venture; Ruifeng would
10 own 51%; Quintara would own 49%. The parties, however, never formed any new entity.

11 Skip ahead to September 2017. Wang asked for another favor, that Ruifeng be added
12 onto the lease for Quintara's California headquarters, 3563 Investment Blvd., Suite 2,
13 Hayward, California. Wang promised nothing would change in the parties' actual practice;
14 Quintara would operate as usual, pay rent to Ruifeng, and Ruifeng would pass the rent along to
15 the landlord. Unbeknownst to Shan and Zhao however, Wang forged Shan's name on a lease
16 termination agreement, leaving the premises in Ruifeng's name alone.

17 In early 2019, Quintara had repaid the million dollar loan and Wang had obtained his
18 green card, so Shan and Zhao sought to terminate the relationship between Quintara and
19 Ruifeng. But Wang refused, claiming under the collaboration agreement that Ruifeng owned
20 51% of Quintara's business assets. When Quintara nonetheless announced termination of the
21 relationship, Wang secretly (and successfully) solicited several Quintara employees to jump
22 ship to Ruifeng. Finally, on March 9, 2020, the wolf emerged from the sheep's clothing.
23 Wang changed the locks on the 3563 Investment Blvd. premises and denied entry to Quintara
24 employees. He then started defendant RF Biotech LLC to operate Quintara's business, out of
25 Quintara's premises, with Quintara's equipment, and with Quintara's prior employees,
26 defendants Alex Wong, Alan Li, Rui Shao.

27 Five months later, Quintara sued for various business torts and sought both a temporary
28 restraining order and preliminary injunction compelling defendants to turn over the 3563

1    Investment Blvd. premises, return Quintara's equipment, and cease using any trade secrets
2    obtained. Given Quintara's delay undermined any argument of immediate and irreparable
3    harm, a prior order denied preliminary injunctive relief (Dkt. No. 19). Defendants now seek to
4    dismiss Quintara's fraud claim against Mr. Wang, trade secrets claim for exemplary damages
5    and fees, and claim for damages under California Business and Professions Code § 17200.
6    This order follows full briefing and is appropriate for disposition on the papers.

**ANALYSIS**

A complaint must allege sufficient factual matter to state a facially plausible claim for relief. Simply, the allegations must permit the reasonable inference, without speculation, that defendants are, in fact, liable for the conduct alleged. We take as true all factual allegations but legal conclusions merely styled as fact may be disregarded. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**1.    FRAUD CLAIM.**

Defendants challenge Quintara's fraud claim against Mr. Wang. "The elements of fraud are: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004).

Taken in Quintara's favor, the complaint alleges that Wang intentionally mischaracterized (1) the initial loan structure, (2) the subsequent collaboration agreement, and (3) the 2017 lease substitution as legitimate means of support for his permanent residence application when each was, in fact, improper and (more importantly) part of Wang's plan to convert Quintara's business and assets. Defendants challenge causation, contending that Quintara was not fraudulently induced by any representations. This order agrees.

A plaintiff's reliance on a defendant's misrepresentation "must be justifiable" in light of plaintiff's "own intelligence and information." *Hobart v. Hobart Estate Co.*, 26 Cal.2d 412, 447 (1945). Now, "[n]egligence on the part of the plaintiff in failing to discover the falsity of a statement is no defense when the misrepresentation was intentional." But:

> If the conduct of the plaintiff in the light of his own intelligence and information was manifestly unreasonable . . . he will be denied a recovery. He may not put faith in representations which are preposterous, or which are shown by facts within his observation to be so patently and obviously false that he must have closed his eyes to avoid discovery of the truth.

*Seeger v. Odell*, 18 Cal. 2d 409, 414–16 (1941) (Traynor, J.); *in re Kirsch*, 973 F.2d 1454, 1459 (9th Cir. 1992). "California courts do not . . . merely wink at this requirement, but rather take it quite seriously." *Atari Corp. v. Ernst & Whinney*, 981 F.2d 1025, 1031 (9th Cir. 1992).

Here, Quintara's conduct can be taken only as willful blindness to its circumstances. To repeat the complaint: Quintara took an *unwritten* one million dollar loan with significant strings attached from a new business partner in 2013, entered an illusory joint-ownership collaboration agreement shortly thereafter, and in 2017 agreed to a lease name swap, which Quintara's own founders suspected to be illicit (Compl., Dkt. No. 1, at ¶¶ 14, 15, 19, 20, 22, 23). It is now 2020. A multi-million dollar technology company that proceeds through seven years of expansion, business deals, corporate and employee tax filings, *along with* unwritten million dollar loans, illusory collaboration agreements, and suspect real estate deals without consulting counsel has deliberately buried its head in the sand. Quintara's willful blindness to the circumstances shining a spotlight on the alleged misconduct forecloses its justifiable reliance on Wang's misrepresentations, however intentional, and undermine its fraud claim.

### 2. TRADE SECRET EXEMPLARY DAMAGES & ATTORNEY'S FEES.

Defendants next challenge Quintara's trade secret misappropriation claim for exemplary damages and attorney's fees. The Defend Trade Secrets Act, which created a federal trade secret misappropriation claim in 2016, provides for exemplary damages and attorney's fees if "the trade secret was willfully and maliciously misappropriated." 18 U.S.C. § 1836(b)(3)(C)–(D); *Genentech, Inc. v. JHL Biotech, Inc.*, No. C 18-06582 WHA, 2019 WL 1045911, at *8 (N.D. Cal. March 5, 2019).

Before an employer may recover exemplary damages and fees from an employee for trade secret misappropriation, however, the employer must inform the employee via written policy of the DTSA's whistleblower protections for the disclosure of protected information to,

among others, government officials or for investigative purposes. 18 U.S.C. § 1833(b). Defendants note, and Quintara does not contest, that Quintara's non-disclosure agreement (as alleged) did not include the relevant whistleblower protection notice. So, defendants argue, Quintara may not recover exemplary damages or attorney's fees. This order agrees in part.

To start, Quintara correctly responds, and defendants do not contest, that defendants Wang, Ruifeng, and RF Biotech never worked for Quintara. So their alleged misappropriation will support exemplary damages and fees, regardless of any whistleblower notice in Quintara's NDA.

As to defendants who *were* Quintara employees, Alex Wong, Alan Li, and Rui Shao, Quintara argues that the notice requirement does not apply. Indeed, though Subsection 1833(b)(3)(C) states that "employer may not be awarded exemplary damages or attorney fees" if it "does not comply with the notice requirement," the next subsection, 1833(b)(3)(D), cabins this limitation to "to contracts and agreements that are entered into or updated after the date of enactment of this subsection." And, as Quintara argues in opposition, Wong, Li, and Shao joined Quintara and signed the operative NDA well before May 11, 2016, when the DTSA took effect.

But that's not what the *complaint* alleges. Quintara itself admits that the complaint "does not state when these policies were signed, nor if and when they were updated, aside from stating that Wong began working for Quintara in 2007" (Dkt. No. 24). Allegations merely consistent with rather than indicative of liability do not show entitlement to relief. Absent any allegation *when* Wong, Li, and Shao signed Quintara's NDA, the application of § 1833(b) remains speculative and does not fairly put these defendants on notice of their potential liability. *See Twombly*, 550 U.S. at 555–57. On these pleadings, Quintara may not recover exemplary damages and attorney's fees from defendants Wong, Li, and Shao.

3. **SECTION 17200.**

Last, defendants contend Quintara's claim for damages under § 17200 fails. The complaint alleges:

5

> 73. Defendants' conduct[] [was a] fraudulent and unlawful business practice[] in violation of the unfair competition law of California, Cal. Bus. and Prof. Code §17200.
>
> 74. As a result of Defendants' acts, Plaintiff has suffered harm and is entitled to recover damages, the exact amount to be determined at trial.

Cursory examination of § 17200 and the relevant following sections describing its enforcement reveal that the section offers restitution and injunction, not damages. *See also*, *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1144 (2003). Quintara contends that the distinction here is merely semantic. Not so. Rule 8 requires "a demand for the relief sought." Quintara seeks relief foreclosed by its claim. Its claim for damages under § 17200 fails.

## CONCLUSION

For the foregoing reasons, defendants' motion is **GRANTED IN PART**. Quintara's claims for fraud against defendant Gangyou Wang, for damages under California Business and Professions Code § 17200, and for exemplary damages and attorney's fees under the Defend Trade Secrets Act, 18 U.S.C. § 1836(b)(3)(C), (D), against defendants Alex Wong, Alan Li, and Rui Shao are **DISMISSED**. The remainder of defendants' motion is **DENIED**. Quintara's claim for exemplary damages and attorney's fees under the DTSA against defendants Ruifeng Biztech Inc., Gangyou Wang, and RF Biotech LLC may proceed. Unchallenged here, Quintara's claims for conversion, breach of the duty of loyalty, and misappropriation of trade secrets may also proceed.

\*         \*         \*

The October 22 hearing and case management conference is **VACATED**. A case management order will follow. The parties may move to amend the case schedule by **OCTOBER 29 AT NOON** in a motion not exceeding **10 PAGES**.

Quintara may move for leave to amend its complaint by **NOVEMBER 5 AT NOON**. Any such motion must include as an exhibit a redlined version of the proposed amendment that clearly identifies all changes from the amended complaint. This order highlighted certain deficiencies in the amended complaint, but it will not necessarily be enough to add sentences

parroting each missing item identified herein. If Quintara moves for leave to amend, it should be sure to plead its best case.

**IT IS SO ORDERED.**

Dated: October 16, 2020.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7