1  BUCHALTER
   A Professional Corporation
2  DYLAN WISEMAN (SBN: 173669)
   BRANDON CARR (SBN: 280959)
3  TIFFANY NG (SBN: 301436)
   55 Second Street, Suite 1700
4  San Francisco, CA 94105
   Tel: (415)227-0900
5  Email: dwiseman@buchalter.com

6  Attorneys for Defendants
   RUIFENG BIZTECH INC., GANGYOU WANG,
7  ALEX WONG, ALAN LI, RUI SHAO, and
   RF BIOTECH LLC

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTARA BIOSCIENCES, INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>RUIFENG BIZTECH INC., a California corporation, GANGYOU WANG, an individual, ALEX WONG, an individual, ALAN LI, an individual, RUI SHAO, an individual, and RF BIOTECH LLC, a California limited liability company;<br><br>　　　　　Defendants. | CASE NO. 3-20-CV-04808-WHA<br><br>**DECLARATION OF DYLAN WISEMAN IN SUPPORT OF MOTION TO EXCLUDE ALL EVIDENCE NOT DISCLOSED IN PLAINTIFF'S INITIAL DISCLOSURE OR *ALTERNATIVELY* TO COMPEL FULL AND FAITHFUL COMPLIANCE WITH FRCP 26; REQUEST FOR SANCTIONS**<br><br>Date:　　December 17, 2020<br>Time:　　8:00 am<br>Ctrm:　　12, 19th Floor<br>Judge:　　Hon. William Alsup |

---

1

**DECLARATION OF DYLAN WISEMAN ISO MOTION TO EXCLUDE ALL EVIDENCE NOT DISCLOSED IN PLAINTIFF'S INITIAL DISCLOSURE OR ALTERNATIVELY TO COMPEL FULL AND FAITHFUL COMPLIANCE WITH FRCP 26; REQUEST FOR SANCTIONS - No. 3:20-cv-04808-WHA**

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

BN 42550285v1

I, Dylan Wiseman, declare as follows:

1. I am an attorney at law duly licensed to practice in the Northern District of California and a shareholder with the law firm of Buchalter, A Professional Corporation ("Buchalter"). Buchalter is the attorney of record for Defendants RUIFENG BIZTECH INC. ("Ruifeng"), GANGYOU WANG, ALEX WONG, ALAN LI, RUI SHAO, and RF BIOTECH LLC (collectively, "Defendants"). I have personal knowledge of the facts set forth in this declaration, and if called as a witness, could testify competently to those facts.

## PLAINTIFF'S INITIAL DISCLOSURE

2. On October 15, 2020, Plaintiff Quintara Biosciences, Inc. ("Plaintiff" or "Quintara") served its initial disclosures. A true and correct copy of the initial disclosures is attached hereto as **Exhibit A**.

## MEET AND CONFER

3. On October 26, 2020, Defendants sent a meet and confer letter setting forth the specific deficiencies in Plaintiff's initial disclosures. A true and correct copy of the letter is attached hereto as **Exhibit B**.

4. On November 6, 2020, Plaintiff responded declining to amend its disclosures as requested. A true and correct copy of Plaintiff's response letter is attached hereto as **Exhibit C.**

## REQUEST FOR SANCTIONS

5. My hourly rate for this matter is $575. I have been practicing law since 1994, and am the Co-Chair of Buchalter's Trade Secrets and Employee Mobility Practice Group. I have been practicing exclusively in the field of trade secrets, employee mobility and unfair competition for almost twenty-five (25) years. I am a resident in Buchalter's San Francisco and Sacramento offices.

6. My associate Brandon Carr's hourly rate for this matter is $425. Mr. Carr is a ninth year attorney, a graduate from UCLA *magna cum laude* and UC Hastings College of the Law *cum laude*. Mr. Carr has litigated many trade secret matters with me over the past several years.

2

**DECLARATION OF DYLAN WISEMAN ISO MOTION TO EXCLUDE ALL EVIDENCE NOT DISCLOSED IN PLAINTIFF'S INITIAL DISCLOSURE OR ALTERNATIVELY TO COMPEL FULL AND FAITHFUL COMPLIANCE WITH FRCP 26; REQUEST FOR SANCTIONS - No. 3:20-cv-04808-WHA**

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

BN 42550285v1

7. Mr. Carr spent 6 hours total reviewing Plaintiff's initial disclosures, preparing a meet and confer letter, reviewing Plaintiff's response letter, researching Rule 26, and preparing this motion. I spent no less than 3 hours revising the motion, reviewing the meet and confer letters and conferring with Mr. Carr about this motion. We both anticipate spending 3 hours reviewing any opposition and preparing a reply. Accordingly, Plaintiffs seek sanctions in the amount of $7,275.

I declare under penalty of perjury under the laws of the United States and California that the foregoing is true and correct to the best of my knowledge.

Executed this 12th day of November, 2020 in the State of California, in the County of Sacramento.

_____
Dylan Wiseman

3

**DECLARATION OF DYLAN WISEMAN ISO MOTION TO EXCLUDE ALL EVIDENCE NOT DISCLOSED IN PLAINTIFF'S INITIAL DISCLOSURE OR ALTERNATIVELY TO COMPEL FULL AND FAITHFUL COMPLIANCE WITH FRCP 26; REQUEST FOR SANCTIONS - No. 3:20-cv-04808-WHA**

BN 42550285v1

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

# EXHIBIT A

1  **LILAW INC.**
J. James Li, Ph.D. (SBN 202855, lij@lilaw.us)
2  Daniel R. Peterson (SBN 326798, petersond@lilaw.us)
Andrew Pierz (SBN 292970, pierza@lilaw.us)
3  1905 Hamilton Avenue, Suite 200
San Jose, California 95125
4  Telephone: (650) 521-5956
Facsimile:  (650) 521-5955
5
Attorneys for Plaintiff QUINTARA BIOSCIENCES, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| QUINTARA BIOSCIENCES, INC., a California corporation, | **Case No.  3:20-cv-04808-WHA** |
|---|---|
| Plaintiff, | **PLAINTIFF QUINTARA BIOSCIENCES, INC.'S INITIAL DISCLOSURES** |
| v. | |
| RUIFENG BIZTECH INC., a California corporation, GANGYOU WANG, an individual, ALEX WONG, an individual, ALAN LI, an individual, RUI SHAO, an individual, and RF BIOTECH LLC, a California limited liability company, | |
| Defendants. | |



LiLaw Inc.

Pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure, Plaintiff Quintara Biosciences, Inc. ("Plaintiff"), provides the following initial disclosures to defendants Ruifeng Biztech Inc. ("Ruifeng"), Gangyou Wang ("G. Wang"), Alex Wong, Alan Li, Rui Shao, and RF Biotech LLC, (collectively "Defendants"). Plaintiff reserves the right to amend and modify these initial disclosures as necessary and as discovery progresses.

## I.   INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION

All Plaintiff's current and former employees and vendors may have discoverable information for this case. The following list, though, contains the people most likely will have discoverable information for this case.

| Name | Address | Subject Matter |
|---|---|---|
| Richard Shan<br>Co-Founder of Quintara | Contact through Plaintiff's counsel | Information regarding various alleged agreements and business operation |
| Sue Zhao<br>Co-Founder of Quintara | Contact through Plaintiff's counsel | Information regarding various alleged agreements and business operation |
| Gangyou Wang<br>Owner of Ruifeng | Contact through Defendant's counsel | Information regarding various alleged agreements and business operation |
| Alex Wong<br>Former Lab Manager | Contact through Defendant's counsel | Information regarding various alleged agreements and business operation |
| Alan Li<br>Former Account Manager | Contact through Defendant's counsel | Information regarding various alleged agreements and business operation |
| Rui Shao<br>Former Lead Technician | Contact through Defendant's counsel | Information regarding various alleged agreements and business operation |

## II.   DOCUMENTS

Copies of the documents and things that are reasonably available to Plaintiff presently contemplated to be used in this action are as follows:

- Quintara employee and business records
- Quintara employee confidentiality agreements
- Instant text messaging records between Alex Wong and Rui Shao
- Email records between Quintara and G. Wang



Plaintiff reserves the right to supplement the list of documents and things as discovery progresses.

## III. DAMAGES

A computation of Plaintiff's damages is incomplete as the case is still ongoing and discovery has not concluded. At the very least, Plaintiff will be seeking the fair market value and lost profits caused by the loss of the use of its assets, punitive damages, statutory penalties, and/or restitutions according to the proof, in addition to reasonable attorney's fees and costs.

Plaintiff will produce documents supporting its claim for relief that are in its possession, custody, or control during the normal course of discovery, according to the schedule ordered by the Court.

## IV. INSURANCE

Plaintiff has no insurance relevant to this case.

DATED: October 15, 2020              **LILAW INC.**

By  /s/ Daniel Peterson
―――――――――――――――――――――
Daniel Peterson
Attorney for Plaintiff QUINTARA
BIOSCIENCES, INC.

# EXHIBIT B

# Buchalter

55 Second Street, Stuite 1700
San Francisco, CA 94105
415.227.0900 Phone

File Number: R7363-0002
bcarr@buchalter.com

October 26, 2020

VIA EMAIL
J. James Li, Ph.D.
Daniel R. Peterson
1905 Hamilton Avenue, Suite 200
San Jose, CA 95125

      Re:    *Quintara Biosciences, Inc. v. Ruifeng Biztech Inc.*
                USDC Northern District of California, Case No. 3:20-cv-04808

Dear Mr. Peterson:

I am writing regarding Plaintiff's initial disclosures. Plaintiff's initial disclosures are deficient because (1) Plaintiff has not identified all individuals who have information about the case; (2) Plaintiff has failed to identify a copy—or a description by category and location—of all documents, in Plaintiff's possession, custody, or control and may use to support its claims or defenses, and (3) Plaintiff has failed to provide a required computation of each category of damages claimed.

The purpose of Rule 26 is to "accelerate the exchange of basic information about the case and to eliminate the paperwork involved in requesting such information." Fed. R. Civ. P. 26(a), advisory committee notes, 1993. The automatic disclosure requirement "streamline[s] discovery. . . thereby avoid[ing] the practice of serving multiple, boilerplate interrogatories and document requests. . . ." *Chalick v. Copper Hosp./Univ. Med. Ctr.,* 192 F.R.D. 145, 150 (D.N.J. 2000).

Viewing Plaintiff's initial disclosure in light of the plain language and articulated purposes of Rule 26(a)(1)(A), Plaintiff's boilerplate language is precisely the type of disclosure the Rule seeks to prevent. Plaintiff's disclosure deviates from the requirements of the Rule in that:

      (1)    Plaintiff states "***all Plaintiff's current and former employees and vendors may have discoverable information for this case***," but Plaintiff does not provide the names and

buchalter.com

Los Angeles
Napa Valley
Orange County
Portland
Sacramento
San Diego
San Francisco
Scottsdale
Seattle

BN 42312336v3

# Buchalter

J. James Li, Ph.D.
October 26, 2020
Page 2

contact information for its current and former employees who may have discoverable information.

Plaintiff is certainly in the best position to identify its current and former employees who might possess information relevant to the claims and defenses and which employees have knowledge of facts so important as to warrant eventually being called as trial witnesses. Plaintiff's disclosure leaves Defendants guessing which current and former employees have relevant information.

(2) Plaintiff has failed to identify a copy—or a description by category and location—of all documents, in Plaintiff's possession. Instead, Plaintiff vaguely states in its initial disclosures: "*Copies of the documents and things that are reasonably available to Plaintiff presently contemplated to be used in this action are as follows*:

- *Quintara employee and business records*

- *Quintara employee confidentiality agreements*

- *Instant text messaging records between Alex Wong and Rui Shao*

- *Email records between Quintara and G. Wang*

From this vague and cryptic response, Defendants are left unable to determine what documents will be used in the case and what documents exist. What business records? What confidentiality agreements? What text messages? What email records? Where are these documents located?

To comply with Rule 26(a)(1)(B) Quintara must provide "a copy of, or description by category and location of**, all documents, data compilations, and tangible things that are in the possession, custody or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment**." Accordingly, at a minimum, Quintara must identify and provide all of the following for the period of January 1, 2012 to the present: contracts signed by Quintara's principal(s) and Ruifeng's principal; invoices to and from Ruifeng; leases for the Hayward offices of Quintara and Ruifeng and all communications with the landlord; documents evidencing any loans to Quintara by Mr. Wang; documents evidencing the purported repayment of Ruifeng's investment; records showing what expenditures Quintara undertook with the monies loaned by Mr. Wang; documents evidencing Mr. Wang's investment in the joint venture; any and all documents which mention the partnership, joint venture, cooperation or collaboration between the Ruifeng and Quintara; any documents which evidence Quintara's damages, including Quintara's, balance sheets, profit and loss statements, income statements, and statements of shareholder equity; any documents which identify the assets owned by Quintara, the joint venture, and/or Ruifeng; any documents pertaining to the valuation of the

# Buchalter

J. James Li, Ph.D.
October 26, 2020
Page 3

joint venture, Quintara, Ruifeng, or any of its assets; any agreements with IT service providers and any invoices and checks paid thereto; all records kept and maintained by Ms. Zhao on behalf of Ruifeng and/or the joint venture regarding its financial condition; and any communications with any funding source (*i.e.,* bank, private equity, investment capital firm, or angel funder), which mention the joint venture or partnership with Ruifeng; all communications with Quintara's healthcare provider in which any employees of Ruifeng were transferred to the policies of Quintara; all documents which evidence any employee being transferred from Quintara to Ruifeng and *visa versa*.

(3) Plaintiff is also required to provide to provide **<u>a computation</u>** of each category of damages claimed. Plaintiff fails to provide **<u>any</u>** computation in its initial disclosures. This is Plaintiff's case. Defendants are entitled to know what damages are being sought, including a computation so Defendants may prepare its defense.

Accordingly, request is hereby made that Plaintiff provide a rule-compliant amended disclosure by the close of business on November 9. 2020, or we will seek to exclude all documents, witnesses and damages that have not been properly disclosed to Defendants pursuant to Rule 26. All rights are hereby reserved.

Very truly yours,

*Brandon M. Carr*

Brandon M. Carr

BN 42312336v3

# EXHIBIT C

**LILAW INC.**  650.521.5956   www.lilaw.us
1905 Hamilton Ave., Ste 200, San Jose, CA 95125

Daniel Peterson, Esq. (petersond@lilaw.us)

November 6, 2020

Brandon Carr, Esq.
Buchalter
55 Second Street, Suite 1700
San Francisco, CA 94105
bcarr@buchalter.com

Via Email

      Re: *Quintara Biosciences, Inc. v. Ruifeng Biztech Inc.,* Case No. 3:20-cv-04808 (USDC, N. Cal.)

Dear Mr. Carr:

We are in receipt of your letter dated October 26, 2020 regarding Plaintiff's initial disclosures in the above-captioned case. We understand that you consider Plaintiff's initial disclosures to be deficient for the following reasons (1) insufficient identification of potential witnesses; (2) insufficient identification of documents; and (3) insufficient computation of damages. For the reasons discussed below, Plaintiff offers the following clarification and additional initial disclosure.

    (1)    Regarding the identification of witnesses, the advisory committee notes to Rule 26 state that what is required is the "identification of all persons who, based on the investigation conducted thus far, are likely to have discoverable information relevant to the factual disputes between the parties." Fed. R. Civ. P. 26(a) advisory committee notes, 1993.

    Plaintiff has, based on the investigation conducted thus far, presented those witnesses which might reasonably be expected to be deposed or called as a witness by any of the parties, and Plaintiff has indicated briefly the general topics on which such persons have information. The language, which states that all current and former employees and vendors may have discoverable information, is included as a courtesy, to inform you that our investigation may reveal additional witness.

    (2)    Regarding the identification of documents, the plain text of Rule 26 and your own letter acknowledges that a "description by category and location" is sufficient to satisfy the requirements of Rule 26. Indeed, the advisory committee notes to Rule 26 state that

> an itemized listing of each exhibit is not required, the disclosure should describe and categorize, to the extent identified during the initial investigation, the nature and location of potentially relevant documents and records, including computerized data and other electronically-recorded information, sufficiently to

enable opposing parties (1) to make an informed decision concerning which documents might need to be examined, at least initially, and (2) to frame their document requests… Fed. R. Civ. P. 26(a) advisory committee notes, 1993.

Plaintiff has provided a description by category, to the extent identified during the initial investigation, the nature of potentially relevant documents and records. The location of these documents and records is Plaintiff's counsel's office. If you would prefer the initial disclosures be amended to include this address, it should be no problem to make such an amendment.

However, your letter also contends that compliance with Rule 26 requires Plaintiff to actually produce all the documents described in its initial disclosures. This is not correct. Under the discovery rule governing initial disclosures, the duty to disclose is not synonymous with a duty to produce. *Forbes v. 21st Century Ins. Co.*, 258 F.R.D. 335, 337 (D.Ariz.2009). Rule 26(a)(1)(A)(ii) only requires parties to provide notice regarding documents. *Id.* As the plain language of Rule 26 states, a description by category and location is sufficient. The advisory committee notes provide that

> If, as will be more typical, only the description is provided, the other parties are expected to obtain the documents desired by proceeding under Rule 34 or through informal requests. The disclosing party does not, by describing documents under subparagraph (B), waive its right to object to production on the basis of privilege or work product protection, or to assert that the documents are not sufficiently relevant to justify the burden or expense of production. Fed. R. Civ. P. 26(a) advisory committee notes, 1993.

Accordingly, Plaintiff will not be providing the documents requested in your letter at this time, and this office does not provide informal discovery responses. Please proceed with your discovery requests pursuant to Rule 34.

(3) Regarding the computation of damages claimed, Plaintiff has explained that discovery is ongoing and a computation of damages is incomplete. Although our clients are still working on calculating the precise damages in this case, our office has already provided a settlement offer. Thus, I will use the settlement offer as the minimal amount of damages for Plaintiff in this case.

The minimal damages should be $2.3 million which includes the profit loss of the Bay Area office for the past few months ($700,000), the profit loss in the other offices of Quintara due to the business disruption caused by Defendants' action ($800,000), and the additional cost that Quintara has incurred in setting up a new lab in the Bay Area ($800,000). Further, we will ask for injunctive relief for returning the office lease to Quintara, returning all the equipment and consumables in the office, and prohibition of the use or disclosure of Quintara's confidential information.

Additionally, some of this computation will rely on documents and records currently in the control of Defendants. In discussing the obligation of Rule 26(a)(1)(A)(iii), the advisory committee notes the following:

> This obligation applies only with respect to documents then reasonably available to it and not privileged or protected as work product. Likewise, a party would not be expected to provide a calculation of damages which, as in many patent infringement actions,

depends on information in the possession of another party or person. Fed. R. Civ. P. 26(a) advisory committee notes, 1993.

Plaintiff will produce documents supporting its claim for relief as they become available to Plaintiff during the normal course of discovery, which has only just commenced.

Please consider this letter as an additional initial disclosure. However, if you request, our office can provide an amended initial disclosure which incorporates the language and information contained in this letter. By this letter, Plaintiff's counsel requests that meet and confer efforts regarding this issue continue. If you are available for a call to discuss these issues, we believe an understanding can be reached that will satisfy both parties.

Sincerely,

Daniel Peterson