UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTARA BIOSCIENCES, INC., | |
| Plaintiff, | No. 20-04808 WHA |
| v. | |
| RUIFENG BIZTECH INC., et al., | **ORDER RE DISCOVERY AND SCHEDULING** |
| Defendants. | |

Plaintiff moves to amend the case schedule. The first ground, that counsel has a conflicting trial schedule in another case, is **DENIED WITHOUT PREJUDICE**. Trial remains far off yet. If when trial looms the conflict remains, plaintiff may renew the motion.

The second ground, that delay is required because defendants have refused discovery on plaintiffs' trade secret claim collides with defendants' motion to halt discovery because plaintiff has not adequately disclosed its claimed trade secrets. Plaintiff's motion is **DENIED**. Defendants' motion is **GRANTED TO THE FOLLOWING EXTENT**.

"[A] district court has wide discretion in controlling discovery." *Jeff D. v. Otter*, 643 F.3d 278, 289 (9th Cir. 2011). In the trade secret context, the framework for discovery laid out by California Code of Civil Procedure § 2019.210 is tried and true. *Swarmify, Inc. v. Cloudflare, Inc.*, No. C 17-06957 WHA, 2018 WL 2445515, at *2 (N.D. Cal., May 31, 2018); *Jobscience, Inc. v. CVPartners, Inc.*, No. C 13-04519 WHA, 2014 WL 852477, at *5 (N.D. Cal. Feb. 28, 2014).

For each trade secret, plaintiff must file, and serve on counsel, a statement, *under seal,* that should include: (1) a summary of the specific trade secret; (2) the background of the trade secret and a description of how each secret has derived independent, actual or potential economic value by virtue of not being generally known to the public; (3) a description of how each secret has been the subject of reasonable efforts to maintain its secrecy; and finally (4) each of the precise claimed trade secrets, numbered, with a list of the specific elements for each, as claims would appear at the end of a patent.

This disclosure is due **DECEMBER 3 AT NOON**. Plaintiff may not take any discovery *at all* until a satisfactory statement has been filed under seal and served on counsel for defendants. Plaintiff's filing shall be for trial counsel's eyes only. Defendants may take discovery immediately, inasmuch as they are not asserting any trade secrets. If a dispute regarding the adequacy of plaintiff's disclosure remains, either party may move for relief.

**IT IS SO ORDERED.**

Dated: November 18, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2