UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTARA BIOSCIENCES, INC., <br><br>   Plaintiff, <br><br>   v. <br><br> RUIFENG BIZTECH INC., et al., <br><br>   Defendants. | No. C 20-04808 WHA <br><br> **ORDER RE MOTION TO AMEND AND VACATING HEARING** |

Quintara Biosciences, Inc., timely moves to amend its complaint to: (i) plead appropriate Section 17200 relief; (ii) clarify dates regarding notice provisions under the Defend Trade Secrets Act; (iii) add a claim for intentional interference with contractual relations; and (iv) salvage its fraud claim. Except for the final request, the motion is **GRANTED**.

The October 16 order dismissed the Section 17200 claim for seeking damages and not restitution. That has been corrected and defendants point to no reason that the underlying conversion and duty of loyalty claims would not support restitution and injunction. The claim may proceed.

The prior order also dismissed Quintara's claim for attorney's fees and exemplary damages under the DTSA against its former employees, Alex Wong, Alan Li, and Rui Shao. An employer must have provided written notice to its employees of the DTSA's whistleblower protections before it may recover exemplary damages and attorney's fees for their trade secret misappropriation. 18 U.S.C. § 1833(b). But this notice provision only applies to "to contracts

and agreements that are entered into or updated after the date of enactment of this subsection [May 11, 2016]." The prior complaint did not plead when the employees entered their operative NDAs. The new compliant does: Wong in December 2009; Shao in February 2011; and Li in April 2013. Each preceding the DTSA, the notice provision, by its plain language, does not apply. Defendants say this result is absurd, but provide no caselaw or legislative history to warrant deviation from the plain text. At this stage, Quintara may seek exemplary damages and attorney's fees against Wong, Li, and Shao.

Quintara also seeks to add a claim for intentional interference with contractual relations. On the merits, defendants contend only that the complaint fails to specify the contracts interfered with. But, as defendants also note, a plaintiff may "recover damages for interference with prospective economic advantage" where "the defendant's conduct was 'wrongful by some legal measure other than the fact of interference itself.'" Here, the complaint alleges defendant's interference with Quintara's sales upon defendants' conversion, disloyalty, and misappropriation. *Ixchel Pharma, LLC v. Biogen, Inc.*, 9 Cal. 5th 1130, 1142, 470 P.3d 571 (2020). Defendants also claim undue delay, but cite no prejudice. This is Quintara's first amendment, as of right. The claim may proceed.

Quintara's fraud claim still fails. The complaint again alleges that defendant Gangyou Wang induced Quintara to enter a series of arrangements which he represented as necessary for a visa application, but which, in fact, enabled his later takeover of the business. In fraud "[a] plaintiff's reliance on a defendant's misrepresentation must be justifiable in light of plaintiff's own intelligence and information." The October 16 order found Quintara's reliance on Wang's representations unjustified. In aiding Wang in a plot which it suspected to be an illicit deception of the United States government, Quintara willfully ignored the warnings that Wang had also misled Quintara (Dkt. No. 28) (quotations omitted)

The amended complaint confirms this conclusion. It admits that Quintara was larger and more sophisticated than the prior order understood, that Quintara knew that Wang's visa application fell apart under minimal investigation by immigration officials in 2017, and confirmed that Quintara never consulted counsel throughout. So, again: Quintara, a

"sophisticated" technology startup, with thirty-six employees and a three-million dollar payroll, took an *unwritten* one-million dollar loan with significant strings attached from a new business partner in 2013, entered an illusory joint-ownership collaboration agreement shortly thereafter, and in 2017 agreed to a lease name swap.  Each of these, Quintara suspected to be illicit, knew to be aimed at misleading United States immigration officials, and knew those officials reached the same conclusion in 2017.  Yet, Quintara never consulted counsel until after Wang sprung his trap to take over the business in 2020.  A multi-million dollar technology company that proceeds through seven years of expansion, business deals, corporate and employee tax filings, *along with* unwritten million dollar loans, illusory collaboration agreements, and suspect real estate deals without consulting counsel has deliberately buried its head in the sand (Dkt. No. 34-1 at ¶¶ 17, 21, 31, 32, 42, 76).

The amended complaint argues that Quintara's founders' cultural background justified their reliance on Wang's statements to them.  This twice misses the mark.  The knowledge of *Wang's misrepresentations* to the government gave Quintara *reason to investigate* Wang's representations to itself.  Moreover, Quintara's individual founders are not our plaintiffs.  Our plaintiff here, and the party whose reliance must be justified, is *Quintara*, the multimillion-dollar technology company operating under *California* law.

The motion is **GRANTED IN PART**.  Quintara's fraud claim still fails.  But its claims for exemplary damages and attorney's fees for trade secret misappropriation against Wong, Li, and Shao, for restitution and injunction under Section 17200, and for intentional interference with contractual relations may proceed.  The amended ~~answer~~ complaint is due **DECEMBER 22**.  The December 17 hearing is **VACATED**.

**IT IS SO ORDERED.**

Dated: December 8, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3