BUCHALTER
A Professional Corporation
DYLAN WISEMAN (SBN: 173669)
BRANDON CARR (SBN: 280959)
TIFFANY NG (SBN: 301436)
55 Second Street, Suite 1700
San Francisco, CA 94105
Tel: (415)227-0900
Email: dwiseman@buchalter.com

Attorneys for Defendants and Cross-Complainants
RUIFENG BIZTECH INC., GANGYOU WANG, and
Defendants ALEX WONG, ALAN LI, RUI SHAO, and
RF BIOTECH LLC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTARA BIOSCIENCES, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>RUIFENG BIZTECH INC., a California corporation, GANGYOU WANG, an individual, ALEX WONG, an individual, ALAN LI, an individual, RUI SHAO, an individual, and RF BIOTECH LLC, a California limited liability company;<br><br>Defendants. | CASE NO. 3-20-CV-04808-WHA<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE:**<br><br>**(1) MISAPPROPRIATION OF TRADE SECRETS CLAIM; AND**<br><br>**(2) FRAUD ALLEGATIONS**<br><br>**FROM PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date: February 11, 2021<br>Time: 8:00 a.m.<br>Judge: Hon. William Alsup<br>Courtroom: 12, 19th Floor |
| RUIFENG BIZTECH INC., a California corporation and GANGYOU WANG, an individual;<br><br>Counter-Claimant,<br><br>vs.<br><br>QUINTARA BIOSCIENCES, INC., a California corporation, RICHARD SHAN, an individual and XUELING ZHAO, an individual;<br><br>Counter-Defendants. | |

BN 43783158v7                                                        1

**DEFENDANTS' REPLY ISO MOTION TO STRIKE: (1) MISAPPROPRIATION OF TRADE SECRETS CLAIM; AND (2) FRAUD ALLEGATIONS FROM PLAINTIFF'S FIRST AMENDED COMPLAINT; No. 3:20-cv-04808-WHA**

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................. 5

II.  ARGUMENT ........................................................................................................ 6

    A.   Defendants' Motion to Strike Quintara's Trade Secret Claim Should Be Granted. ......................................................................................................... 6

        1.   The Court Has Inherent Authority to Dismiss Trade Secret Claims for Failing to Comply with Section 2019.210. ................................................. 6

        2.   Like the Plaintiff in *JobScience*, Quintara Fails to Comply With Section 2019.210 and This Court's Orders. ................................................. 8

        3.   Quintara's Misplaced Reliance Upon *Whittlestone*. .................................. 9

        4.   The Applicable Legal Standard and Quintara's Diversionary Tactics...... 11

        5.   Quintara Offers No Evidence to Support Its Opposition. ......................... 12

        6.   Quintara Continues to Play Hide-the-Ball. ............................................... 13

    B.   Quintara's Fraud Allegations in the Amended Complaint Should Be Stricken.... 14

III. CONCLUSION .................................................................................................. 15

BN 43783158v7                              2

**DEFENDANTS' REPLY ISO MOTION TO STRIKE: (1) MISAPPROPRIATION OF TRADE SECRETS CLAIM; AND (2) FRAUD ALLEGATIONS FROM PLAINTIFF'S FIRST AMENDED COMPLAINT; No. 3:20-cv-04808-WHA**

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

# TABLE OF AUTHORITIES

**Cases**

*Advanced Modular Sputtering v. Superior Court*,
 132 Cal. App. 4th 826 (2005) ............................................................................................ 12, 13

*Alta Devices, Inc. v. LG Electronics, Inc.*,
 343 F. Supp. 3d 868, 880–81 (N.D. Cal. 2018) ......................................................................... 11

*Art of Living Found. v. Doe*,
 2012 U.S. Dist. LEXIS 61582, 2012 WL 1565281, at *23 (N.D. Cal. May 1, 2012) ................. 7

*Bladeroom Grp. Ltd. v. Facebook, Inc.*,
 2018 U.S. Dist. LEXIS 10905, 2018 WL 514923, at *3-5 (N.D. Cal. Jan. 23, 2018) ................. 7

*California ex rel. State Lands Comm'n v. United States*,
 512 F. Supp. 36, 38 (N.D. Cal. 1981) ....................................................................................... 14

*Cisco Sys. v. Chung,*
 2020 U.S. Dist. LEXIS 240028 (N.D.Cal. Dec. 21, 2020, No. 19-cv-07562-PJH) .................... 7

*Comm. On Children's Television, Inc. v. Gen. Foods Corp.*,
 35 Cal. 3d 197, 211 (1983) ....................................................................................................... 14

*Dietz v. Bouldin*,
 136 S. Ct. 1885, 1891 (2016) ................................................................................................. 6, 7

*Fantasy, Inc. v. Fogerty*,
 984 F.2d 1524, 1527 (9th Cir.1993) .......................................................................................... 11

*Fogerty v. Fantasy, Inc.*,
 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994) ........................................................... 11

*Jobscience, Inc. v. CVPartners.*
 2014 U.S. Dist. LEXIS 64350, 2014 WL 1724763 (N.D. Cal. May 1, 2014) ..... 5, 7, 8, 9, 10, 15

*Link v. Wabash R. Co.*,
 370 U.S. 626, 630–31 (1962) ...................................................................................................... 6

*Openwave Messaging, Inc. v. Open-Xchange, Inc.*,
 2018 U.S. Dist. LEXIS 17776, 2018 WL 692022, at *4 (N.D. Cal. Feb. 2, 2018) ..................... 7

*Swarmify, Inc. v. Cloudflare, Inc.,*
 2018 U.S. Dist. LEXIS 91333, at *5 (N.D.Cal. May 31, 2018, No. C 17-06957 WHA) ............ 7

*TMX Funding. Inc. v. Impero Technologies, Inc.*,
 No. C 10-00202 JF (PVT), 2010 WL 2509979 (N.D. Cal. June 17, 2010) .............................. 11

*Waymo LLC v. Uber Techs., Inc.*,
 2017 U.S. Dist. LEXIS 182197, 2017 WL 5000352, at *7-9 (N.D. Cal. Nov. 2, 2017) ............. 7

*Whittlestone, Inc. v. Handi-Craft Co.*,
 618 F.3d 970 (9th Cir. 2010) ........................................................................................ 5, 9, 10, 11

BN 43783158v7                    3
**DEFENDANTS' REPLY ISO MOTION TO STRIKE: (1) MISAPPROPRIATION OF TRADE SECRETS CLAIM; AND (2) FRAUD ALLEGATIONS FROM PLAINTIFF'S FIRST AMENDED COMPLAINT; No. 3:20-cv-04808-WHA**

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

*Whyte v. Schlage Lock Co.*,
   101 Cal. App. 4th 1444, 1454 (2002) .................................................................................. 11

*Yusov v. Yusuf*,
   92 F.2d 784, 787 (9th Cir. 1989)........................................................................................ 7

18 U.S.C. § 1839(3)(B).................................................................................................................. 12

Code of Civil Procedure section 2019.210................................................................ 5, 6, 7, 8, 9, 10, 11, 12, 15

Federal Rules of Civil Procedure Rule
12(b)(6) ........................................................................................................................... 5, 9
12(f).............................................................................................................................. 9, 10, 15

BN 43783158v7     4

BUCHALTER
A Professional Corporation
Sacramento

**DEFENDANTS' REPLY ISO MOTION TO STRIKE: (1) MISAPPROPRIATION OF TRADE SECRETS CLAIM; AND (2) FRAUD ALLEGATIONS FROM PLAINTIFF'S FIRST AMENDED COMPLAINT; No. 3:20-cv-04808-WHA**

## I.   INTRODUCTION

As the Court recalls, this is a garden-variety partnership dispute which Quintara has styled as a "trade secrets" dispute under the DTSA to invoke federal question jurisdiction. Quintara unsuccessfully sought an ex parte Temporary Restraining Order claiming its "trade secrets" had been misappropriated. (Dkt. Nos. 11, 17, 19.) Quintara has since twice failed to identify its alleged trade secrets with reasonable particularity as required under California law. (Dkt. Nos. 31, 37, 39, 40, 50 and 53.)

Quintara has not complied with the Court's November 18, 2020 Order (Dkt. No. 53) and avoided describing its alleged trade secrets with reasonable particularity under Code of Civil Procedure section 2019.210. Based on Quintara's failed compliance with Section 2019.210, the Court invited Defendants to bring a Motion to Strike (Dkt. No. 57) consistent with *Jobscience, Inc. v. CVPartners*. 2014 U.S. Dist. LEXIS 64350, 2014 WL 1724763 (N.D. Cal. May 1, 2014) ("*Jobscience*"). (Dkt. No. 53.) Indeed, after Quintara's multiple failed efforts, the Court instructed, "It is time for the parties to graduate from tee-ball." (*Id.*) Accordingly, Defendants are playing hardball, and Quintara was just caught looking at a 0 and 2 fastball.

Quintara's Opposition Brief does not address extensive authority setting forth this Court's inherent authority to dismiss trade secrets claims for deficient statements under Section 2019.210. Instead, Quintara relies upon *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970 (9th Cir. 2010) ("*Whittlestone*"), which is inapposite, to try to invoke a "notice pleading" standard under Rule 8. (Dkt. No. 40.)

Quintara's fraud allegations are also subject to Defendants' Motion to Strike. In response to Defendants' Rule 12(b)(6) motion the Court, **on its own motion**, dismissed Quintara's fraud claim concluding that there was no reasonable reliance. (Dkt. Nos. 28.) The court then afforded Quintara the opportunity to seek leave to amend to re-allege the reasonable reliance elements of its fraud claim. (Dkt. Nos. 34, 38, and 42.) Denying leave to amend, the Court concluded "A multi-million dollar technology company that proceeds through seven years of expansion, business deals, corporate and employee tax filings, and suspect real estate deals without consulting with counsel

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

BN 43783158v7                     5

**DEFENDANTS' REPLY ISO MOTION TO STRIKE: (1) MISAPPROPRIATION OF TRADE SECRETS CLAIM; AND (2) FRAUD ALLEGATIONS FROM PLAINTIFF'S FIRST AMENDED COMPLAINT; No. 3:20-cv-04808-WHA**

has deliberately buried its head in the sand." (Dkt. No. 49.) The Court's December 8, 2020 Order also concluded that Quintara's various references to Mr. Gangyou Wang's immigration status were immaterial because "the party whose reliance must be justified, is Quintara, the multimillion-dollar technology company operating under California law." (Dkt. No. 49, p. 3:16-17.)

Upon dismissing the fraud claim, the Court then gave Quintara nearly two weeks to modify its First Amended Complaint. (Dkt. No. 49.) In response, Quintara did very little. Quintara opted to include the very fraud allegations which the Court concluded could not support a claim because Quintara's reliance was facially unreasonable, and the alleged misrepresentations were made to Quintara's founders who "are not our plaintiffs." (Dkt. No. 49, p. 3:16-17.)

However it is couched, Quintara cannot escape the Court's decisive blow to its fraud claim. None of the various "sham" transactions are relevant to any element of Quintara's remaining claims, and are irrelevant as "background facts," because the Court has already twice determined there was no reasonable reliance. (Dkt. Nos. 28, 49.) Quintara's lengthy, convoluted narrative of "sham" business dealings and Mr. Wang's alleged "immigration fraud" are thus irrrelevant, highly prejudicial, and unduly time consuming for a jury and the Court to consider in this simple partnership dispute.

## II.  ARGUMENT

### A. Defendants' Motion to Strike Quintara's Trade Secret Claim Should Be Granted.

#### 1. The Court Has Inherent Authority to Dismiss Trade Secret Claims for Failing to Comply with Section 2019.210.

The Supreme Court held that a district court possesses inherent powers that are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891 (2016), citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962).

To manage its own affairs and to achieve the orderly disposition of cases, this Court has adhered to the application of Section 2019.210, and concluded that:

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

BN 43783158v7                                6

**DEFENDANTS' REPLY ISO MOTION TO STRIKE: (1) MISAPPROPRIATION OF TRADE SECRETS CLAIM; AND (2) FRAUD ALLEGATIONS FROM PLAINTIFF'S FIRST AMENDED COMPLAINT; No. 3:20-cv-04808-WHA**

> Consistent with this approach, judges in our district — including the undersigned judge —faced with deficient disclosures under Section 2019.210 have routinely entertained defense motions to defeat trade secret misappropriation claims after commencement of discovery, whether styled as a 'motion to strike,' 'motion for summary judgment,' or something else. *See, e.g., Openwave Messaging, Inc. v. Open-Xchange, Inc.*, 2018 U.S. Dist. LEXIS 17776, 2018 WL 692022, at *4 (N.D. Cal. Feb. 2, 2018) (Judge William Orrick) (examining adequacy of Section 2019.210 disclosure on motion for summary judgment); *Bladeroom Grp. Ltd. v. Facebook, Inc.*, 2018 U.S. Dist. LEXIS 10905, 2018 WL 514923, at *3-5 (N.D. Cal. Jan. 23, 2018) (Judge Edward Davila) (same); *Waymo LLC v. Uber Techs., Inc.*, 2017 U.S. Dist. LEXIS 182197, 2017 WL 5000352, at *7-9 (N.D. Cal. Nov. 2, 2017) (Judge William Alsup) (granting overlapping motions to strike and for summary judgment on trade secret misappropriation claim); *Jobscience, Inc. v. CVPartners, Inc.*, 2014 U.S. Dist. LEXIS 64350, 2014 WL 1724763, at *2-4 (N.D. Cal. May 1, 2014) (Judge William Alsup) (granting motion to strike and dismissing trade secret misappropriation claim); *Art of Living Found. v. Doe*, 2012 U.S. Dist. LEXIS 61582, 2012 WL 1565281, at *23 (N.D. Cal. May 1, 2012) (Judge Lucy Koh) (inviting motion for summary judgment on trade secret misappropriation claim).

*Swarmify, Inc. v. Cloudflare, Inc.,* 2018 U.S. Dist. LEXIS 91333, at *5 (N.D.Cal. May 31, 2018, No. C 17-06957 WHA); see also *Cisco Sys. v. Chung,* 2020 U.S. Dist. LEXIS 240028 (N.D.Cal. Dec. 21, 2020, No. 19-cv-07562-PJH) (motion to strike procedurally permissible); *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) (It is well-established that a district court maintains "inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."). Such authority includes the court's ability to enforce its prior orders. *Yusov v. Yusuf*, 92 F.2d 784, 787 (9th Cir. 1989).

In *Swarmify, Inc. v. Cloudflare, Inc.*, 2018 U.S.Dist. LEXIS 91333, at *8, this Court explained:

> Gamesmanship, even if well-disguised at the outset, tends to come into clearer focus as litigation progresses. For example, it becomes easier to pinpoint how vaguely-alleged trade secrets may have functioned as moving targets, and how the plaintiff may have taken advantage of the shifting sands of litigation to evade counterarguments. These developments may cast the unreasonableness of the initial disclosure into sharp relief in light of how the alleged trade secrets evolved over time. In such cases, a plaintiff that merely postpones reckoning with Section 2019.210 early on may eventually find that the consequences of their evasions come home to roost in the form of an adverse ruling on the entire trade secret misappropriation claim. See, e.g., *Waymo*, 2017 U.S. Dist. LEXIS 182197, 2017 WL 5000352, at *7-9.

Quintara completely fails to address any of the well-established authority, including that from this Court, that a court may dismiss a plaintiff's trade secret claim for failing to comply with Section 2019.210.

### 2. Like the Plaintiff in *JobScience*, Quintara Fails to Comply With Section 2019.210 and This Court's Orders.

The Court's November 18, 2020 Order (Dkt. No. 40) and this Court's December 22, 2020 Order (Dkt. No. 53) are based on the Court's prior ruling in dismissing a plaintiff's trade secrets claims for failing to comply with Section 2019.210 under *Jobscience*. Notably, Quintara's Opposition Brief does not mention *Jobscience*.

In *Jobscience*, to the "dubious nature" of plaintiff's alleged trade secrets, the Court issued an order specifically requiring the plaintiff to provide a detailed statement of trade secrets pursuant to Section 2019.210. That order stated:

> For each trade secret, plaintiff must file, and serve on counsel, a statement, under seal, that should include:
> (1) a summary of the specific trade secret;
> (2) the background of the trade secret and a description of how each secret has derived independent, actual or potential economic value by virtue of not being generally known to the public:
> (3) a description of how each secret has been the subject of reasonable efforts to maintain its secrecy; and finally
> (4) each of the precise claimed trade secrets, numbered, with a list of the specific elements for each, as claims would appear at the end of a patent.

*Jobscience.*, 2014 WL 1724763, at *2.

The very same order is issued in this case. This Court's November 18, 2020 Order stated:

> For each trade secret, plaintiff must file, and serve on counsel, a statement, under seal, that should include: (1) a summary of the specific trade secret; (2) the background of the trade secret and a description of how each secret has derived independent, actual or potential economic value by virtue of not being generally known to the public; (3) a description of how each secret has been the subject of reasonable efforts to maintain its secrecy; and finally (4) each of the precise claimed trade secrets, numbered, with a list of the specific elements for each, as claims would appear at the end of a patent.

(Dkt. No. 40.)

In *JobScience*, this Court found that while defendants styled their motion as a motion to strike, defendants "essentially move to dismiss the misappropriation of trade secrets claim based

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

**DEFENDANTS' REPLY ISO MOTION TO STRIKE: (1) MISAPPROPRIATION OF TRADE SECRETS CLAIM; AND (2) FRAUD ALLEGATIONS FROM PLAINTIFF'S FIRST AMENDED COMPLAINT; No. 3:20-cv-04808-WHA**

on inadequate disclosure in [plaintiff's] statement of trade secrets." *Jobscience*, 2014 WL 1724763, at *2. Here, Defendants adopted the same approach for the same reasons.

Quintara's Amended Disclosure falls short from the basic requirements under Section 2019.210 and this Court's November 18, 2020 Order. Defendants chronicled each of these deficiencies in their December 3, 2020 Motion for Protective Order (Dkt. Nos. 31, 37, 39 and 40) and in their January 21, 2021 Motion for Protective Order. (Dkt. Nos. 50, 53.) Quintara failed to satisfy the requirements of Section 2019.210 and failed to comply with this Court's November 18, 2020 Order. Quintara fails to explain how its alleged trade secrets are unknown to those skilled in the field, or distinct from the state of the art. (Dkt No. 57, pp. 11-20.)

As this Court noted in *Jobsience*:

> Experience has shown that it is easy to allege theft of trade secrets with vagueness, then take discovery into the defendants' files, and then cleverly specify what ever happens to be there as having been trade secrets stolen from plaintiff. A true trade secret plaintiff ought to be able to identify, up front, and with specificity the particulars of the trade secrets without any discovery. This order will not allow this old trick of vague pleading with the blanks to be artfully filled in only after discovery.

2014 WL 1724763, at *2.

It is stunning that Quintara previously sought to shut down Defendants operations by seeking a TRO claiming its "trade secrets" were misappropriated. (Dkt. Nos. 11, 17 and 19.) Months later, after several failed attempts, it cannot, even under threat of dismissal, define what its "trade secrets" are in a manner consistent with California law and this Court's November 18, 2020 Order. (Dkt. No. 40.) Quintara should suffer the same fate as the plaintiff in *Jobscience*.

### 3. Quintara's Misplaced Reliance Upon *Whittlestone*.

Quintara's reliance upon *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970 (9th Cir. 2010) is misplaced. According to Quintara, Rule 12(f) no longer exists as a vehicle to dismiss improper pleadings, and has somehow been replaced by the standard found in Rule 12(b)(6). (Dkt. No. 62, pp. 5:15-17.) This Court in *Jobscience* actually addressed Quintara's nomenclature concern and concluded:

> Even though defendants styled this motion as a "motion to strike," they essentially move to dismiss the misappropriation of trade secrets claim based on inadequate

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

BN 43783158v7                                9

**DEFENDANTS' REPLY ISO MOTION TO STRIKE: (1) MISAPPROPRIATION OF TRADE SECRETS CLAIM; AND (2) FRAUD ALLEGATIONS FROM PLAINTIFF'S FIRST AMENDED COMPLAINT; No. 3:20-cv-04808-WHA**

disclosure in Jobscience's statement of trade secrets. 2014 WL 1724763, at *2.

Indeed, *Whittlestone* actually acknowledges that "Rule 12(f) of the Federal Rules of Civil Procedure states that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id*. at 973. That is precisely what this Court should do under its well-established authority cited in Section II.A.1, *supra*.

Quintara's reliance upon *Whittlestone* is misplaced. *Whittlestone* was a dispute arising in diversity jurisdiction over the alleged breach of a twenty-year term contract, which was terminated in year two by the defendants. *Id*. at 971. The contract expressly provided:

> d. Neither party, by reason of the termination or nonrenewal of this Agreement for any or all of the Whittlestone Products, shall be liable to the other for compensation, reimbursement or damages because of the loss of anticipated sales or prospective profits or because of expenditures, investments, leases, property improvements or other matters related to the business or good will of either party.

*Id*. at 972. Plaintiff sought lost profits and consequential damages which directly contravened the twenty-year term contract's express term. "Handi-Craft argues that *Whittlestone's* claim for lost profits and consequential damages should be stricken from the complaint, because such damages are precluded as a matter of law." *Id*. at 974. *Whittlestone* had nothing do to with compliance with Section 2019.210, and held that "Rule 12(f) of the federal rules of civil procedure does not authorize a district court to dismiss a claim for damages on the basis that it is precluded as a matter of law." *Id*., at 975. It has no application to this case.

Further, the *Whittlestone* court expressly concluded: "Thus, we begin our analysis by determining whether *Whittlestone's* claim for lost profits and consequential damages was: (1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous. It is quite clear that none of the five categories covers the allegations in the pleading sought to be stricken by HandiCraft." *Id*. at 973-74. Here, in contrast, the Court *had already forewarned Quintara that its 2019.210 statement was deficient*, and advised it of the consequences that its continued failure to comply with Section 2019.210 would cause a dismissal under *JobScience*. (Dkt Nos. 40 and 53.) Quintara conveniently fails to mention the Court's prior warning and *Whittlestone's* considerably different procedural posture.

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

BN 43783158v7                    10

**DEFENDANTS' REPLY ISO MOTION TO STRIKE: (1) MISAPPROPRIATION OF TRADE SECRETS CLAIM; AND (2) FRAUD ALLEGATIONS FROM PLAINTIFF'S FIRST AMENDED COMPLAINT; No. 3:20-cv-04808-WHA**

*Whittlestone* is actually helpful to Defendants and recognizes: "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...." *Whittlestone*, 618 F.3d at 973 citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993) (quotation marks, citation, and first alteration omitted), rev'd on other grounds by *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). Quintara has twice demonstrated that it is unable to describe its trade secrets with any reasonable particularity. Its misappropriation of trade secrets claim should be stricken and/or dismissed under the authority cited above in Section II.A.1.

### 4. The Applicable Legal Standard and Quintara's Diversionary Tactics.

Quintara's reliance upon *Alta Devices, Inc. v. LG Electronics, Inc.*, 343 F. Supp. 3d 868, 880–81 (N.D. Cal. 2018) is also misplaced. *Alta Devices* did not involve a plaintiff which had repeatedly failed to comply with Section 2019.210 and been warned of the consequences of doing so again, rather it was a challenge to the allegations in the complaint. *Id*. at 882.

Quintara's reliance upon *TMX Funding. Inc. v. Impero Technologies, Inc*., No. C 10-00202 JF (PVT), 2010 WL 2509979 (N.D. Cal. June 17, 2010) is likewise misplaced. Like *Alta Devices*, the plaintiff in *TMX Funding* faced a challenge to the face of its complaint, not whether it had complied with the more exacting standards found under Code of Civil Procedure section 2019.210. Certainly, the plaintiff in *TMX Funding* had not also twice failed to comply with Section 2019.210, and been warned of the consequences.

Quintara then resorts to pejoratives and claims that Defendants are raising a "mutilation defense" to its business categories (Categories 1-6) because Quintara admits that its collected or compiled information consists of publicly available information. (Dkt No. 62, pp. 10:12-11:12.) Quintara's cited authority that its alleged trade secrets are compiled from public information**, are** all cases from **before** the Defend Trade Secrets Act's May 2016 effective date. By doing so, Quintara fails to differentiate its alleged trade secrets from "truly secret information" and that which has been publicly disclosed. (*Whyte v. Schlage Lock Co*., 101 Cal. App. 4th 1444, 1454 (2002)), and disregards the DTSA's definition of a "trade secret" which excludes information which is

"readily ascertainable by proper means." 18 U.S.C. § 1839(3)(B).

Quintara cites no authority where the customers are well-known throughout the industry for needing DNA sequencing services (i.e., Stanford, UCSF, Johns Hopkins), that a compilation of Stanford's, UCSF's or John Hopkins' employees' contact information can possibly qualify as a trade secret. If that perverse outcome were allowed, a competitor could wall-off obvious, large, well-known customers from a competitor on the grounds that it "compiled" information about the contact information of the customers' employees.

In apparent desperation, Quintara next claims:

> Defendants made recurring arguments that fault Plaintiff for not identifying features to distinguish its trade secrets from the "state of the art" or "prior art" based on the knowledge of those "skilled in the field." *See, e.g.*, Mo. at 18, 19. This is a law that is entirely made up by Defendants, by confounding patents with trade secrets.

(Opposition, p. 12:5-8.)

After being repeatedly warned by the Court that its DTSA claim would face dismissal unless it complied with Section 2019.210 (Dkt. Nos. 40, 53), one would expect that Quintara would review the leading case under Section 2019.210, *Advanced Modular Sputtering v. Superior Court*, 132 Cal. App. 4th 826 (2005), which provides that under Section 2019.210:

> The degree of "particularity" that is "reasonable" will differ, depending on the alleged trade secrets at issue in each case. Where, as here, the alleged trade secrets *consist of incremental variations on, or advances in the state of the art in a highly specialized technical field, a more exacting level of particularity may be required to distinguish the alleged trade secrets from matters already known to persons skilled in that field.* Nothing in section 2019.210 precludes the trial court from considering relevant *evidence, including expert witness declarations*, on the adequacy of a designation to describe the alleged trade secrets and distinguish *them from prior art*.

*Id.* at 836, emphasis added. It is time to end this baseless "trade secrets" dispute.

**5.   Quintara Offers No Evidence to Support Its Opposition.**

When Defendants initially moved for a protective order, they relied upon the testimony of Dr. Dehua Zhao, a prominent Senior Research Scientist at Stanford University, to address the deficiencies in Quintara's trade secret disclosure statement. (Dkt. No. 31, Part 2.) In response,

BN 43783158v7                                                                12

**DEFENDANTS' REPLY ISO MOTION TO STRIKE: (1) MISAPPROPRIATION OF TRADE SECRETS CLAIM; AND (2) FRAUD ALLEGATIONS FROM PLAINTIFF'S FIRST AMENDED COMPLAINT; No. 3:20-cv-04808-WHA**

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

Quintara offered the sworn testimony of Mr. Shan to explain why its September 29, 2020 two-page Section 2019.210 Statement was sufficient. (Dkt. No. 37, Part 1.) As set forth in Defendants' Motion for a Protective Order (Dkt. No. 31), under *Advanced Modular Sputtering*, experts play an important role in determining whether the incremental advances claimed to be trade secrets are unknown to those skilled in the field and distinguishable from the prior art. *Advanced Modular Sputtering, Inc.*, *supra,* 132 Cal. App. 4th at 835-36.

Absent from Quintara's Opposition papers are any expert declarations (or any evidence whatsoever) explaining how its alleged trade secrets are distinguishable from what is known to those skilled in the field and distinguishable from the prior art. The fact that Mr. Shan would not offer his sworn testimony that the alleged trade secrets are distinguishable from matters known to those skilled in the field and distinguishable from the prior art speaks volumes. *Advanced Modular Sputtering*, *supra,* 132 Cal. App. 4th at 836.

For its technical and scientific topics (Categories 7-10), Quintara's Opposition Brief argues that certain information can qualify as a trade secret. (Dkt. No. 62, pp. 16:6-17:16.) The issue is not whether or not information could theoretically qualify as a trade secret -- the issue is whether the claimed trade secrets are distinguishable from matters known to those skilled in the field and distinguishable from the prior art. *Advanced Modular Sputtering*, *supra,* 132 Cal. App. 4th at 836. Having been warned of the risk of dismissal, Quintara provides no evidence on that central issue. Quintara swung and missed that 0 and 2 fastball.

**6.   Quintara Continues to Play Hide-the-Ball.**

Keeping up with its constant hide-the-ball tactics, when Quintara served its Amended Disclosure on December 2, 2020, it was designated as "Trial Counsel's Eyes Only" by Quintara's counsel. As before, Defendants' counsel sought to have Dr. Zhao review the Amended Disclosure.

On December 8, 2020, Quintara's counsel rejected Defendants' request to permit Dr. Zhao to review the Amended Disclosure. (Dkt. No. 50, Part 1, Ex. E.) Defendants' counsel then proceeded to file its Motion for a Protective Order (Dkt. No. 50) and a subsequent Motion to Strike (Dkt No. 57) supported by the declaration of its trial counsel.

BN 43783158v7                                                                13
**DEFENDANTS' REPLY ISO MOTION TO STRIKE: (1) MISAPPROPRIATION OF TRADE SECRETS CLAIM; AND (2) FRAUD ALLEGATIONS FROM PLAINTIFF'S FIRST AMENDED COMPLAINT; No. 3:20-cv-04808-WHA**

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

Now, for the first time in their opposition to the Motion to Strike, Quintara has abandoned its "Trial Counsel's Eyes Only" designation of its Amended Trade Secrets Disclosure Statement affording it no protection (except for a handful of redacted words) only ***after*** Defendants moved for a Protective Order and brought their Motion to Strike. (Dkt. No. 62, pp. 3:9-11; see Attachment A to Opposition Brief.) The Court should not tolerate such gamesmanship which is clearly intended to thwart Defendants' efforts to provide expert testimony about the gaping holes in Quintara's Amended Disclosure.

**B.   Quintara's Fraud Allegations in the Amended Complaint Should Be Stricken.**

Quintara's opposition with regard to its improper fraud allegations misses the mark. When the Court ruled that Quintara's reliance upon the alleged fraud claim was unreasonable and dismissed its claims, that not only disposed of the fraud claim, but also rendered irrelevant Quintara's allegations of the "Oral Loan Agreement," the "Sham Collaboration Agreement," the "Sham Services Contract," the "Sham Lease Switch" and the "Termination of the Oral Loan Agreement." (Dkt. No. 49.)

Quintara tries to resuscitate these facts by claiming they are "background facts" to support its Section 17200[1] claim, Conversion claim, or its prayer for punitive damages claim. Mr. Wang's immigration status and the various "sham" transactions are irrelevant to proving the elements of those claims, particularly after this Court twice concluded that Quintara's reliance was not reasonable (Dkt. No. 28, 49.) As "background" facts, they are rendered irrelevant because Quintara cannot establish its reasonable reliance. Thus, however repackaged, Quintara cannot escape this Court's ruling on its lack of reasonable reliance.

"[W]hen the motion may have the effect of making the trial of the action less complicated, or … streamlining the ultimate resolution of the action, the motion to strike will be well taken." *California ex rel. State Lands Comm'n v. United States*, 512 F. Supp. 36, 38 (N.D. Cal. 1981).

---

[1] Quintara cites *Comm. On Children's Television, Inc. v. Gen. Foods Corp.*, 35 Cal. 3d 197, 211 (1983), and argues that "actual fraud" is not required for a claim under Section 17200, but "only to show that members of the public are likely to be deceived." (Opposition, p. 20:26-28.) This reference is taken out of context and irrelevant. *Comm. On Children's Television* involved a deceptive advertising scheme directed at the public. Here, this is a garden-variety private partnership dispute.

BN 43783158v7     14
**DEFENDANTS' REPLY ISO MOTION TO STRIKE: (1) MISAPPROPRIATION OF TRADE SECRETS CLAIM; AND (2) FRAUD ALLEGATIONS FROM PLAINTIFF'S FIRST AMENDED COMPLAINT; No. 3:20-cv-04808-WHA**

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

Quintara's improper pleading invites irrelevant, time-consuming historical testimony about issues which, as a matter of law, have no legal consequence because this Court concluded its reliance was facially unreasonable, and the alleged misrepresentations were made to Quintara's founders who "are not our plaintiffs." (Dkt. No. 49, p. 3:16-17.)  As a result, Quintara's fraud claim and the irrelevant allegations about the various "sham" business transactions supporting the fraud claim should be stricken under Rule 12(f).

### III.  CONCLUSION

Quintara has had multiple opportunities to disclose its alleged misappropriated trade secrets in compliance with Code of Civil Procedure § 2019.210, after requests from Defendants and an order from the Court.  Quintara chose to ignore these warnings. Quintara also ignored the legal standard, and provided no evidence to explain how its "trade secrets" are distinguishable from matters already known to persons skilled in the field and from the prior art.  Quintara should suffer the same fate as the plaintiff in *JobScience, Inc. v. CVPartners, Inc.*, *supra,* No. C 13-04519 WHA, 2014 WL 1724763.

Quintara's allegations concerning fraud should also be stricken as the Court has already found that Quintara's fraud claim may not proceed.  Given that this Court has already disposed of Quintara's fraud claim, the allegations which support Quintara's dismissed claim are irrelevant, unduly time-consuming, immaterial and impertinent.

DATED:  January 25, 2021

BUCHALTER
A Professional Corporation

By: /s/ Dylan W. Wiseman
DYLAN W. WISEMAN
Attorneys for Defendants and Cross-Complainants RUIFENG BIZTECH INC. and GANGYOU WANG, Defendants ALEX WONG, ALAN LI, RUI SHAO, and RF BIOTECH LLC

BUCHALTER
A Professional Corporation
Sacramento

BN 43783158v7                                  15

**DEFENDANTS' REPLY ISO MOTION TO STRIKE: (1) MISAPPROPRIATION OF TRADE SECRETS CLAIM; AND (2) FRAUD ALLEGATIONS FROM PLAINTIFF'S FIRST AMENDED COMPLAINT; No. 3:20-cv-04808-WHA**