United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTARA BIOSCIENCES, INC., <br> Plaintiff, <br> v. <br> RUIFENG BIZTECH INC., et al., <br> Defendants. | Case No. 20-cv-04808-WHA (AGT) <br><br> **ORDER RE: DISCOVERY DISPUTE** <br> Re: Dkt. Nos. 113, 115 |

As alleged, defendants misappropriated plaintiff's trade secrets (consisting of a customer-profile database and a vendor database) when defendants changed the locks on a shared office space, without plaintiff's consent, and took control of plaintiff's computers.

A fact plaintiff needs to prove to prevail is that the customer-profile and vendor databases were indeed on the computers in question. Discovery on this point has been contentious because defendants possess the computers and have refused to allow plaintiff to access them. Plaintiff, from afar, has tried to describe what the databases consist of and where they're located, but defendants' forensic examiner wasn't able to find the database files plaintiff identified. (Or rather, was only able to find one of more than nine hundred files plaintiff asked defendants to search for.) Plaintiff has now renewed a request for a court order permitting plaintiff to inspect the computers.

The inspection is warranted. This is not a case in which one side is simply seeking to inspect the other side's computers. Plaintiff used the computers in question and may still even be a partial (or outright) owner of them, facts that counsel in favor of a more intrusive search. Also, a less intrusive search was tried, and failed. It's possible, as defendants argue, that the prior search failed because the alleged databases don't exist. It's also possible, however, that defendants renamed or deleted or otherwise modified the database files. Plaintiff may also not remember exactly where the files are located, not because the files don't exist, but because plaintiff (not

unreasonably) didn't make a detailed map of the computers before unexpectedly losing access to the shared office space.

Defendants argue that plaintiff's trade secrets are "shifting and morphing," and that plaintiff is attempting to use discovery to find material it can attach the trade-secret label to. Dkt. 115 at 5. If this is what's happening, defendants will have a strong argument for summary judgment: Judge Alsup has already cautioned against this tactic and has narrowed the trade-secrets claim to the only two trade secrets plaintiff was able to describe with particularity. *See* Dkt. 87. If plaintiff comes forward with *different* trade secrets after discovery, it does so at its own peril. Yet the possibility that this may occur doesn't mean the case should end during discovery. The touchstone at this point is relevance, not success on the merits; and there is good reason to believe that the computers in question contain information relevant to plaintiff's trade-secrets claim.

Defendants have not persuasively articulated why a court-ordered computer inspection would be unduly burdensome. Defendants have imaged many of the computer hard drives and should be able to provide plaintiff with copies, avoiding the need for plaintiff to enter the contested office space or to take possession of the computers. The parties also previously stipulated to a protective order (Dkt. 21, 23), which includes "attorneys' eyes only" provisions that should prevent plaintiff from misusing defendants' competitively sensitive information. Given these factors, the need for the requested discovery is not outweighed by the costs.[1]

Defendants acknowledge that some of the hard drives at issue have not been completely imaged. *See* Dkt. 115-5 at 5. The Court is not convinced that it would be unduly burdensome for defendants to do so. By May 11, 2021, defendants must provide plaintiff with copies of the hard drives that have already been imaged. By May 14, 2021, defendants must provide plaintiff with copies of the hard drives that have yet to be imaged. Once defendants turn over the hard drives, plaintiff must bear the costs needed to search them.

(Plaintiff's motion to seal portions of the parties' joint statement and exhibits to the joint

---

[1] There is some confusion in the record over how many computers are at issue. Plaintiff seeks to inspect twelve computers, while defendants refer to seventeen. *See* Dkt. 115 at 3, 115-5 at 3. To the extent this is a contested issue, the parties must meet and confer to discuss it. The issue is not clearly before the Court at this time.

statement is denied.  Plaintiff hasn't identified any information that warrants sealing.)

**IT IS SO ORDERED.**

Dated: May 6, 2021

_____
ALEX G. TSE
United States Magistrate Judge