UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTARA BIOSCIENCES, INC., <br> Plaintiff, <br> v. <br> RUIFENG BIZTECH INC., et al., <br> Defendants. | Case No. 20-cv-04808-WHA (AGT) <br><br> **ORDER RE: DISCOVERY DISPUTE** <br> Re: Dkt. No. 124[1] |

**A.     Defendants' Special Interrogatories (Set One)**

In Interrogatory Nos. 1, 2, 14 and 15, defendants asked plaintiff to identify the dates on which plaintiff claims that defendants, without authorization, accessed and copied information from plaintiff's vendor and customer-profile databases. Plaintiff, in response, told defendants it couldn't provide these dates because defendants, on March 9, 2020, took control of the computers housing the databases, leaving plaintiff without the means to determine when exactly defendants accessed and copied information from the databases. Defendants now seek a court order that would require plaintiff to amend its responses, to either identify the relevant dates, or to state that it has no facts from which to prove the relevant dates.

Last week, on May 6, 2021, the undersigned ordered defendants to provide plaintiff with imaged copies of the hard drives of the computers that defendants took control of on March 9, 2020. *See* Dkt. 122. Defendants have appealed that order to Judge Alsup. *See* Dkt. 127. If Judge Alsup affirms the May 6 order, plaintiff will gain access to the hard drives, which should allow plaintiff to identify the dates on which defendants accessed and copied information from the

---

[1] One of the disputed topics raised in the Dkt. No. 124 joint statement, the subpoena to nonparty Wenbo Stacy Xu, will be addressed in a separate order.

databases. If Judge Alsup reverses the May 6 order, plaintiff likely won't be able to identify those dates. Until Judge Alsup rules, no further action is required. But within fourteen days of his ruling, plaintiff must supplement its responses to the RFAs in question to reflect either the relevant dates it identified from the hard-drive inspections, or the fact that no such dates could be identified.

**B.     Defendants' Requests for Production (Set Six)**

In RFP Nos. 226, 228, and 229, defendants asked plaintiff to produce seven years' worth of bookkeeping and business-volume records. Plaintiff agreed to produce its business-volume records from 2019 to the present, but not from previous years. Plaintiff separately produced its balance sheets and income statements from 2012 to present. Defendants now seek a court order that would compel plaintiff to produce the remaining responsive documents.

Bookkeeping and business-volume records are relevant to damages. Plaintiff alleges that defendants poached some of its customer accounts, using plaintiff's customer-profile database. The booking and business-volume records from past years may shed light on how valuable those accounts were. (The balance sheets and income statements may also be helpful, but they may not be granular enough to allow for customer-specific analysis.) Seven years' worth of these records, however, is excessive, and plaintiff represents that there could be millions of responsive pages. To strike a balance between the need for this financial information and the burdens of production, the undersigned orders plaintiff to produce its bookkeeping and business-volume records from March 9, 2017, to the present, a little more than four years' worth of records.

**C.     Defendants' Software Inspection Demand**

Although defendants currently possess the computers on which plaintiff's databases are kept, defendants contend that they can't access the databases because they need to use plaintiff's proprietary software to do so, and they don't know how the software works. Defendants seek a court order requiring plaintiff to demonstrate how to use the software to access and utilize the databases.

If plaintiff obtains access to the computer hard drives, and is able to identify the databases in question on the hard drives (the customer-profile and vendor databases), plaintiff will need to

share its findings with defendants. And if there's still an access issue at that point (e.g., if defendants can't view what plaintiff can view, because defendants don't know how to use plaintiff's software), then an inspection may be warranted. For now, however, plaintiff doesn't have access to the hard drives. At least until Judge Alsup resolves defendants' appeal of the undersigned's hard-drive inspection order, plaintiff need not comply with defendants' inspection demand.

\* \* \*

Plaintiff must supplement its responses to RFP Nos. 226, 228, and 229, in compliance with the instructions given above, by May 21, 2021, and must amend its responses to Interrogatory Nos. 1, 2, 14 and 15, within fourteen days of Judge Alsup's ruling on the appeal from the hard-drive inspection order. The undersigned is mindful that Judge Alsup has set today, May 14, as the fact-discovery cutoff. This order doesn't permit new discovery; it directs plaintiff to amend and supplement timely responses to timely discovery requests.

**IT IS SO ORDERED.**

Dated: May 14, 2021

ALEX G. TSE
United States Magistrate Judge