UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTARA BIOSCIENCES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>RUIFENG BIZTECH INC., et al.,<br><br>Defendants. | Case No. 20-cv-04808-WHA (AGT)<br><br>**ORDER RE: DISCOVERY DISPUTE**<br><br>Re: Dkt. Nos. 124, 126 |

Defendants have moved to quash subpoenas served by plaintiff on five nonparties.[1] The subpoenas demand that the nonparties testify at depositions and bring with them certain categories of documents. Defendants argue that the subpoenas are overbroad and "trample over" Judge Alsup's March 13 order, in which he stayed all claims except for plaintiff's trade-secrets claim, and in which he narrowed that claim to two alleged trade secrets. Dkt. 126 at 1 (citing Dkt. 87).

The Court agrees with defendants that, as written, the subpoenas are overbroad. The subpoenas seek broad categories of documents, without temporal or meaningful subject-matter limits. Because the subpoenas, as written, are overbroad, the Court orders the parties to meet and confer about date and subject-matter parameters for the requests. If the parties are unable to reach an agreement, they may file a supplemental joint statement. The fact discovery cutoff is today, May 14, but the undersigned will consider a supplemental joint statement to be timely if filed by May 21, 2021. *Cf.* Civ. L.R. 37-3 (stating that motions to compel may be filed up to seven days after the fact-discovery cutoff).

Although the Court agrees that the subpoenas are overbroad, defendants' "trampling" argument has become a common refrain, and it isn't persuasive. Just because Judge Alsup

---

[1] The nonparties are Yi Chen, Charles & Associates, Dehua Zhao, Hailong Jiao, and Wenbo Stacy Xu.

narrowed the trade-secrets claim, and stayed the remaining claims, doesn't mean discovery is now limited to documents and testimony specifically about the content and use of the remaining trade secrets. Plaintiff must prove not only that the alleged trade secrets (a customer-profile database and a vendor database) are in fact trade secrets, but also that defendants misappropriated them. To do so, plaintiff likely will need to introduce evidence about the sham business partnership that the parties allegedly had and about how that partnership fell apart. Without that context, plaintiff may struggle to establish that defendants wrongfully took possession of the trade secrets in question. Discovery related to misappropriation is relevant, and the subpoenaed nonparties may be sources of that discovery. Plaintiff's subpoenas are overbroad, but they do not "trample over" Judge Alsup's March 13 order.

**IT IS SO ORDERED.**

Dated: May 14, 2021

ALEX G. TSE
United States Magistrate Judge