UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTARA BIOSCIENCES, INC., <br><br> Plaintiff, <br><br> v. <br><br> RUIFENG BIZTECH INC., et al., <br><br> Defendants. | Case No. 20-cv-04808-WHA (AGT) <br><br> **ORDER RE: DISCOVERY DISPUTE** <br><br> Re: Dkt. No. 125 |

**A.     Defendants' Requests for Admission (Set One)**

Defendants argue that plaintiff provided evasive, non-compliant responses to seven requests for admission (RFA Nos. 1, 3, 4, 7, 9, 10 and 18). Five of those requests (all but Nos. 3 and 9) asked plaintiff to admit that certain documents attached to the RFAs were true and correct copies of the originals. With one exception (RFA No. 10), plaintiff responded that it couldn't admit or deny, because plaintiff didn't possess the original documents. *See* Dkt. 125-1. Defendants offered plaintiff the opportunity to inspect the originals at counsel's San Francisco office, but plaintiff declined.

Litigants may use RFAs to authenticate documents, and the party seeking authentication may "furnish[] or [make] available for inspection and copying" the documents in question. Fed. R. Civ. P. 36(a)(2). Defendants did so here, making the originals available for plaintiff to inspect. Since the originals are available, plaintiff may not refuse to admit or deny the RFAs based on lack of knowledge. Plaintiff can "readily obtain" the original documents. Fed. R. Civ. P 36(a)(4). Plaintiff must inspect the originals and amend its responses to admit or deny RFA Nos. 1, 4, 7, and 18.

As for RFA No. 10, that request similarly asked plaintiff to admit or deny that the version of a document attached to the RFAs was a true and correct copy of the original. For this RFA,

plaintiff responded with a qualified admission, admitting that the document was indeed a true and correct copy of the original, but qualifying that the document "was not created by Mr. Shan, it was drafted by G. Wang's immigration attorney for the purpose of assisting G. Wang's immigration application." Dkt. 125-1 at 6. Plaintiff's qualification was nonresponsive to the RFA; the qualification had nothing to do with the question of whether the document was authentic. Plaintiff must amend its response to remove the qualification.

As for RFA Nos. 3 and 9, those requests asked plaintiff to admit or deny that Qun Shan and Richard Shan signed particular documents, copies of which were included with the RFAs. Plaintiff responded that it was unable to admit or deny these RFAs, because plaintiff never possessed the original documents and had no record of the documents being signed. As with the other targeted documents, defendants have agreed to make the originals available for inspection. That inspection should provide plaintiff with the information needed to admit or deny whether Qun Shan and Richard Shan signed the documents. Plaintiff must inspect the originals and then amend its responses to admit or deny RFA Nos. 3 and 9.

**B.     Defendants' Requests for Production (Set Four)**

Defendants asked plaintiff to produce all of its contracts and agreements with the vendors and customers listed in its vendor and customer-profile databases. (RFP Nos. 177, 178, 180, and 181.) Defendants also asked plaintiff to produce all communications that plaintiff had with the customers listed in its customer-profile database, from 2007 to present. (RFP No. 182.) Plaintiff hasn't produced the requested documents. Plaintiff asserts that the documents are duplicative of "the information in the two databases," which plaintiff already produced. Dkt. 125 at 4.

Plaintiff's objection is unpersuasive. Just because information captured in the databases may also be reflected in plaintiff's contracts and agreements doesn't mean that the contracts and agreements cannot serve an independent and useful purpose in discovery. Defendants may want to confirm the accuracy of the databases (which are the asserted trade secrets in the case), and one way to do so would be to cross reference the database entries against the contracts and agreements. Defendants may also want to confirm whether plaintiff used its customer-profile database in "communication with customers," as plaintiff asserts that it did. Dkt. 87 at 3.

The requested contracts, agreements, and communications are relevant. But to strike a balance between the need for this discovery and the potential burden of production, the Court will require plaintiff to produce responsive documents and communications dated only from March 9, 2018, to March 9, 2020. The latter date is when defendants allegedly misappropriated the two databases. Two years of pre-misappropriation discovery should be enough to provide defendants with the information needed to confirm if plaintiff used its customer-profile and vendor databases in the ways plaintiff has represented that it did.

C. **Defendants' Request for Production of Documents (Set Five)**

In RFP No. 190, defendants asked plaintiff to produce a copy of the customer database that plaintiff described in its amended trade secret disclosures. Plaintiff responded that its customer database is "part of [its] customer *profile* database," and that it "produced the customer database, as part of its production of the customer profile database." Dkt. 125 at 4 (emphasis added). Defendants now request an order requiring plaintiff to separately produce the customer database.

A party must produce documents "as they are kept in the usual course of business." Fed. R. Civ. P. 34(b)(2)(E)(i). Here, plaintiff represents that in the usual course of business, it maintained its customer database as part of its customer-profile database. Given this representation, the Court will not require plaintiff to separately produce its customer database. Plaintiff has already produced that database in the form in which it is kept.

\* \* \*

Plaintiff must amend its RFAs and supplement its RFPs, as required above, by May 21, 2021. The undersigned is mindful that Judge Alsup has set today, May 14, as the fact-discovery cutoff. But this order doesn't permit new discovery; it directs plaintiff to amend and supplement timely responses to timely discovery requests.

**IT IS SO ORDERED.**

Dated: May 14, 2021

ALEX G. TSE
United States Magistrate Judge