# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTARA BIOSCIENCES, INC., <br>     Plaintiff, <br> v. <br> RUIFENG BIZTECH INC., et al., <br>     Defendants. | No. C 20-04808 <br><br> **RESPONSE BY DISTRICT COURT TO MANDAMUS PETITION** |

Our Court of Appeals has invited a response to the issues presented in Quintara Biosciences, Inc.'s petition for a writ of mandamus regarding discovery procedures used in trade secret cases before the undersigned judge. Two points are worth discussing.

*First*, trade secret cases are especially susceptible to pleading chicanery. Experience has shown that it is all too easy for a plaintiff to allege trade secrets with calculated vagueness, then use discovery to redefine the trade secrets to be whatever is found in defendant's files. To ensure fair and efficient resolution of disputes, courts have a distinct interest in preventing parties from taking a shifting-sands approach to trade secret claims. California has addressed this recurring problem statutorily with Section 2019.210 of the California Code of Civil Procedure.

Section 2019.210 requires the party alleging misappropriation to identify trade secrets with reasonable particularity before conducting discovery. As California state courts have

noted, Section 2019.210 addresses many of the problems that arise from nonspecific identification of trade secrets:

> First, it promotes well-investigated claims and dissuades the filing of meritless trade secret complaints. Second, it prevents plaintiffs from using the discovery process as a means to obtain the defendant's trade secrets. Third, the rule assists the court in framing the appropriate scope of discovery and in determining whether plaintiff's discovery requests fall within that scope. Fourth, it enables defendants to form complete and well-reasoned defenses, ensuring that they need not wait until the eve of trial to effectively defend against charges of trade secret misappropriation.

*Advanced Modular Sputtering, Inc. v. Sup. Ct.*, 132 Cal. App. 4th 826, 833–34 (Cal Ct. App. 2005). While by no means a cure-all, Section 2019.210 ultimately aims to fix practical problems with trade secret litigation prior to discovery, to the benefit of both the parties and the trial court.

*Second*, the undersigned usually applies a procedure akin to Section 2019.210 in trade secret cases, including in the *Quintara* action, in accordance with a district court's inherent case-management authority. No. C 20-04808 WHA, Dkt. No. 87, at 2–3. A district court has inherent authority to manage discovery, which empowers it to set certain conditions on the parties before permitting discovery.

This circuit court and the Supreme Court have recognized a district court's discretionary right to manage its docket by sanctioning parties unable to abide by requirements imposed on discovery (or any other phase of litigation). *See Dietz v. Bouldin*, 136 S. Ct. 1885, 1891–92 (2016); *Jeff D. v. Otter*, 643 F.3d 278, 289 (9th Cir. 2011); *Yusov v. Yusuf*, 892 F.2d 784, 787 (9th Cir. 1989); *see also* FRCP 12(f), 37(b).

Pursuant to a district court's discretionary power, the undersigned judge crafted a case management procedure aligned with Section 2019.210 requiring trade secret claimants to submit a statement particularizing the alleged secrets at issue prior to continuing on to discovery. To achieve the stated benefits of this procedure, the undersigned may enforce the requirement by striking those allegations from the pleadings if claimants fail to reasonably articulate their trade secrets allegations as ordered. Substantively, this practice aligns with this circuit court's holding that Section 2019.210 standards can apply in federal trade secret

litigation. *See InteliClear, LLC v. ETC Global Holdings., Inc.*, 978 F.3d 653, 657–58, 658 n. 1 (9th Cir. 2020). In sum, using a trade secret procedure based in part on Section 2019.210 is an important tool in preserving fair and efficient litigation in the district courts.

Dated: May 27, 2021

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE