1

2

3            UNITED STATES DISTRICT COURT

4            NORTHERN DISTRICT OF CALIFORNIA

5

6    QUINTARA BIOSCIENCES, INC.,              Case No.  20-cv-04808-WHA (AGT)

7                   Plaintiff,

8            v.                               **ORDER RE: DISCOVERY DISPUTES**

                                              Re: Dkt. Nos. 133, 134, 137
9    RUIFENG BIZTECH INC., et al.,

10                  Defendants.

11          1. The individual defendants must search for and produce personal emails, text messages,

12   and WeChat messages that are responsive to plaintiff's requests for production of documents

13   (RFPs).  Messages on these platforms come within the RFPs' definition of "communications."

14   *See, e.g.*, Dkt. 133-1 at 6 (defining "communications" as "every manner or method of . . .

15   exchange of information, whether orally, electronically or by document, and whether face to face

16   or by telephone, mail, facsimile, E-mail, Internet communication, or otherwise").  Defendants,

17   meanwhile, haven't shown that the burden or expense of searching these platforms outweighs the

18   expected benefit.  Defendants must complete this search and production by June 18, 2021.

19          Defendants need not produce the personal emails, texts, or WeChat messages of Christine

20   Chen.  She is a nonparty, and plaintiff hasn't established that defendants have a legal right to

21   access and obtain information from her personal accounts.

22          2. Plaintiff may re-depose Alex Wong, Alan Li, Rui Shao, Christine Chen, and Gangyou

23   Wang, each for an additional ninety minutes.  During their depositions, defense counsel made

24   improper speaking objections and instructed the witnesses not to answer questions, without a legal

25   basis for doing so.  The questions asked by plaintiff's counsel were not harassing, as defense

26   counsel suggests.  If counsel continues to make speaking objections and prevents witnesses from

27   answering, sanctions may be warranted.  The follow-on depositions must take place by June 25,

28   2021.

*United States District Court*
*Northern District of California*

3. Defendants must produce all documents in their custody and control responsive to plaintiff's Set Four, RFP Nos. 65–67, 80, 82, and 88.  These RFPs seek relevant information, and defendants haven't persuaded the Court that the burden or expense of production outweighs the expected benefit.  Defendants need not produce documents responsive to plaintiff's Set Four, RFP Nos. 47, 49, 74, or 75.  Plaintiff hasn't convinced the Court that these requests seek relevant information that is proportional to the needs of the case.  Defendants must comply with this paragraph by June 18, 2021.

4. Defendants need not permit plaintiff to inspect the parties' former shared office.  The inspection isn't necessary and would likely be intrusive.

5. Defendants must produce Ruifeng Biztech Inc.'s annual profit and loss statement, asset list, balance sheet, and tax returns, from 2014 to 2021.  Defendants' proposed cutoff year for these financial documents, 2017, isn't warranted.  As alleged, the sham partnership between plaintiff and Ruifeng Biztech started in 2013 or 2014, making the larger time span relevant.  Defendants must comply with this paragraph by June 18, 2021.

6. The Court denies plaintiff's requests for sanctions.  Each side will bear its own costs.

**IT IS SO ORDERED.**

Dated: June 9, 2021

ALEX G. TSE
United States Magistrate Judge

United States District Court
Northern District of California

2