UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTARA BIOSCIENCES, INC., <br><br> Plaintiff, <br><br> v. <br><br> RUIFENG BIZTECH INC., et al., <br><br> Defendants. | No. C 20-04808 WHA <br><br> **ORDER DENYING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND FOR TERMINATING SANCTIONS** |

    In this acrimonious dispute between former business partners, defendants move for summary judgment and for terminating sanctions (Dkt. Nos. 141, 163). Based on evidence submitted by plaintiff Quintara Biosciences, Inc., some of which the undersigned inspected during in-person oral argument, this order finds there is sufficient evidence of misappropriation of Quintara's alleged trade secrets to deny defendants' motions.

    Summary judgment is appropriate if there is no genuine dispute of material fact, those facts that may affect the outcome of the suit. "[T]he substantive law's identification of which facts are critical and which facts are irrelevant . . . governs." A genuine dispute contains sufficient evidence such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248–49 (1986).

    At the hearing and in their briefing, defendants anchored their argument in a list of documents Quintara had provided to defendants pursuant to an April 2020 order issued by Magistrate Judge Tse. In an effort to resolve the disputes surrounding document productions

related to the trade secrets at issue, Judge Tse's order required Quintara to provide a statement describing the kind of trade secret information to be found on computers in defendants' possession. As Judge Tse mandated, "[t]he more specifics plaintiff can provide, the better" (Opp. 10–11; Dkt. No. 109). On April 21, Quintara complied and sent defendants a declaration from Dr. Zhao as well as a revised list of documents (organized by bates number) that comprised the database trade secrets (Wiseman Decl. Exh. H, Dkt. No. 165-10).

At the hearing on the motion for summary judgment, defense counsel stated that defendants' forensic expert had not found any relevant documents from Quintara's April 21 list on defendants' computers, with the sole exception of one file ("process_orders.xlsx") that had not been modified since January 27, 2020, which was before the lockout and dispute (Wiseman Decl. Exh. M at 6–7). That statement proved to be misleading as argument developed as defense counsel was eventually forced to admit that defendants last *accessed* the document January 23, 2021 — more than six months after the dispute arose (Opp. 16). Candor up front would have saved a lot of time at the hearing. Moreover, Quintara identified a *second* document in their briefing and at the hearing ("Dec-Feb 2020 Customer list.xlsx") also found in both Quintara and defendants' files (Opp. 14). In light of the content of these two documents, which the undersigned had the opportunity to review at the hearing, and the existence of some evidence suggesting misappropriation, material factual disputes remain. Defendants' motions for summary judgment and for terminating sanctions are **DENIED**.

**IT IS SO ORDERED.**

Dated: August 11, 2021

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE