UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

QUINTARA BIOSCIENCES, INC.,

    Plaintiff,

v.

RUIFENG BIZTECH INC., et al.,

    Defendants.

No. C 20-04808 WHA

**ORDER RE DEFENDANTS' MOTION TO EXCLUDE TESTIMONY OF TOMO KIMURA**

    In this trade-secret dispute, the parties' business partnership imploded, resulting in an alleged midnight lockout and illicit takeover of plaintiff Quintara Biosciences, Inc.'s lab equipment and data. Defendants continue the barrage of motions in this dispute, and request exclusion of Quintara's CFO and non-retained expert witness on damages, Tomo Kimura.

    Rule 26 governs the disclosure of expert witnesses and identifies two types of expert who may present opinions at trial, retained and non-retained. A retained expert "is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Those who qualify as retained experts must provide a detailed written report of their opinions. As amended in 2010, Rule 26 requires a non-retained witness disclosure to simply provide "(i) the subject matter on which the witness is expected to present evidence . . . and (ii) a summary of the facts and opinions to which the witness is expected to testify." The prototypical example of a non-retained witness

1   is the treating physician, the percipient witness who testifies on opinions formed during the

2   course of rendered treatment. *See In re Glumetza Antitrust Litig.*, No.  C 19-05822 WHA,

3   2021 WL 1817092 at *11 (N.D. Cal. May 6, 2021).

4       This order starts with the straight-forward proposition that the plain language of Rule 26

5   does not mandate CFO Kimura to provide a written report.  There is no dispute that his duties

6   at Quintara do not regularly involve giving expert testimony.  A non-retained expert such as a

7   CFO could permissibly testify on damages because they may have opinions based upon their

8   experience a jury would find helpful.   We will revisit this at the end of the order in a limited

9   way.

10      CFO Kimura is not qualified to opine on a reasonably royalty.  On May 14, 2021,

11  Quintara timely disclosed CFO Kimura as a non-retained damages expert who would opine on:

12  lost profits, unjust enrichment, a reasonably royalty, and injunctive relief (Wiseman Decl. Exh.

13  2 at 1).  But CFO Kimura has never calculated a reasonable royalty (Kimura Tr. 164, Wiseman

14  Decl. Exh. 3).  And in his deposition, CFO Kimura explained that he developed his

15  understanding of a reasonably royalty from "just some article from Google, yeah.  It's a – what

16  does it mean for the damages royalty rate.  You know, how to establish.  It's just a couple

17  people publish on the Google, yeah" (*id.* at 10–11).  Granting all leeway to CFO Kimura, the

18  deposition transcript also suggests he referenced *TWM Manufacturing Co. v. Dura*, 789 F.2d

19  895 (Fed. Cir. 1986) as a source for his understanding of a reasonable royalty (*ibid.*).

20  Nevertheless, this order finds CFO Kimura plainly lacks any specialized knowledge on

21  reasonable royalties, and thus will not permit him to testify on the subject at trial.  *See* FRE

22  702.

23      CFO Kimura may testify, within reason — and anchored to his actual job description —

24  regarding the lost profit for each sale made by defendant for customers present in the trade

25  secret databases (as proven at trial).  However, Rule 26(a)(2)(C) allows the district judge to

26  order a non-retained expert to provide a written report.  In this case, this order finds that such a

27  written report will promote the efficient use of time at trial.

28

All documents relevant to the calculation of lost profits shall be provided to CFO Kimura so he can perform a proper analysis and compose the requisite report. Any privacy objection is **OVERRULED**. There is no trade secret value to the mere fact that defendant Ruifeng Biztech Inc. sold certain goods to certain customers at certain prices given that they were previously customers of Quintara. Quintara and its counsel shall only use these documents for the sole purpose of preparing CFO Kimura's report and not for any competitive purpose. The attorney's eyes only designation is **OVERRULED** with respect to these invoices. To be clear, the report shall not address reasonably royalties and is limited to lost profits and, to the extent his expertise permits, unjust enrichment and injunctive relief. This order crafts these limitations without prejudice to specific objections to specific testimony at trial.

Accordingly:

1. Defendants must provide all relevant documents by **SEPTEMBER 9, 2021**.
2. CFO Kimura's report is due by **SEPTEMBER 30, 2021**.
3. Defendants' deposition of CFO Kimura must occur by **OCTOBER 14, 2021**.
4. Any opposing/rebuttal expert report is due by **NOVEMBER 1, 2021**.
5. The deposition of the opposing/rebuttal expert (if any) must occur by **NOVEMBER 15, 2021**.

In order to give counsel time to carry out these obligations, trial in this matter is postponed from September 27, 2021 to **DECEMBER 6, 2021**, with the final pretrial conference now scheduled for **DECEMBER 1, 2021**.

**IT IS SO ORDERED.**

Dated: August 26, 2021

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3