UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

QUINTARA BIOSCIENCES, INC.,

    Plaintiff,

v.

RUIFENG BIZTECH INC., et al.,

    Defendants.

No. C 20-04808 WHA

**ORDER GRANTING APPLICATION FOR DETERMINATION OF GOOD FAITH SETTLEMENT**

## INTRODUCTION

In this action for misappropriation of trade secrets, two defendants move for a good faith settlement determination. No parties oppose. For the reasons set forth herein, the motion is **GRANTED**.

## STATEMENT

The facts of our case are well known and described in several other orders. We need not cover those details here. In brief, defendants Rui Shao and Alex Wong were previously employed by plaintiff Quintara Biosciences, Inc. before leaving for jobs with defendant Ruifeng Biztech Inc. Quintara filed this action after defendants, led by Ruifeng's CEO, defendant Gangyou Wang, allegedly misappropriated several Quintara trade secrets when they coopted Quintara's laboratory and the equipment therein. The trade secrets still pending in this litigation relate to Quintara's customer profile database and vendor database.

Shao and Wong appear to have had little involvement with the activities at issue here. Shao has not worked at Ruifeng since January 2021, which employed him as a low-level technician primarily charged with loading the DNA sequencing machine and working the nightshift filling orders (Shao Tr. 41, Wiseman Decl. Exh. C). Shao has declared he had no contact with vendors or customers and was unaware of the alleged trade secrets (Dkt. No. 163-3 at ¶¶ 10–11). Wong oversaw day-to-day sequencing operations as a lab manager for Quintara prior to and at the time of the alleged misappropriation (Wong Tr. 35, Wiseman Decl. Exh. E). Wong also declared that he had no knowledge of Quintara's alleged trade secrets (Dkt. No. 163-5 at ¶¶ 10–11).

In October 2021, more than a year into litigation, Shao and Wong executed a settlement agreement and mutual general release with Quintara. An order dated November 1, 2021, adopted Quintara, Shao and Wong's stipulated entry of judgment subject to their settlement agreement (Dkt. No. 237). The settlement agreement required Shao and Wong to pay Quintara $1,000 each (without admitting any wrongdoing or liability), and to testify truthfully at trial in both this litigation and the corresponding state action if called as witnesses. In return, Quintara dismissed this action and the state action against Shao and Wong (Wiseman Decl. Exh. A). Quintara filed a notice of satisfaction of judgment on November 12, 2021 (Dkt. No. 245).

Shao and Wong now move for a good faith settlement determination.

## ANALYSIS

Section 877.6(c) of the California Code Civil Procedure states that a finding of good faith settlement "bar[s] any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." While the settlement does not discharge any other party from liability, unless its terms so provide, "it shall reduce the claims against the others in the amount stipulated by the release, the dismissal or the covenant, or in the amount of the consideration paid for it, whichever is the greater." Cal Code Civ. Proc. § 877.

1    The legislative objectives animating Section 877.6 "include both the encouragement of
2 settlement and the equitable allocation of costs among multiple tortfeasors." *Tech-Bilt, Inc. v.*
3 *Woodward-Clyde & Assocs.*, 38 Cal. 3d 488, 498–99 (1985). To put those principles into
4 practice, courts consider a number of factors including:

> a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability, the amount paid in settlement . . . and a recognition that a settlor should pay less in settlement than he would if he were found liable after a trial. Other relevant considerations include the financial conditions and insurance policy limits of settling defendants, as well as the existence of collusion, fraud, or tortious conduct aimed to injure the interests of nonsettling defendants.

*Ibid.* Judges are not expected to be able to estimate an appropriate settlement amount with precision, but must avoid settlements that are "grossly disproportionate" to the defendants' share of liability. *Ibid.*; *see also West v. Sup. Ct.*, 27 Cal. App. 4th 1625, 1635 (Cal. Ct. App. 1994).

The party applying for a good faith settlement determination is required to give notice of its application to all other parties and to the court. Cal Civ. Proc. Code § 877.6(a). "A settling tortfeasor's section 877.6, subdivision (c) good faith settlement determination discharges indemnity claims by other tortfeasors, whether or not named as parties, so long as the other tortfeasors were given notice and an opportunity to be heard." *Gackstetter v. Frawley*, 135 Cal. App. 4th 1257, 1273 (Cal. Ct. App. 2006). "Once there is a showing made by the settlor of the settlement, the burden of proof on the issue of good faith shifts to the nonsettlor who asserts that the settlement was not made in good faith." *City of Grand Terrace v. Sup. Ct.*, 192 Cal. App. 3d 1251, 1261 (Cal. Ct. App. 1987). A party asserting that the settlement was not made in good faith bears the burden of proving that the settlement is "so far out of the ballpark in relation to the [*Tech-Bilt*] factors as to be inconsistent with the equitable objectives of [Section 877.6]." *Tech-Bilt*, 38 Cal. 3d at 499–500.

This order finds Shao and Wong have carried their burden in proving the existence of the settlement. They filed their settlement on the public docket and all parties appeared at the properly noticed hearing on the instant motion. A contested motion must address the *Tech-Bilt*

3

factors, but an unopposed motion is not subject to that requirement: "Only when the good faith nature of a settlement is disputed, it is incumbent upon the trial court to consider and weigh the *Tech–Bilt* factors." *City of Grand Terrace v. Superior Court*, 192 Cal.App.3d 1251, 1261 (1987); *see also Tech–Bilt*, 38 Cal.3d at 499; *Michell v. United States*, No. C 09-0387 BTM (JMA), 2011 WL 3903220, at *3 (S.D. Cal. Sept. 6, 2011) (Judge Barry T. Moskowitz). Here, no parties filed an opposition nor objected at the hearing to the motion. Accordingly, this order deems it unnecessary to review the *Tech-Bilt* factors.

The *Tech-Bilt* factors, even if they did apply, clearly support the settlement. There is no indication of unlawful collusion, fraud, or tortious conduct aimed at injuring the interests of the non-settling defendants. The respective financial conditions of the settling defendants rank as modest, which also weighs in favor of settlement. The settlors' proportionate liability in this action are also marginal at best, which indicates the $1000 settlement payments are satisfactory. In sum, this order finds the settlement between Quintara, Shao and Wong made in good faith.

## CONCLUSION

For the foregoing reasons, defendants Wong and Shao's motion for a good faith settlement determination is **GRANTED** as to all parties given timely notice of this motion and an opportunity to appear. All claims for contribution, indemnity, or claims otherwise barred under California Code of Civil Procedure Sections 877 and 877.6 are **BARRED** as to Rui Shao and Alex Wong.

**IT IS SO ORDERED.**

Dated: December 16, 2021.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4