UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

QUINTARA BIOSCIENCES, INC.,

    Plaintiff,

  v.

RUIFENG BIZTECH INC., et al.,

    Defendants.

No. C 20-04808 WHA

**ORDER DENYING MOTION TO VACATE OR AMEND THE STIPULATED PROTECTIVE ORDER**

    More than a year into this litigation, with trial imminent, defendants move to either vacate or amend the stipulated protective order for this action.

    In September 2020, all parties herein jointly stipulated to a protective order (SPO, Dkt. No. 21). An order dated September 17, 2020, adopted that stipulated protective order with conditions, warning the parties of unnecessarily broad sealing requests and that confidential materials used in open court would not be treated in any special manner (Dkt. No. 23). The parties litigated pursuant to the protective order without issue until November 2021, when new counsel for defendants Ruifeng Biztech Inc., RF Biotech LLC, Gangyou Wang, and Alan Li filed the instant motion. As of yet, new defense counsel has not signed the protective order's Acknowledgement and Agreement to Be Bound, and thus has not reviewed any documents in this trade secret litigation designated confidential (*see* SPO Exh. A).

    District courts have extensive control over the discovery process and protective orders. *United States v. Columbia Broadcasting Sys.*, 666 F.2d 364, 369 (9th Cir. 1982). A district court may, for good cause, issue a protective order. Decisions to modify are subject to the court's discretion. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 472 (9th Cir. 1992).

This order finds defendants' motion borderline incomprehensible. The motion lacks an understanding of the purpose and function of protective orders in federal court. Defendants assert:

> To further this unlawful action, Plaintiff QUINTARA filed a blanket protective order lacking designations and qualifications from Defendants with *carte blanche* authority to withhold from the Court, Jury, and the Defendants discoverable and admissible evidence, at times, publicly accessible and available

(Br. 5, emphasis in original). As an initial matter, defendants seek to blame Quintara here, but the parties jointly stipulated to the protective order adopted in this action. In fact, it was defendants who actually filed the joint stipulation on the docket.

More to the point, the protective order does not function in the way defendants describe it. Under Rule 26(c), protective orders serve the exact function one would expect: protect the parties and witnesses in view of the expansive discovery rights authorized by Rule 26(b). *See Columbia Broadcasting*, 666 F.2d at 368–69. To that end, our protective order prevents disclosure and use of documents and information *outside* of this litigation (SPO ¶ 7.1). Within the litigation, protective orders may implement guidelines for internal review to further protect the producing party, *e.g.*, attorney's eyes-only designations, but ultimately do not limit use of those documents in the action (*id.* at ¶ 2.7).

District courts may fashion protective orders to fit the needs of the case. "Blanket" or "umbrella" protective orders, like the one at issue here, "provide that all assertedly confidential material disclosed . . . is presumptively protected unless challenged." Manual for Complex Litigation, Fourth, § 11.432 (2021); *see also* Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure §§ 2035–36 (3d ed. 2021). Umbrella protective orders do not, as defendants assert, give parties "*carte blanche*" authority to withhold information from other parties or the Court. Umbrella protective orders are common facets of modern civil litigation, especially when the volume of potentially protected materials is large. Indeed, our district offers pre-approved model umbrella protective orders for standard civil cases and patent and trade-secret cases. *See* www.cand.uscourts.gov/forms/model-protective-orders (last viewed

Dec. 16, 2021). The parties' protective order cribbed most of its language from our model protective order.

To support their argument the protective order is untenable, defendants cite our court of appeals' decision in *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130–31 (9th Cir. 2003), which stated: "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz*, however, held the district court "had abused its discretion in denying a motion to unseal judicial records" when the objecting party merely relied on the protective order's confidentiality designations. *See Perry v. Brown*, 667 F.3d 1078, 1086 (9th Cir. 2012) (discussing *Foltz*). Defendants have not challenged any document designations here, nor have they moved to unseal any judicial records. They instead challenge the permissibility of an umbrella protective order in the first place. And *Foltz* did not find umbrella protective orders impermissible. Quite the opposite in fact. *Foltz* stated the district court's issuance of a blanket protective order was "understandable" given the "onerous burden document review entails." *Foltz*, 331 F.3d at 1131. Umbrella protective order expedite production, reduce costs, and avoid burdening the Court with document-by-document review. This is a trade secret case. Among others, the parties have briefed motions for a preliminary injunction, to dismiss, to strike the operative complaint, and for partial summary judgment (Dkt. Nos. 19, 28, 87, 199). The Court is well aware of how voluminous the documents are in this action, confidential or otherwise.

Next, to be clear, publicly accessible information will ultimately not be sealed if it is filed on the docket. Documents designated confidential will not necessarily be sealed either. This order emphasizes the critical difference between the showing required to obtain a protective order authorizing confidentiality during discovery and the one needed to maintain documents and information under seal that are part of the judicial record. *See* Wright & Miller, *supra*, at § 2035. The protective order permits a party to designate documents exchanged in discovery as confidential subject to the other side's challenge (SPO ¶ 6). But once any documents or information becomes part of the judicial record, the party that wishes to keep that information

non-public must comply with Civil Local Rule 79-5 and seek a sealing order. This is also explicitly contemplated by the parties' protective order (*id.* at ¶ 12.3).

Defendants, on this issue, cite *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). Note, *Kamakana* is the same case the order approving the parties' protective order highlighted (Dkt. No. 23). *Kamakana* addressed the standard for sealing documents once filed on the judicial record, it did not address documents and information not filed on the judicial record. *Kamakana*, 447 F.3d at 1176. *Kamakana* also highlighted the higher standard for sealing material related to dispositive motions like summary judgment and information presented at trial — compelling reasons rather than merely good cause. *See id.* at 1178–79.

Defendants also argue the confidentiality categories are deficient, but that contention also lacks merit. Defendants take issue with the protective order's definition of "confidential," but it derived that definition from our district's model order. The "highly confidential — attorneys' eyes only" designation also ranks as standard.

The motion to vacate or for leave to amend is **DENIED**, without prejudice to a separate motion challenging the designation of documents defendants believe wrongly designated (after a genuine meet-and-confer). New defense counsel has stepped into the shoes of previous counsel. Defense counsel and her clients are subject to the protective order with or without counsel's signature on the Acknowledgement and Agreement to Be Bound.

**IT IS SO ORDERED.**

Dated: December 17, 2021.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE