RESHMA KAMATH

Reshma Kamath, Cal. Bar No. 333800
Phone: 650 257 0719 | Fax: 833-233-1327 |
E-mail: reshmakamath2021@gmail.com |
Address: 1968 S. Coast Hwy #1850, Laguna Beach, CA 92651;
P.O. Box 2792, Yuma, AZ 85366

Counsel for Defendants RUIFENG BIZTECH INC.,
GANGYOU WANG, ALAN LI, and RF BIOTECH LLC

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTARA BIOSCIENCES, INC., a California corporation,<br>Plaintiff,<br>vs.<br><br>RUIFENG BIZTECH INC., a California corporation, GANGYOU WANG, an individual, ALEX WONG, an individual, ALAN LI, an individual, RUI SHAO, an individual, and RF BIOTECH LLC, a California limited liability company,<br>Defendants.<br><br>RUIFENG BIZTECH INC., a California corporation and GANGYOU WANG, an individual;<br>　　　　Counter-Claimants,<br>　　vs.<br>QUINTARA BIOSCIENCES, INC., a California corporation, RICHARD SHAN, an individual and XUELING ZHAO, an individual;<br><br>　　　　Counter-Defendants. | Case No.: 3:20-cv-04808-WHA<br><br>[*Assigned to Hon. Judge William Alsup*]<br><br><br>Undersigned counsel's Motion for leave to bypass the vaccination order of this Court for the jury trial tentatively scheduled for February 14, 2022 |

# MEMORANDUM OF POINTS & AUTHORITIES

I.  MASK MANDATES AND SOCIAL-DISTANCING COVID-19 PROTOCOL REMAIN ADEQUATE PREVENTATIVE MEASURES TO CURB THE SPREAD OF THE VIRUS IN THE COURTROOM

The COVID-19 virus spreads via airborne transmission. In public health, social distancing, also called physical distancing, is a set of <u>non-pharmaceutical</u> interventions or measures intended to prevent the spread of a contagious disease by maintaining a physical distance between people and reducing the number of times people come into close contact with each other. It usually involves keeping a certain distance from others and avoiding gathering together in large groups.

Undersigned counsel believes in her words that the water vapor, droplets, and spittoons from the mouth and nose cavities of a COVID-19 infected individual are best prevented via effective mask wearing, more than one is the ideal for preventing inhalation of infected viruses in the air, and exhalation of infected air and liquid from the infected person's body. Thus, ventilation and masks – in addition to near-to-complete isolation – are most effective than those individuals who only get vaccinated and roam freely about in holiday gatherings and crowded public places.

II. THE NORTHERN DISTRICT OF CALIFORNIA'S ORDERS MANDATES MASK, AND SOCIAL-DISTANCING REQUIREMENTS IN THE FEDERAL COURT BUILDING

The vaccination requirement is this Court's arbitrary and discretionary order when other completely efficacious alternatives exist to protect individuals and living beings from the COVID-19 virus, and its variant, OMICRON. The Northern District as of Thursday required that those in common areas of courthouses, like lobbies, jury assembly rooms and hallways, wear face coverings and socially distance.[i] For example, on the Court's website, General Order No. 78, states, "All courthouse visitors must follow any safety protocols announced on the Court's website at cand.uscourts.gov and in each judge's courtroom."

The Order further states, "Courtroom capacity may be limited as determined by the assigned judge. Press and public access to in-courtroom proceedings may be in person, by telephone, by videoconference, or by other remote means, as permitted and as determined by the assigned judge. Civil Cases: 1. Trials may proceed in accordance with the logistical considerations necessitated by the Court's safety protocols. 2. Each judge will determine whether to hold a hearing or decide a civil matter on the papers. Hearings may be held in person in the courtroom, by telephone, or by videoconference. This applies to motion hearings, case management conferences, pretrial conferences, settlement conferences, and Alternative Dispute Resolution ("ADR") proceedings. For

specific instructions on telephone or video appearances, see the docket on PACER, the assigned judge's schedule of 2 upcoming proceedings (located on each judge's web page at cand.uscourts.gov/judges), or the ADR webpage."

Thus, following above protocols within the Judge's courtroom for the trial is more than efficacious to prevent the spread of the COVID-19 virus, and any mutation viruses. Moreover, several courts in California, and around the country, have instituted the optional remote jury trial protocol for state and federal courts to follow.

III. COVID-19 VACCINES AND BOOSTERS NOT AN INFALLIBLE METHOD OF PREVENTION

Current vaccines and boosters are <u>expected</u> to protect against severe illness, hospitalizations, and deaths due to infection with the Omicron variant. However, <u>breakthrough infections in people who are fully vaccinated are likely to occur</u>. This illustrates that the vaccinations pumped out in masses do not remain a hundred-percent (100%) efficacious method to prevent the spread of the COVID-19 virus, and its mutants. The best way is self-isolation, 20-feet social-distancing, and the K-N-95 mask-wearing. For example, undersigned counsel wears between 2-3 masks, if and when, she is in a public place. Several studies that undersigned counsel has consulted and read state that two (non-K-N-95) masks provide seventy-five percent (75%) protection, whereas three (non-K-N-95) masks are known to protect an individual ninety-nine percent (99%) from the COVID-19 virus. Even more specifically, a New York City ER doctor, Dr. Craig Spencer informed how the boosted, vaxxed, and unvaccinated all remain at risk from contracting the new Omicron mutant virus of COVID-19. The omicron strain of COVID-19 <u>affects people differently depending on the vaccine they got and their vaccinated status</u>, according to a well-known New York City doctor. A Los Angeles County local hospital nurse observed vaccinated individuals contracting the COVID-19 Omicron virus at a surge with debilitating symptoms.

The World Health Organization (WHO) warns new Covid variants could emerge that are fully resistant to vaccines could emerge as the global viral phenomenon surges. WHO Director-General Tedros Adhanom Ghebreyesus stated, "it's possible that new variants could evade our countermeasures and become fully resistant to current vaccines or past infection, necessitating vaccine adaptations." Thus, the vaccines are not fully efficacious against COVID's new variant, OMICRON, and future variants.

No plausible reason was put forth in the Order of this Court why only wearing layers of K-N-95 masks, and maintaining the twenty-feet (20-feet) social-distancing in the courtroom, cannot work to maintain a health and safe trial environment during this virus. In effect, with this Court's

interest in technology, and technical civil matters, a remote jury trial is the best remedy for this unknown virus mutating as DELTA, and now, OMICRON.

IV.     EXAMPLES WHERE SEVERAL VACCINATED INDIVIDUALS CONTRACTED COVID-19 OMICRON VARIANT: B.1.1.529

In a study testing vaccination and transmissibility, researchers, published in the open-access journal Eurosurveillance, interviewed 111 out of 117 attendees at a Christmas event in Oslo, Norway. Among those who participated in the interviews, the median age was 38, 43% were women, and 89% had received two doses of an mRNA vaccine.[ii]

Of the participants, 66 had confirmed cases of COVID-19 and 15 had probable cases. Most of the infected were fully vaccinated; however, none of the attendees reported having a booster shot. They also had negative tests taken within one to two days of the event.

"The total attack rate for the Omicron variant was 74%," according to the study, consistent with other research showing that omicron is likely more transmissible that earlier variants and that <u>vaccines are less effective in preventing its spread.</u> Moreover, California's reported average daily coronavirus caseload has more than quadrupled in the last two weeks.

All this points to either a remote jury-trial, or having in place preventative measures such as mask mandates and social-distancing between individuals in the courthouse.

V.      THE FIRST-AMENDMENT CONSTITUTIONAL RIGHT - NOT TO INJECT UNWARRANTED AND UNPROVEN VACCINES IN HUMAN BODY – MUST BE ADHERED TO.

The vaccines are only a fool-hardy method of big businesses, and big pharma to make the big bucks in administering COVID-19 vaccinations and viruses. Undersigned counsel will not become a guinea pig for big pharma's extended lab tests with unproven scientific basis of prevention of COVID-19 virus. The "it is less likely to occur" rhetoric is not that individuals, such as undersigned counsel, will never contract the virus even if vaccinated. Whether it is Johnson&Johnson Moderna double vaccine, or Pfizer's single shot, several individuals in California and in the United States have continued to contract COVID-19 fatal virus. This is because more important than the vaccination is <u>maintaining the social-distance protocols of not only six (6) feet, but twenty (20) feet</u> as most scientific experts have stated in preventing spittoon from the mouth and nasal cavities from entering another living being. Only when the vaccinations become a hundred-percent effective such as the polio, and small-pox vaccines, will the undersigned counsel imbibe such unknown chemicals in her body. Undersigned counsel barely takes any kind of medication – even pain-killers – thus,

counsel will not follow any public-hype mentality yet – even if it seems the most wise course of action to undertake.

The undersigned counsel takes more than the required preventative measures in wearing three (3) masks in public places, and in enclosed buildings. Ventilating any vehicles while driving from time-to-time. In fact, undersigned counsel remains in isolation with minimum contact with individuals. Except for all vaccinated members of her family, undersigned counsel is following all CDC, and California Health Department guidelines. She shops online, and if she takes UBERs, opens all windows for fresh air. She covers her nose and mouth at all times when any unknown, and/or unvaccinated individual is in her vicinity. She checks with any individuals she interacts with whether they were vaccinated.

There is no reason why undersigned counsel should not be allowed to participate in in-person trials for this matter. Even then, some California courts have updated their orders and code for remote civil jury trials at the state and the federal court level. This Court must adhere to the guidelines of an ever-changing world where COVID-19, and remote appearances, hearings, and trials remain a norm.

In 2021, undersigned counsel had her first trial in unlawful detainer for two hours via Zoom with presentation of evidence, direct, and cross-examination all conducted. Ms. Kamath also had her second trial at Stanley Mosk Courthouse with only mask-mandate requirements in-person. Remote jury trial protocols were instituted in other courts such as the Superior Court of California-Riverside County via Zoom, and Cisco-WebEx.

## CONCLUSION

Undersigned counsel thus requests leave of this Court to be present whether in-person, or via virtual presence, for the jury trial of the above-named Defendants with all COVID-19 mask-mandates, and social-distancing protocols, except discretionary vaccination-mandates of this Court.

///

DATED: January 3, 2022            RESHMA KAMATH

*Reshma Kamath*

Reshma Kamath
Counsel for Defendants RUIFENG BIZTECH INC., GANGYOU WANG, ALAN LI, AND RF BIOTECH LLC

4        Case No. 3:20-cv-04808-WHA

---

[i] Update on Court Proceedings, Operations, and Safety Protocols (updated August 2, 2021) | United States District Court, Northern District of California (uscourts.gov)
[ii] https://www.eurosurveillance.org/content/10.2807/1560-7917.ES.2021.26.50.2101147#f1