UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

QUINTARA BIOSCIENCES, INC.,

    Plaintiff,

v.

RUIFENG BIZTECH INC., et al.,

    Defendants.

No. C 20-04808 WHA

**ORDER DENYING DEFENSE COUNSEL'S REQUEST FOR COVID-19 VACCINE EXEMPTION FOR IN-PERSON ARGUMENTS AND TRIAL**

Defense counsel, with trial imminent, has filed a motion requesting to "bypass" this Court's order that everyone be fully vaccinated against COVID-19 in order to participate in in-person civil proceedings. Counsel has not proffered an appropriate basis for such an exemption. The motion is **DENIED**.

Judge Alsup has conducted eight in-person trials during the COVID-19 pandemic. Three (all criminal trials) occurred prior to the roll out of any vaccine. Of the eight trials, three were civil, one by bench and two by jury.

With regard to these civil trials and other in-person civil proceedings, and pursuant to the case management authority and authority to regulate proceedings in the courtroom, Judge Alsup required safeguards to protect the health of everyone in the courtroom. Everyone who entered the courtroom had to be fully vaccinated and remain socially distant. Everyone in the courtroom had to wear a mask at all times, with the sole exception when an attorney was

questioning a given witness (again, fully vaccinated) or otherwise making a statement to the judge or jury, the attorney and witness were permitted (if they so chose) to remove their masks so that the judge or jury could better hear them.  The courtroom remained well ventilated throughout the proceedings.  A spare courtroom was used for the jury room to allow jurors to spread out.  These eight trials and other proceedings before Judge Alsup have not led to anyone involved getting COVID-19.

The vaccination protocol aligns with the latest protocols for in-person argument instituted by our court of appeals.  The United States Court of Appeals for the Ninth Circuit now mandates that:  only counsel that are fully vaccinated — which includes a booster — may enter the courtroom; counsel must remain masked unless speaking at the podium; and arguing counsel must certify in advance that they are fully vaccinated and will comply with the protocols.[1]

On November 16, 2021, an order herein reiterated the health and safety rules for civil matters described above (Dkt. No. 246).  That order was filed one week after Attorney Reshma Kamath appeared in our case as new counsel for defendants Ruifeng Biztech Inc., RF Biotech LLC, Gangyou Wang, and Alan Li (Dkt. No. 239).  Attorney Kamath soon filed a motion to vacate or amend a previously stipulated protective order herein, and an expedited in-person hearing was set for December 16 in an attempt to preserve our trial date of February 14, 2022 (Dkt. No. 255).  The day before the December 16 hearing — and twenty-nine days *after* the November order establishing this Court's COVID-19 protocols — Attorney Kamath informally requested an exemption from the COVID-19 vaccination requirement.  This last-minute request necessitated converting the hearing to telephone.  An order on December 17 then reminded the parties of the safety precautions currently in force and required any requested vaccination exemption to be filed as a formal motion (Dkt. No. 262).

Attorney Kamath filed the instant motion requesting an exemption for trial and other in-person proceedings, but she did not specify any religious or medical justification.  Rather,

---

[1] *See* Argument Protocols, cdn.ca9.uscourts.gov/datastore/general/2021/10/28/COVID-In-Person-Hearing-Protocols.pdf (updated Dec. 30, 2021; last visited Jan. 6, 2022).

Attorney Kamath asserts "[t]he vaccines are only a fool-hardy method of big businesses, and big pharma to make the big bucks in administering COVID-19 vaccinations and viruses. Undersigned counsel will not become a guinea pig for big pharma's extended lab tests with unproven scientific basis of prevention of COVID-19 virus" (Br. 3). An exemption will not be granted on this basis.

Attorney Kamath suggests either conducting a remote jury trial or having an in-person trial with "layers of K-N-95 masks, and maintaining the twenty-feet (20-feet) social-distancing in the courtroom" (Br. 2). But a remote trial would almost certainly prejudice plaintiffs and the Court has found remote Zoom proceedings on anything other than a simple motion to be fraught with technical difficulties (Opp. 3). The Court will not change its standard protocols based on the meritless rationales presented in the instant motion.

Moreover, it simply will not suffice for counsel to offer to wear masks at all times and remain socially distant in the courtroom. *First*, under her no-vaccination alternative, the chances of Attorney Kamath contracting COVID-19 during the trial are greater than were she vaccinated. The unvaccinated have an increased chance of contracting the disease and suffering severe adverse effects compared to those who are vaccinated. Those being hospitalized for COVID-19 are overwhelmingly the unvaccinated.[2] This heightened risk would put the entire jury trial at risk, for juries are cleared for only a certain number of days. Witnesses and counsel too plan around our trial window. We could not keep our trial on hold until Attorney Kamath got well.

*Second*, her unvaccinated presence would increase the odds that the virus would be passed onto members of the jury and others in the courtroom. *No* vaccine is perfect. Breakthrough cases can occur. Having her in the courtroom without being vaccinated increases the chances of a breakthrough case by a vaccinated juror or other vaccinated person.

*Third*, it is very challenging to seat a jury in civil cases during the pandemic. The numbers needed to be summoned to seat a civil jury is dramatically larger now than before the

---

[2] *See* Key Things to Know About COVID-19 Vaccines, www.cdc.gov/coronavirus/2019-ncov/vaccines/keythingstoknow.html (last visited Jan. 6, 2021).

pandemic. One way we have succeeded in doing so is by telling all of the panels everyone in the courtroom at trial will be fully vaccinated. We would be unable to make this representation under Attorney Kamath's proposal. Many more potential jurors would seek to be excused.

*Fourth*, under her proposal, when the time came for Attorney Kamath to question a witness, she would need to keep her mask on while the other, vaccinated attorneys would be free to remove their masks for an examination so they could be heard clearly by the jury. This would inevitably raise an argument that the mask requirement was prejudicial to her and her clients. Given these differences, the jury would also be quick to infer that she refused the vaccine.

Attorney Kamath does not suggest that she would get tested every day of trial in lieu of receiving the vaccine in her briefing. But, even if she had, that proposal would be insufficient. PCR-testing facilities are overwhelmed, and results are typically not available until 24–48 hours later. At-home kits are very difficult to obtain and less accurate. Even if they were readily available, taking a test everyday would not solve the problem that she, as an unvaccinated individual, would place the entire proceeding at greater risk of mistrial.

The trial date is **VACATED** until such time as the COVID-19 pandemic is over, until Attorney Kamath becomes fully vaccinated, or until further order of the Court. Our pre-trial conference on Wednesday, February 9, 2022, is also **VACATED**.

If defendants and/or Attorney Kamath disagree with this order they are encouraged to promptly seek a writ of mandate from our court of appeals. Attorney Kamath shall provide a copy of this order to her clients within three days of receipt.

Because of the prejudice to Quintara caused by vacatur of the trial date, the Court will allow Quintara to bring a regularly noticed motion for provisional relief, based on a sworn record, the hearing to be conducted remotely. **IT IS SO ORDERED.**

Dated: January 6, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4