1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7

QUINTARA BIOSCIENCES, INC.,

8

Plaintiff,

9

v.

10

RUIFENG BIZTECH INC., et al.,

11

Defendants.

Case No.  20-cv-04808-WHA   (TSH)

**ORDER AWARDING SANCTIONS**

12

13

The Court's November 28, 2022 "**AMENDED ORDER SCHEDULING**

14

**SETTLEMENT CONFERENCE IN PERSON HEARING**" stated that "[t]he settlement

15

conference is scheduled for **April 26, 2023 at 10:00 a.m., IN PERSON, in Courtroom G. 15th**

16

**Floor, 450 Golden Gate Avenue, San Francisco, CA.**" ECF No. 289 at 1.  The order reiterated

17

that "**Counsel and Parties must attend the settlement conference IN-PERSON**." *Id*. at 3.  The

18

bold, all caps and underlining were in the order.  The Court later changed the courtroom where the

19

settlement conference was to take place, stating "[t]he in-person settlement conference on April

20

26, 2023, at 10:00 a.m., will take place in **Courtroom E**, not G, on the 15th floor." ECF No. 293.

21

Twenty minutes after midnight the morning of April 26, defense counsel filed a request to

22

attend the settlement conference remotely.  ECF No. 294.  The request stated, incorrectly, that the

23

Court's order at ECF No. 289 stated that the settlement conference would be by Zoom.  Defense

24

counsel stated that she resides in Arizona and had canceled her plans to appear in person in

25

purported reliance on the Court's order.  The request did not make any sense, for the obvious

26

reason:  You wouldn't file a request to appear remotely at a proceeding *that you thought would be*

27

*conducted remotely*.  The filing was itself the tell that Defense counsel knew the settlement

28

conference was in-person.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    At the scheduled time on April 26, Plaintiff's counsel, Plaintiff's representatives, and

2    Defendants and Defendant's representatives arrived in Courtroom E, but Defendants' counsel was

3    not present.  It hardly needs explaining that a settlement conference cannot proceed without

4    defense counsel present.  Neither is it fair to allow Defendants' counsel to appear remotely when

5    everyone has been ordered to appear in person, and when Plaintiff's counsel has complied with

6    that order.  Accordingly, the Court ordered Defendants' counsel Reshma Kamath to show cause

7    why she should not be sanctioned for her failure to appear at the in-person settlement conference.

8    The Court ordered Plaintiff to file a declaration by May 1, 2023, itemizing the attorneys' fees and

9    other expenses Plaintiff incurred in appearing for the settlement conference.  Defense counsel's

10   response to the OSC was due May 4, 2023.  Plaintiff's counsel filed a responsive declaration on

11   May 1, itemizing $5,096.61 is attorneys' fees and costs to attend the April 26 in-person settlement

12   conference.  ECF No. 298.  Defense counsel filed a response to the OSC ("Response") on May 4.

13   ECF No. 302.

14   The Response does not explain why Defense counsel did not attend the in-person

15   settlement conference.  Rather, it states that she did know the settlement conference was in-person.

16   The Response states:  "The OSC of Judge Hixby [*sic*] states that all parties were present.

17   Somehow it alludes that defendants were in court on their own.  No.  Defense Counsel was

18   diligent and informed her clients repeatedly and several times since the telephonic conference, i.e.,

19   IN-PERSON only."  The fact that Defendants attended the settlement conference in-person did

20   indeed cause the Court to assume that Defendants' counsel must have known that the proceeding

21   was in-person because the only way her clients would have known they needed to show up in-

22   person is if their lawyer told them, and the Response confirms that yes, that is true.

23   The Response points out that the Court's November 23, 2022 order originally stated that

24   the settlement conference was by Zoom Videoconference.  That's true and the Court corrected that

25   in the November 28 order.  The Response also says that the Court's website has a dedicated link

26   for Zoom settlement conferences, which is also true but doesn't mean they all occur on Zoom or

27   erase the November 28 order saying this one was to be in-person.  More importantly, since

28   Defendants' counsel told her clients to attend in-person, and they did, it doesn't seem like there

2

United States District Court
Northern District of California

1  was any genuine confusion that this was an in-person settlement conference.

2       "[A] court may assess attorney's fees as a sanction for the willful disobedience of a court

3  order." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991) (citations and quotation marks

4  omitted).  The Court's November 28 order was clear in scheduling an in-person settlement

5  conference.  It said "in person" in bold and all caps three times.  In the Response to the OSC,

6  Defendants' counsel stated that she repeatedly told her clients to attend in-person, which means

7  she knew that it was in person.  The Court finds that Defense counsel knew the settlement

8  conference was in-person and willfully disobeyed the order to attend it in person.

9       The Court finds that the fees and costs requested by Plaintiff are narrowly tailored to

10  remedy the harm caused by Defendants' counsel's failure to attend the settlement conference in

11  person.  The request consists of $2,400 for Plaintiff's counsel to travel to and from the Court and

12  to prepare his declaration, $82.05 for his mileage and parking expenses, and $2,614.56 for

13  Plaintiff's representatives' travel costs.  In the Response, Defense counsel presents no argument

14  that any of these fees and costs are inappropriate.

15       Accordingly, the Court **SANCTIONS** attorney Reshma Kamath $5,096.61 and **ORDERS**

16  her to pay that amount to Plaintiff within 30 days.

17       **IT IS SO ORDERED.**

18

19  Dated: June 5, 2023

20  _____
    THOMAS S. HIXSON
21  United States Magistrate Judge

22

23

24

25

26

27

28