UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

QUINTARA BIOSCIENCES, INC.,

    Plaintiff,

v.

RUIFENG BIZTECH INC., GANGYOU WANG, ALAN LI, and RF BIOTECH LLC,

    Defendants.

No. C 20-04808 WHA

**ORDER RE SANCTIONS AND CIVIL LOCAL RULE 72-2**

On June 5, Magistrate Judge Thomas Hixson ordered defense counsel to pay plaintiff sanctions in the amount of $5,096.61 (Dkt. No. 310). That amount corresponds to the fees and costs incurred by plaintiff in attending a scheduled in-person settlement conference that defense counsel failed to attend (*see* Dkt. No. 298).

According to the June 5 order, a prior order had expressly said — in bold and all caps, three times — that an in-person settlement conference would take place on April 26 at 10:00 A.M. (Dkt. No. 289 at 1). Shortly after midnight on April 26, defense counsel filed a request to attend the in-person settlement conference remotely, stating (incorrectly) that the aforementioned prior order had said the settlement conference would be held on Zoom, and that she had cancelled her plans to attend in-person in purported reliance (Dkt. No. 294). The June 5 order found that defense counsel's request to attend in-person, the presence of defendants and defendants' representatives in-person, as well as defense counsel's response to

a subsequent order to show cause why she should not be sanctioned all reflected that defense counsel had known the proceeding would be in-person and had willfully disobeyed the prior order to attend in-person. It also found that the fees and costs requested by plaintiff were narrowly tailored, and that defense counsel's response to the order to show cause presented no argument to the contrary. Defense counsel was therefore ordered to pay $5,096.61 to plaintiff within thirty days.

Civil Local Rule 72-2 sets out the requirements for seeking relief from a nondispositive pretrial order of a magistrate judge. Pursuant to that Rule, "[a]ny objection filed . . . must be made as a 'Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge.'" Civ. L.R. 72-2(a). Such motion must include (1) a specific statement of the portions of the magistrate judge's findings, recommendation, or report to which an objection is made; (2) a statement of the court action requested; (3) a statement of the reasons and authority supporting the motion; and (4) a proposed order. Civ. L.R. 72-2(b).

After the June 5 order issued, defense counsel failed to file anything that complied with Rule 72-2. There is no motion for relief from a nondispositive pretrial order of a magistrate judge on the docket, let alone one that meets all of Rule 72-2's requirements. That said, at trial, shortly after the jury began its deliberations, counsel for plaintiff rather cryptically stated that they interpreted a filing by defense counsel as a motion under Rule 72-2 (Tr. 1003:4–1004:8). As such, the Court went back to look at what defense counsel had filed and reviewed the "Objection to the Court's Prejudicial 'Order Awarding Sanctions' Dated June 05, 2023" (Dkt. No. 311). Interpreting this objection as a motion under Rule 72-2, as counsel for plaintiff seem to suggest we should, relief from Judge Hixson's June 5 order is unwarranted. Defense counsel's arguments are taken up in turn.

*First*, defense counsel contends that no notice was provided to her regarding this order and that she did not have an opportunity to be heard (Br. 2). This is simply not true. Judge Hixson issued an order to show cause why defense counsel should not be sanctioned (Dkt. No. 296), defense counsel filed a response (Dkt. No. 302), and that response was meaningfully addressed in the June 5 order (Dkt. No. 310 at 2–3). In no way could the issuance of that order

2

constitute a violation of the Fifth Amendment to the United States Constitution, the California Code of Civil Procedure, or "the Judicial Canon of Ethics," as defense counsel baldly alleges (Br. 2). With proper notice and opportunity to be heard, defense counsel was sanctioned.

*Second*, defense counsel argues that "No Opposition opportunity was presented by the Court" (Br. 2). Not so, as explained above.

*Third*, defense counsel asserts that the June 5 order misstated the facts (Br. 2). Upon review, the undersigned is confident that the facts found by Judge Hixson are substantially correct. To be clear, Judge Hixson never represented that defense counsel could only be subject to a $100 sanctions award, as defense counsel suggests (*see* Br. 2). Rather, his order to show cause said, "Defense counsel's response to this OSC . . . should explain why she should not be ordered to compensate Plaintiff for those expenses [incurred in appearing at the in-person settlement conference] *and* pay a $100 sanction to the Clerk of Court" (Dkt. No. 296 at 2) (emphasis added). In fact, Judge Hixson only sanctioned defense counsel for plaintiff's expenses in the end, which counsel for plaintiff itemized in a declaration, as Judge Hixson requested (*ibid.*; *see* Dkt. No. 298). Defense counsel claims that "There was no opportunity . . . to write any Opposition to Plaintiff's Counsel, James Li's Responsive Declaration, misstated by Judge Hixson — when in actuality 'Affidavit' was filed by Plaintiff's Counsel, James Li" (Br. 2). But there was ample opportunity between the filing of the declaration on May 1 and the filing of the sanctions order on June 5 to write an opposition, which defense counsel apparently opted not to do. Meanwhile, that the declaration was filed on the docket as an "Affidavit" rather than a "Declaration" is immaterial.

*Fourth*, defense counsel avers that Judge Hixson awarded sanctions "based on the Court's own mistakes, and that of its staff" (Br. 3). This is not supported by the record, however. It is unclear what "mistakes" defense counsel is even referencing. To the extent she is pointing out that an initial order had stated the settlement conference would be held on Zoom, as the June 5 order explained, that initial order was promptly and conspicuously corrected. And to the extent that she is faulting Judge Hixson for having a dedicated link for Zoom settlement conferences on his webpage, as the June 5 order explained, this in no way

3

means that all such conferences occur on Zoom or erases the prior order that expressly said this settlement conference was to occur in-person (*see* Dkt. No. 310 at 2).

*Fifth*, defense counsel insists that sanctions should be awarded to *defendants* because a subsequent May 5 in-person settlement conference was later rescheduled after lead counsel for plaintiff filed a notice stating that he had contracted COVID-19 (Br. 3–4). Defense counsel maintains that this is a "common excuse" that shows "gamesmanship and bad-faith" (Br. 3). She also emphasizes that she "had driven all the way from Arizona," "had lodging close to the SF Court," and "had to stay in downtown Bay Area until the re-scheduled SETTLEMENT CONFERENCE date was met," with defense having "incurred costs over $6,000 for this purpose" (Br. 4). But clearly it was within Judge Hixson's discretion to reschedule an in-person settlement conference upon receipt of a notice from lead counsel for plaintiff that he had tested positive for COVID-19 the morning before said in-person settlement conference (Dkt. No. 299). Less than three hours after receiving that notice, just before 1:00 P.M. on May 4 (not "around 5 p.m.," as defense counsel states), Judge Hixson set a telephone conference for May 8 to discuss a rescheduled date for the in-person settlement conference, which was ultimately held on May 22 (Dkt. Nos. 300, 304, 309; *see* Dkt. No. 311 at 3). In doing so, Judge Hixson in no way ordered, or even so much as intimated, that defense counsel "had to stay in downtown Bay Area" for more than two weeks and run up a $6,000 bill. Indeed, by setting a telephone conference to discuss a new date, he went out of his way to accommodate the parties in rescheduling.

*Finally*, defense counsel's final paragraph attacks the integrity of Judge Hixson. This is unfounded, unprofessional, and out of line. No further discussion is called for.

Rule 72-2(d) provides that if no order denying a motion for relief from a nondispositive pretrial order of a magistrate judge or setting a briefing schedule is made within fourteen days of that motion's filing, it "shall be deemed denied." Reading defense counsel's filing as a motion under Rule 72-2, as counsel for plaintiff seem to suggest we should, it was already "deemed denied" because no order denying it or setting a briefing schedule was made within

fourteen days. Even if the filing had been considered on the merits, however, it would have been denied for the reasons stated herein.

The Clerk shall formally notify the parties that defense counsel's "motion" (Dkt. No. 311) has been **DENIED**. Defense counsel Reshma Kamath shall pay the $5,096.61 sanctions award to plaintiff within **FOURTEEN DAYS**.

**IT IS SO ORDERED.**

Dated: July 21, 2023.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE