**LAW OFFICE OF RESHMA KAMATH**
Reshma Kamath, Cal. Bar No. 333800
700 El Camino Real, Suite 120, #1084,
Menlo Park, California 94025, United States
Phone-number: 650 257 0719
E-mail address: reshmakamath2021@gmail.com
**COUNSEL FOR DEFENDANTS**
**RUIFENG BIZTECH INC.; GANGYOU WANG;**
**ALAN LI; AND, RF BIOTECH LLC.**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| QUINTARA BIOSCIENCES, INC., a California corporation, <br><br> Plaintiffs, <br><br> v. <br><br> RUIFENG BIZTECH INC., a California corporation, GANGYOU WANG, an individual, ALEX WONG, an individual, ALAN LI, an individual, RUI SHAO, an individual, and RF BIOTECH LLC, a California limited liability company, <br><br> Defendants. | **Case No.: 3:20-cv-04808-WHA** <br><br> *[Assigned to presiding Judge Honorable William Alsup]* <br><br> **PREVAILING PARTIES' REQUEST TO FILE OVER-LENGTH MOTION BRIEF FOR THE "PREVAILING PARTIES' NOTICE OF MOTION AND MOTION/ REQUEST FOR REASONABLE ATTORNEYS' FEES PURSUANT TO DEFEND TRADE SECRETS ACT [DTSA ] PURSUANT TO 18 U.S.C. § 1836 *ET SEQ.*; REQUESTS FOR COSTS INCURRED UNDER FED. *RUL. CIV. PROC. RULE* 54 DURING THE COURSE OF DEFEND TRADE SECRETS ACT LITIGATION"** <br><br> **HEARING:** <br> **DATE: AUGUST 24, 2023** <br> **TIME: 08:00 A.M. PDT** <br> **DEP'T: COURTROOM 12, 19TH FLOOR** |

*TO THE HONORABLE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD, HEREIN:*

Defendants **RUIFENG BIZTECH INC.; GANGYOU WANG; ALAN LI; and, RF BIOTECH LLC,** (*hereinafter*, "Defendants"), undersigned counsel, **RESHMA KAMATH** request the leave of court to file a longer brief exceeding twenty-five (25) pages. The present brief is thirty-five pages (35) exceeding by eleven (11) pages. The request is filed at the fourteen-days, i.e., July 27, 2023 from judgment. The nature of the Defend Trade Secrets Act (DTSA) litigation, as well as the three-year-long litigation and trial, the briefing has several case law and factual incidents in the trade-secret misappropriation statute to proclaim.

According to Northern District's Civil L.R. 3-4, a party filing a motion (including, a motion for attorney fees) can submit a memorandum of up to 25 pages in federal court. This limit does not include the table of contents, table of authorities, exhibits, attachments, declarations, and/or the proof of service. Under section,

> "(b) Length. Unless the Court expressly orders otherwise pursuant to a party's request made prior to the due date, briefs or memoranda filed with opposition papers may not exceed 25 pages of text and the reply brief or memorandum may not exceed 15 pages of text."

The prevailing parties via undersigned counsel have **complied** with all other requirements of the Court under Rules 7-1 and 7-2. However, for the purposes of DTSA litigation, in order to distinguish objective and subjective bad-faith and improper DTSA litigation that the losing party, Quintara, and its attorneys have brought before this Honorable Court, requires a longer briefing. The briefing was filed concurrently for the Honorable Court to consider only for the purposes of this request and leave to file a longer brief.

The exceeding material of ten-pages is within the scope of this lawsuit, within the scope of trial, as well as within the scope of new DTSA litigation in federal courts for the attorneys' fees. The prevailing parties can offer eleven-pages to the opposing party.

The slightly over-length brief must be allowed for the Honorable Court to properly consider any and all arguments in the prevailing parties' motion. Other courts have granted such a request when there is no prejudice to the other party. Here, prevailing party is offering and extending the courtesy to the plaintiff in filing a longer brief should this Court allow such an offer.

In order to demonstrate **circumstantial evidence** under the DTSA statutory language, prevailing parties must show the objective and subjective bad-faith of Quintara and Quintara's attorneys. This kind of overwhelming circumstantial evidence is voluminous in the matter; and, spans from the years 2010 through the year 2019; on-going from June 2020 to after the litigation was filed in July 2020 until the undersigned date. Further, there were issues about "immigration shams" and "fraud" that were alleged a plethora of times throughout this litigation with unsubstantiated agreements that plaintiff produced. Finally, there were delays and harassment where this lawsuit was a tactic for state-court litigation; and, only to defame the prevailing parties. This kind of conduct, and lack thereof, is elaborated in detail with case law and factual incidents in the exceeding brief of eleven pages.

Thus, **good cause appearing**, the prevailing parties' request to file the eleven-page exceeding brief.

**LAW OFFICE OF RESHMA KAMATH**

DATED: July 27, 2023  /S/ *Reshma Kamath*

Reshma Kamath,
Counsel for Defendants RUIFENG BIZTECH INC.; GANGYOU WANG; ALAN LI; and, RF BIOTECH LLC

# CERTIFICATE OF SERVICE
F.R.C.P. 5 / C.C.P. § 1013(a)(3), C.C.P. § 1010.6(a)(6) / Cal. R. Ct. R. 2.260.

I am employed in, the County of San Mateo, California. I am over the age of 18, and not a party to this action. My business/mailing address is: 700 El Camino Real, Suite 120, #1084, Menlo Park, California 94025, United States; and, e-mail address is reshmakamath2021@gmail.com for electronic-service. On July 27, 2023, I sent the following documents via the below method of service. SEE ATTACHED SERVICE LIST.

///

**PREVAILING PARTIES' REQUEST TO FILE A LONGER MOTION BRIEF FOR THE "PREVAILING PARTIES' NOTICE OF MOTION AND MOTION/REQUEST FOR REASONABLE ATTORNEYS' FEES PURSUANT TO DEFEND TRADE SECRETS ACT [DTSA] PURSUANT TO 18 U.S.C. § 1836 *ET SEQ.*; REQUESTS FOR COSTS INCURRED UNDER FED. *RUL. CIV. PROC. RULE* 54 DURING THE COURSE OF DEFEND TRADE SECRETS ACT LITIGATION";**

///

**CERTIFICATE OF SERVICE.**

///

Via **ELECTRONIC SERVICE**: In electronically transmitting courtesy copies of the document(s) listed above to the email address(es) of the person(s) set forth on the attached service list per the electronic service agreement between the parties' counsel. To my knowledge, the transmission was reported as complete and without error. [Notice of Electronic-Service pursuant to California Code of Civil Procedure § 1010.6.]

///

I declare under penalty of perjury of the laws of the State of California, and the laws of the United States of America that the foregoing is true and correct. Executed on July 27, 2023.

*Sincerely*,

*/S/ Reshma Kamath*
Reshma Kamath

5    Case No. 3:20-cv-04808-WHA
REQUEST FOR LEAVE TO FILE A LONGER MOTION FOR ATTORNEYS' FEES
RESHMA KAMATH

**SERVICE LIST**

Daniel Robert Peterson
Email: petersond@lilaw.us

Richard D Lambert
Email: lambertr@lilaw.us

Tamara Rider
Email: ridert@lilaw.us

J. James Li
LiLaw, Inc.
1905 Hamilton Avenue Suite 200 San Jose, CA 95125
650-521-5956 Fax: 650-521-5955 Email: lij@lilaw.us
ATTORNEY TO BE NOTICED
ATTORNEYS FOR PLAINTIFF QUINTARA BIOSCIENCES, INC.

Ting Jiang, LiLaw, Inc./Quintara's Legal assistant
E.: jiangt@lilaw.us