**LILAW INC.**
J. James Li, Ph.D. (SBN 202855, lij@lilaw.us)
Richard D. Lambert (SBN 251148, lambertr@lilaw.us)
Tamara M. Rider (SBN 267951, ridert@lilaw.us)
Daniel R. Peterson (SBN 326798, petersond@lilaw.us)
1905 Hamilton Avenue, Suite 200
San Jose, California 95125
Telephone: (650) 521-5956
Facsimile: (650) 521-5955

Attorneys for Plaintiff QUINTARA BIOSCIENCES, INC.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTARA BIOSCIENCES, INC., a California corporation,<br><br>Plaintiff,<br>v.<br><br>RUIFENG BIZTECH INC., a California corporation, GANGYOU WANG, an individual, ALEX WONG, an individual, ALAN LI, an individual, RUI SHAO, an individual, and RF BIOTECH LLC, a California limited liability company,<br><br>Defendants. | **Case No. 3:20-cv-04808-WHA**<br><br>**PLAINTIFF'S OBJECTION TO DEFENDANTS' OVERSIZED BRIEF**<br><br>**Court:** **Courtroom 12, 19th Floor**<br>**Judge:** **Hon. William Alsup**<br>**Date:** **September 14, 2023**<br>**Time:** **8:00 a.m.** |



## I. INTRODUCTION

Throughout this case Defendants' current counsel – Ms. Reshma Kamath – has violated the rules of this Court and done so without an ounce of remorse. As will be further explained below, Ms. Kamath has shown a complete and utter disregard for the rules of this Court and the process which has continually placed Plaintiff and its counsel in the unenviable position of having to comply with the rules while at the same time the opposition does not. Ms. Kamath's latest request to file an oversized brief is simply the most recent example of her flagrant disregard for the rules. And given Ms. Kamath's extensive history of gross dereliction and disrespect for the rules and orders of this Court, and her undisputed status as a habitual and repeat offender, the Court must not entertain Defendants' current request to file an oversized brief. Indeed, Defendants' request entirely fails to comply with Local Rule 7-11 and, to make matters worse, the brief itself belies any necessity for excess pages given that Defendants merely repeat the same unmeritorious arguments without competent evidence over and over throughout the brief.

To further compound the issue, Defendants' former counsel – Dylan Wiseman – also submitted a purported "declaration" as to Plaintiff's bad faith conduct in this action. ECF 391. However, Mr. Wiseman's declaration is hardly limited to "solely facts" as is required pursuant to Local Rule 7-5(b). To the contrary, Mr. Wiseman's declaration is largely argument which means that Defendants' former counsel has added an additional twenty (20) pages to an already excessive brief, bringing the total excessive pages to more than *thirty* pages of excess briefing on a routine (yet unmeritorious) motion for attorneys' fee and costs. This is unfair, uncalled for, and unnecessary even in the most complex of cases of which this case is certainly not.

Thus, the Court must strike and disregard all pages in excess of twenty-five (25) from the brief as well as the Declaration of Dylan Wiseman as neither Defendants, their former counsel, nor their current counsel have made any showing that the thirty (30) pages of excess briefing are necessary.

///

///

///



1  Case No. 3:20-cv-04808-WHA
PLAINTIFF'S OBJECTION TO DEFENDANTS' OVERSIZED BRIEF

## II. BRIEF HISTORY OF DEFENDANTS' COUNSEL'S CONTINUING VIOLATIONS OF THE RULES AND ORDERS OF THIS COURT

Since her first appearance in this case in November of 2021, Ms. Kamath has engaged in an inexcusable course of conduct in which she has failed to comply with the Local Rules, Federal Rules of Civil Procedure, and the Standing Civil Order of this Court. The request to file an over-length brief is merely the tip of the iceberg and is only the latest example of her misconduct in this case.

As the Court may recall, following Ms. Kamath's appearance, and after being informed by this Court on two (2) occasions regarding the Court's vaccination requirements, Ms. Kamath filed a motion seeking an exemption from the Court's vaccination requirements; such a motion was denied on January 6, 2022. ECF 269. In the same order denying the motion for vaccination exemption, the Court vacated the trial date indefinitely and likewise vacated the pre-trial conference scheduled for February 9, 2022. As such, Ms. Kamath's first order of business was to delay this matter indefinitely by any means necessary.

Following a failed Motion to Vacate the Stipulated Protective Order in this case, which the Court held was based on Ms. Kamath's fundamental misunderstanding of the purpose of the Stipulated Protective Order and that it did not, as she claimed, permit Plaintiff to conceal evidence from Ms. Kamath, Defendants, the jury, or this Court (ECF 261 at 2:01-02 "This order finds defendants' motion borderline incomprehensible. The motion lacks an understanding of the purpose and function of protective orders in federal court."), the case was largely silent until the Court set a Mandatory Settlement Conference before Judge Hixson.[1] Despite being informed, on several occasions, that the Settlement Conference was to be conducted in person, Ms. Kamath failed to attend. This is true despite her own clients attending in-person. *See* ECF 289 and ECF 296.

As a result, Judge Hixson issued a sanctions award for the fees and costs incurred by Plaintiff and its counsel (ECF 310) which Ms. Kamath opposed claiming racism and misogyny against this Court, Magistrate Judge Hixson, Plaintiff, and Plaintiff's counsel. ECF 374. The Court did not take these accusations lightly and flatly rejected such claims as being, among others, unprofessional. ECF 374. Of note, is that Ms. Kamath is now in contempt of Court as she has not paid the ordered sanction

---

[1] The Court also noted that the Motion to Vacate was filed in violation of the Local Rules. *See* ECF 255.



and has, in fact, doubled down and expressly informed the Court she has no intention to comply with the Court's order. This is, of course, nothing new. ECF 311 ("Defense Counsel RESHMA KAMATH will **NOT** be paying the sanctions in the prejudicial 'ORDER AWARDING SANCTIONS' dated June 5, 2023.") (emphasis in original).

Despite failing to appear in-person at the Settlement Conference as was expressly and unequivocally ordered, Ms. Kamath also routinely violated the Court's rules when it came to pretrial matters which unfairly imposed an excessive burden on counsel for Plaintiff. Specifically, and as this Court is certainly aware, Ms. Kamath failed to timely serve Defendants' Motions in Limine and, in fact, such Motions in Limine were not a day late but were served almost a week later. *See* ECF 318. In filing the Motions in Limine nearly a week after the deadline as set by this Court's Guidelines for Trial and Final Pretrial Conference in Civil Jury Cases Before the Honorable William Alsup ("Standing Order"), at 2(f), and offering absolutely no basis whatsoever as to why such were not timely served, Ms. Kamath violated the Standing Order as well as Rule 5 of United States District Court Northern District of California Guidelines for Professional Conduct which provides that "[t]he timing and manner of service of papers should not be calculated to disadvantage . . . the party receiving the papers." Ms. Kamath did just that by her conduct as Plaintiff's counsel had a mere three (3) days to respond before the Final Pre-Trial Conference. As the Court stated in its Final Pre-Trial Order: "… this is the first case in twenty-three years that any counsel has argued the standing order guidelines are "'only guidelines.'" *See* ECF 354 at 3:01-03.

In addition, Ms. Kamath, on June 21, 2023, close to midnight, filed what can be characterized as motions to strike Plaintiff's Motions in *Limine* Nos. 1, 2, and 5. *See* ECF Nos. 335, 336, 337. Each of these purported "motions to strike" was based on the same disingenuous argument, were pure fallacy, and did nothing more than to unnecessarily increase the burdens on Plaintiff and this Court. Specifically, Defendants, in bizarre fashion, claimed that Plaintiff had mislead the Court as to the manner in which Plaintiff served its Motions in *Limine* Nos. 1, 2, and 5 on Defendants; more specifically, that the email service effectuated by Plaintiff to counsel for Defendants included the Li Declaration as a separate attachment to the email whereas it was combined when submitted to the Court. This was pure nonsense and the Court agreed. *See* ECF 354 at 2:06-14.



Ms. Kamath also improperly filed reply briefs to her Motions in Limine which the Standing Order clearly did not permit. Again, this Court agreed. The Final Pre-Trial Order specifically noted that Ms. Kamath had violated the Standing Order on multiple occasions. *See* ECF 354 at 3:01-10; *id*. at 4:19-4:05 ("Once again, this is the first case in twenty-three years that any counsel has filed unsolicited reply briefs for motions *in limine*, which the Court agrees were not contemplated or permitted by the standing order.")

There was also the issue with Defendants' exhibit list which was wholly deficient and problematic despite Ms. Kamath's submission of multiple versions and her documented refusal to correct them. These specific issues were pointed out to the Court by Plaintiff at jury selection wherein Plaintiff brought to the Court's attention that the Amended Exhibit List (ECF 346) and the numbering included therein did not correspond to any Bates numbered documents that have been produced and that Ms. Kamath had simply included her own numbering system days before trial. *See* ECF 350. This fact was further compounded due to Ms. Kamath's refusal and failure to provide Plaintiff's counsel with any slides or exhibits that were to be used in her opening statement which, yet again, was in direct violation of the Court's orders and for which Ms. Kamath offered no explanation.

## III. ARGUMENT

### A. The Court Must Strike the Excess Pages as Well as the Declaration of Dylan Wiseman as Defendants' Counsel, Yet Again, Failed to Comply With the Rules

Pursuant to Local Rule 7-4(b), "[u]nless the Court *expressly orders otherwise* pursuant to a party's request made *prior to the due date*, briefs or memoranda filed with opposition papers may not exceed 25 pages of text and the reply brief or memorandum may not exceed 15 pages of text." *See* L.R. 7-4(b) (emphasis added). Local Rule 7-4(b) then directs counsel and the parties to L.R. 7-11 with regard to the proper procedures and requirements to seek an order from the Court to file a brief in excess of the page limitation of twenty-five (25). Specifically, Local Rule 7-11 provides the procedures Defendants were required to follow in order to request an order to file an oversized brief and such procedures are as follows: "A motion for an order concerning a miscellaneous administrative matter may not exceed 5 pages (not counting declarations and exhibits), must set forth specifically the action requested and the reasons supporting the motion, *and must be accompanied by*



*a proposed order* and by either a stipulation under Civil L.R. 7-12 *or by a declaration that explains why a stipulation could not be obtained*." L.R. 7-11(a) (emphasis added).

Likewise, pursuant to Local Rule 7-5(b), governing the use of affidavits or declarations, expressly states that "[a]n affidavit or declaration *may contain only facts*, must conform as much as possible to the requirements of Fed. R. Civ. P. 56(e), and must avoid conclusions and argument. Any statement made upon information or belief must specify the basis therefor. *An affidavit or declaration not in compliance with this rule may be stricken in whole or in part*." *See* L.R. 7-5(b) (emphasis added). Both Defendants' current and former counsel failed spectacularly to follow any of the applicable rules.

First, and most obvious, is that Defendants' counsel *did not* request permission from the Court to file an overlength brief *prior to the due date*; to the contrary, Defendants' counsel filed the excessive brief simultaneously with Defendants request which the Local Rules expressly preclude. Second, as is equally obvious, Defendants' current counsel fails to provide any competent evidence as to why such request is necessary. Indeed, there is no declaration establishing the underlying basis for the request, and there is certainly no declaration establishing any attempt to reach a stipulation with Plaintiff; in fact, *there is no declaration at all*. This is just another example of Defendants' counsel having no respect for the rules of this Court. Likewise, *no proposed order* was included which is further fatal to Defendants' request.

Rather, Defendants' counsel just concludes and proclaims that excessive pages are required so that objective and subjective bad faith can be proven. *See* ECF 376 at 2:21-26 ("However, for the purposes of DTSA litigation, in order to distinguish objective and subjective bad-faith and improper DTSA litigation that the losing party, Quintara, and its attorneys have brought before this Honorable Court, requires a longer briefing.") Yet Defendants provide no specifics and merely offer grossly vague and self-serving statements that hardly meet the requisite criteria for additional pages.

Moreover, the Court need to look no further than the brief itself to see that Defendants make almost the same identical arguments with respect to their allegations of objective bad faith and subjective bad faith. *Compare* ECF 377 at 20:18-25:25 and 26:03-32:08. This fact is fatal to Defendants' contention as the brief itself simply repeats itself over and over without providing a



LiLaw Inc.

scintilla of competent evidence. Thus, Defendants' own brief belies their unilateral and self-serving conclusion that additional pages were necessary in this matter. Further terminal to Defendants' contention is the fact that even a cursory review of the brief reveals that Defendants simply copied and pasted large swaths of inapplicable case law without providing any reasoning or analysis as to its application to the instant case. *See* ECF 377 ("***A Louisiana court*** may offer further guidance where the court stated that after 'long and torturous litigation' the parties must end the matter, and awarded reasonable attorneys' fees and costs to end the matter. *Source Prod. & Equip. Co. v. Schehr*, No. 16-17528, 2020 WL 4785048 (E.D. La. Aug. 18, 2020).") (emphasis added). In sum, Defendants have offered no basis, and the brief reflects as much, that an excessive brief was necessary in this action.

In addition to the brief itself, Defendants' former counsel – Dylan Wiseman – compounds the issue by submitting a purported "declaration" as to Plaintiff's bad faith conduct in this action. ECF 391. However, Mr. Wiseman's declaration is hardly limited to "solely facts" as is required pursuant to Local Rule 7-5(b); to the contrary, Mr. Wiseman's declaration is largely argument which means that Defendants' former counsel has added an additional twenty (20) pages to an already excessive brief bringing the total excessive pages to more than ***thirty***. *See* ECF 391 at 15:25-27 ("Similarly, Quintara's obvious goal was to ask Ruifeng's witnesses about numerous topics unrelated to the two remaining trade secrets claims. Doing so enabled Quintara to waste time and force a competitor to sit for hours of examination on inane topics…") Mr. Wiseman's declaration is rife with similar argument as opposed to facts thereby further extending the length of the already improperly excessive brief.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' request to file an oversized brief as Defendants, and their former and current counsel, have not shown any reason as to why they should be permitted to exceed the page limitations by more than thirty (30) pages, and certainly have failed to provide any justifiable basis to defy the Court's rules (yet again) by filing the brief without prior permission of the Court.

This is just the last incident in an egregious and documented pattern and practice of Defendants, and their counsel, making a mockery of the rules of this Court and continuing to do so with impunity and without consequence. Thus, the Court should strike all pages from the brief in



**LiLaw Inc.**

excess of the permissible limit of twenty-five (25) pages and should likewise strike the Declaration of Dylan Wiseman (ECF 391) as the consideration of such would only serve to compound the already excessive brief given that Mr. Wiseman's declaration is largely argument.

DATED: August 10, 2023 **LILAW INC.**

By /s/ J. James Li

J. James Li
Richard Lambert
Attorney for Plaintiff QUINTARA BIOSCIENCES, INC.

