**LAW OFFICE OF RESHMA KAMATH**
Reshma Kamath, Cal. Bar No. 333800
700 El Camino Real, Suite 120, #1084
Menlo Park, California 94025, United States
Ph.: 650 257 0719, E.: reshmakamath2021@gmail.com
**COUNSEL FOR DEFENDANTS**
**RUIFENG BIZTECH INC.; GANGYOU WANG;**
**ALAN LI; AND, RF BIOTECH LLC**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| QUINTARA BIOSCIENCES, INC., a California corporation,<br><br>Plaintiff,<br>v.<br><br>RUIFENG BIZTECH INC., a California corporation, GANGYOU WANG, an individual, ALEX WONG, an individual, ALAN LI, an individual, RUI SHAO, an individual, and RF BIOTECH LLC, a California limited liability company,<br><br>Defendants. | **Case No.: 3:20-cv-04808-WHA**<br><br>*[Assigned to presiding Judge Honorable William Alsup]*<br><br>**RUIFENG ET AL'S REPLY TO THE OBJECTION OF QUINTARA AS TO REQUEST FOR OVERLENGTHY/ OVERSIZED BRIEF.** |

*TO THE HONORABLE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD, HEREIN:*

## **REPLY**

Quintara's attorney, Daniel Peterson should be a novel writer and storyteller. More than half of his alleged objection is a rant, where Mr. Peterson rambles baselessly – not about the facts, but about the frustration and incompetence of Mr. Peterson and his four-person team losing the entire case for his client, Quintara. If Mr. Peterson and his four-person team had tried even half as hard in proving the substantive merits of the frivolous DTSA action the way they're attacking undersigned counsel, Reshma Kamath, they could have at least justified bringing the non-factual DTSA action on behalf of Quintara.

More than half of Mr. Peterson venting shows his team's over-confidence and lack of preparation during trial. In the rebuttal portion of the closing statement, Mr. Li demonstrated this same rant against "Ms. Kamath" rather than the preponderance of evidence in proving his DTSA case for Quintara.

Mr. Peterson (even when the court may think otherwise) has in essence ***WAIVED*** his right of objection. Why you may ask? Because Mr. Peterson filed the Opposition to the Motion for Attorneys' Fees **concurrently** with the objection. Thus, as the court says succinctly in its Order, went ahead and filed it, Quintara with Mr. Peterson's objection did exactly the same. They filed the Opposition to the Motion for Attorneys' Fees **addressing all pages** of the over-lengthy/over-sized Motion for Attorneys' Fees simultaneously with the Objection. Had Quintara's Objection come prior to the Opposition even by one hour, it would have shown some merit for the court to rule on.

However, now the court should be in a dilemma if it is truly neutral, fair and impartial.

Interesting to see how the court did not put in the Order a file-by date for the Objection, and waited for two weeks for Quintara to file the Objection concurrently with the Opposition (again, Quintara waiving the over-lengthy brief).

Further, what Mr. Peterson ignores is this: the court ***prior ruled*** on pre-trial conference rulings. They're **not at issue** in this request for an over-lengthy brief. Thus, conflating this request for an over-lengthy brief with pre-determined issues irrelevant to this request form an unhealthy argument from Mr. Peterson. Hence, Mr. Peterson only resorts to *ad hominem* attacks on Ms. Kamath throughout his objection. Thus, *quid pro quo*.

Moreover, Mr. Peterson forgets all the transgressions of Quintara and his team. For e.g., at start of trial, Quintara making up falsified pages that Ruifeng did not include in the exhibits; using the power-point slides in the closing statement when Mr. Li had stipulated not to using slides with undersigned counsel, because he had not finished; in the middle of trial stating Quintara should have received more production in an attempt to delay trial; not having the appropriate plug-in adapter; and, the list is endless.

Similar to how Mr. Peterson has brought up completely irrelevant arguments about Ruifeng's counsel, the examples above only demonstrate to the court that Quintara and Mr. Peterson have done the same. The court, that may have studied human psychology and behavior over the years, should realize why Mr. Peterson is acting up after the loss of his clients' trial.

Finally, the frivolous DTSA litigation lasted for over three years. It wasted a lot of resources for all parties and the judiciary. It is more than justified to encompass a more than the standard twenty-five (25) pages in a motion brief in a ***multi-party, multi-defendant*** case for a newly envisioned 2016 DTSA statute.

The Court also knows that the 2016 DTSA statute is not a two-page brief such as Buchalter's. It is a complex, comprehensive statute that requests specific types of subjective and objective evidence of bad-faith for a motion for attorneys' fees. Ruifeng has demonstrated exactly that in its over-sized/over-lengthy brief, i.e., examples and evidence of Quintara, and its attorneys' objective and subjective bad-faith in bringing forth a wasteful DTSA litigation.

Undersigned counsel, *in the interests of justice*, offered the eleven-page extra filing to Quintara as well. Undersigned counsel can even allow even a *sur* reply to the reply via stipulation should the over-sized/over-lengthy brief be allowed to be considered.

As serious and angry as the court was at the frivolous DTSA litigation, the undersigned counsel is sure that the court was amused during the entire case in such a never-before-seen-litigation.

///

**DATED: AUGUST 10, 2023,**          **LAW OFFICE OF RESHMA KAMATH**

*/S/ Reshma Kamath*

Reshma Kamath, Counsel for Defendants
RUIFENG BIZTECH INC.; GANGYOU WANG; ALAN LI; AND, RF BIOTECH LLC

# CERTIFICATE OF SERVICE
F.R.C.P. 5 / C.C.P. § 1013(a)(3), C.C.P. § 1010.6(a)(6) / Cal. R. Ct. R. 2.260.

I am employed in, the County of San Mateo, California. I am over the age of 18, and not a party to this action. My business/mailing address is: 700 El Camino Real, Suite 120, #1084, Menlo Park, California 94025, United States; and, e-mail address is reshmakamath2021@gmail.com for electronic-service. On August 10, 2023, I will send the following documents via the below method of service. SEE ATTACHED SERVICE LIST.

///

**RUIFENG ET AL'S REPLY TO THE OBJECTION OF QUINTARA AS TO REQUEST FOR OVERLENGTHY/OVERSIZED BRIEF.**
**CERTIFICATE OF SERVICE.**

///

Via **ELECTRONIC SERVICE**: In electronically transmitting courtesy copies of the document(s) listed above to the email address(es) of the person(s) set forth on the attached service list per the electronic service agreement between the parties' counsel. To my knowledge, the transmission was reported as complete and without error. [Notice of Electronic-Service pursuant to California Code of Civil Procedure § 1010.6.]

///

I declare under penalty of perjury of the laws of the State of California, and the laws of the United States of America that the foregoing is true and correct. Executed on August 10, 2023 electronically.

*Sincerely*,
*/S/ Reshma Kamath*
Reshma Kamath

**SERVICE LIST**

Daniel Robert Peterson Email: petersond@lilaw.us
Richard D Lambert Email: lambertr@lilaw.us
Tamara Rider Email: ridert@lilaw.us
J. James Li, LiLaw, Inc. Email: lij@lilaw.us
1905 Hamilton Avenue Suite 200 San Jose, CA 95125
650-521-5956 Fax: 650-521-5955
ATTORNEYS FOR PLAINTIFF QUINTARA BIOSCIENCES, INC.
Ting Jiang, LiLaw, Inc./Quintara's Legal assistant E.: jiangt@lilaw.us