BUCHALTER
A Professional Corporation
DYLAN WISEMAN (SBN: 173669)
BRANDON CARR (SBN: 280959)
TIFFANY NG (SBN: 301436)
55 Second Street, Suite 1700
San Francisco, CA 94105
Tel: (415)227-0900
Email: dwiseman@buchalter.com

Attorneys for Lien Holder

BUCHALTER, P.C.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTARA BIOSCIENCES, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>RUIFENG BIZTECH INC., a California corporation, GANGYOU WANG, an individual, ALEX WONG, an individual, ALAN LI, an individual, RUI SHAO, an individual, and RF BIOTECH LLC, a California limited liability company;<br><br>Defendants. | CASE NO. 3-20-CV-04808-WHA<br><br>**CORRECTED LIEN HOLDER BUCHALTER, P.C.'S JOINDER IN DEFENDANTS REPLY BRIEF AND SUPPLEMENTAL REPLY RE: MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Court:   Courtroom 12, 19th Floor<br>Judge:  Hon. William Alsup<br>Date:    September 14, 2023<br>Time:   8:00 a.m. |
| RUIFENG BIZTECH INC., a California corporation and GANGYOU WANG, an individual;<br><br>Counter-Claimant,<br><br>vs.<br><br>QUINTARA BIOSCIENCES, INC., a California corporation, RICHARD SHAN, an individual and XUELING ZHAO, an individual;<br><br>Counter-Defendants. | |

Lien holder Buchalter, P.C., hereby joins in the Reply Brief of Defendants re: Motion for Attorneys' Fees and Costs, and submits the following points in Reply.

**A.  Quintara Incorrectly Equates Its Survival of a Motion for Partial Summary Judgment With Not Bringing or Maintaining Its DTSA Claim in Bad Faith.**

Plaintiff Quintara Biosciences, Inc. ("Quintara") claims that because it survived a motion for partial summary judgment, that its lawsuit was not maintained or prosecuted in "bad faith." Quintara even goes as far as claiming "Defendants' failure, however, to defeat Plaintiff's trade secret claims on summary judgment indicates Plaintiffs' claims were not objectively specious." (Dkt. No. 393 p. 10:7-8.)

However, the denial of a summary judgment motion does not operate to preclude an award of bad faith attorneys' fees. *Flir Systems, Inc. v. Parrish*, 174 Cal. App. 4th 1270, 1283 (2009) (Applying the California Uniform Trade Secrets Act: "Appellants cite no California authority that the denial of a summary judgment motion in a trade secret case precludes the trial court from finding, after it has heard all the evidence, that the action was brought or maintained in bad faith.") In doing so, the *Flir Systems* court followed *Waller v. TJD, Inc.* 12 Cal. App. 4th 830, 836 (1994) for the proposition that an "order denying summary judgment is not a basis to reverse a judgment entered after trial on the merits." *Id*.

Indeed, the *Flir Systems* court rejected Quintara's very argument concluding "If the rule were otherwise, a trade secrets plaintiff could file sham declarations to successfully oppose a summary judgment motion and immunize itself from sanctions." *Id*. Thus, despite the apparent comfort it finds, the denial of Defendants' Motion for Partial Summary Judgment (Dkt. No. 199) provides Quintara no solace after judgment on the merits has been entered against it.[1] The Court should review the evidence put on at trial regarding the merits of Quintara's claims, and the evidence of bad faith submitted in Defendants' Motion for Attorneys' Fees and Buchalter's Joinder.

---

[1] The two unreported cases cited by Quintara (Dkt. No. 393, pp. 10:24-11:3) were decided under the California Uniform Trade Secrets Act. Buchalter was unable to find any authority that the denial of a summary judgment motion operates to preclude a finding of "bad faith" attorneys' fees under the Defend Trade Secrets Act.

**CORRECTED LIEN HOLDER BUCHALTER, P.C.'S JOINDER IN DEFENDANTS' REPLY BRIEF AND SUPPLEMENTAL REPLY - No. 3:20-cv-04808-WHA**

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

BN 78136786v3

### B. Quintara's Principals' and Its Counsel's Sworn Testimony Are Conspicuously Absent from Its Opposition Papers.

Buchalter provided an extensive chronicle showing the multitude of occasions Defendants cited to *Flir Systems* and *Swarmify* trumpeting Defendants' concerns Quintara was proceeding in bad faith. (Dkt. No. 391, Exhs. 1-19.) Likewise, Defendants,' through their counsel of record, made scathing accusations against Quintara and its counsel regarding both objective speciousness and subjective bad faith. (Dkt. No. 377.)

One would expect that Quintara's principals and its counsel would respond by submitting sworn declarations explaining why it continued to prosecute through a jury verdict a single trade secret claim of dubious merit with questionable damages. One would also expect Quintara and its counsel would submit highly-detailed declarations confronting the evidence presented. Instead, Quintara submitted only the declaration of its counsel which side-steps Defendants' and Buchalter's stated concerns about Quintara's bad faith. (Dkt. No. 393, Pt. 1.) Quintara's silence is very troubling. Quintara's failure to address Defendants' and Buchalter's evidence should amount to a tacit admission that Quintara brought and maintained its trade secrets claim in bad faith.

DATED: August 17, 2023                BUCHALTER, A Professional Corporation

By: */s/Dylan W. Wiseman*
DYLAN W. WISEMAN
Attorneys for Lien Holder
BUCHALTER, P.C.