**LILAW INC.**
J. James Li, Ph.D. (SBN 202855, lij@lilaw.us)
Richard D. Lambert (SBN 251148, lambertr@lilaw.us)
Tamara M. Rider (SBN 267951, ridert@lilaw.us)
Daniel R. Peterson (SBN 326798, petersond@lilaw.us)
1905 Hamilton Avenue, Suite 200
San Jose, California 95125
Telephone: (650) 521-5956
Facsimile: (650) 521-5955

Attorneys for Plaintiff QUINTARA BIOSCIENCES, INC.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTARA BIOSCIENCES, INC., a California corporation,<br><br>Plaintiff,<br>v.<br><br>RUIFENG BIZTECH INC., a California corporation, GANGYOU WANG, an individual, ALEX WONG, an individual, ALAN LI, an individual, RUI SHAO, an individual, and RF BIOTECH LLC, a California limited liability company,<br><br>Defendants. | **Case No. 3:20-cv-04808-WHA**<br><br>**PLAINTIFF'S OBJECTION AND RESPONSE TO REPLY BRIEF BY DEFENDANTS' FORMER COUNSEL**<br><br>**Court:** Courtroom 12, 19th Floor<br>**Judge:** Hon. William Alsup<br>**Date:** September 14, 2023<br>**Time:** 8:00 a.m. |

## I. INTRODUCTION

It has become comical the extent to which Defendants, their current counsel – Ms. Reshma Kamath, – and their former counsel – Dylan Wiseman – have blatantly and consistently violated the rules of this Court. The utter disregard Defendants, their current counsel, and their former counsel have shown for the rules and authority of this Court can no longer be tolerated or ignored. Oddly, even Defendants' former counsel and current counsel cannot even seem to agree on much as Ms. Kamath herself objected to the improper "reply" brief filed by Mr. Wiseman though such an objection was seemingly based on the inner turmoil between Ms. Kamath, Mr. Wiseman, and the Defendants as opposed to the improper nature of the reply itself. *See* ECF 400.

Even odder is the fact that, as was pointed out specifically in Quintara's Objection to Defendants and Ms. Kamath's Excessive Brief (ECF 392), Mr. Wiseman offered no "motion" on the attorneys' fee issue but yet *now* offers a "reply". To the contrary, Mr. Wiseman submitted a self-serving declaration that consisted almost entirely of argument as opposed to facts which was in direct and clear violation of Local Rule 7-5(b). This specific violation was pointed out by Quintara in its Objection to the Request to File an Oversized Brief (*id.*); yet, and quite shockingly, Mr. Wiseman offers nothing to rebut his clear and unequivocal violation of Local Rule 7-5(b) and pivots to simply providing more argument thereby further exceeding the page limitation set by this Court pursuant to Local Rule 7-3(c).

Mr. Wiseman fails to realize that Defendants had previously spent *all* allotted pages in the reply filed by Ms. Kamath. *See* ECF 397. Mr. Wiseman simply does not care that his submission was in violation of the Local Rules and hopes this Court will ignore the gross dereliction of Defendants, their current counsel, and their former counsel when it comes to complying with the simplest of rules. This Court is not as easily fooled as Mr. Wiseman believes. And, again, as this Court is certainly aware, violation of the rules of this Court by Defendants, Ms. Kamath, and Mr. Wiseman is hardly a novel issue and is simply par for the course as the record indicates.

In any event, what Mr. Wiseman states in his "reply" does nothing to overcome the clear authorities cited by Plaintiff that plainly support the fact that it is utterly impossible for this Court to find Plaintiff acted in either objective or subjective bad faith in bringing this matter to trial given the



| 1 | Court overruled Defendants' prior Motion for Summary Judgment as to Plaintiff's claim for
| 2 | misappropriation of trade secrets on the grounds. The grounds for summary judgement were that: (i)
| 3 | Plaintiff took no reasonable measures to protect the trade secrets; (ii) Plaintiff had not demonstrated a
| 4 | protectable trade secret in the customer and vendor databases; (iii) the databases did not have
| 5 | independent economic value; (iv) Plaintiff had no evidence of misappropriation; (iv) Plaintiff had no
| 6 | evidence that Defendants "used" the trade secrets; and (v) Plaintiff had not suffered any damages.
| 7 | ECF 163-1.

Plaintiff opposed the Motion for Summary Judgment and provided clear and unequivocal evidence as to each of the foregoing matters. ECF 169. In fact, included in the Opposition by Plaintiff was clear evidence from its expert – John Berryhill – that many of the statements and arguments made by Defendants and their counsel at the time – Mr. Wiseman – were false and misleading. *Id*. These false and misleading statements by Defendants and their then-counsel were brought to light at the hearing on the motion and noted in the Court's Order ***denying*** the Motion for Summary Judgment. ECF 199 ("At the hearing on the motion for summary judgment, defense counsel stated that defendants' forensic expert had not found any relevant documents from Quintara's April 21 list on defendants' computers, with the sole exception of one file ("process_orders.xlsx") that had not been modified since January 27, 2020, which was before the lockout and dispute. ***That statement proved to be misleading as argument developed as defense counsel was eventually forced to admit that defendants last accessed the document January 23, 2021 — more than six months after the dispute arose (Opp. 16). Candor up front would have saved a lot of time at the hearing***.")

To this day, Mr. Wiseman still offers no explanation as to his intentional deception of this Court. Nevertheless, Mr. Wiseman claims that simply because Quintara defeated Defendants' Motion for Summary Judgment is not evidence that Quintara acted in good faith. Mr. Wiseman is, again, misleading this Court and while it is not Quintara's burden to prove a negative (i.e., it acted in good faith) Mr. Wiseman utterly ignores the case law cited by Quintara in its Opposition. *See* ECF 393 at 10:24-11:03 (*Kim Laube & Co., Inc. v. Wahl Clipper Corp.*, 2014 WL 12461044, at *5 (C.D. Cal. 2014) (holding that plaintiffs' claim as to "the replaceable tip technology" was not objectively specious given the court's denial of the defendant's motion for summary judgment with respect to



plaintiffs' trade secret claim); *Pixion, Inc. v. PlaceWare Inc.*, 2005 WL 3955890, at *3 (N.D. Cal. 2005) (concluding plaintiffs' trade secrets claims were not objectively specious where the court denied defendant's summary judgment motion upon finding four of plaintiff's alleged trade secrets were protectable). Mr. Wiseman offers no authority or argument in contravention to the case law cited by Quintara. This is fatal to Mr. Wiseman's "reply".

In sum, this Court must strike the "reply" brief by Mr. Wiseman as the filing of such violates the Local Rules of this Court which limits reply briefs to fifteen (15) pages. Ms. Kamath's brief (which was filed more than sixteen (16) hours before the "reply" by Mr. Wiseman) already encompassed the allotted fifteen pages permitted under Local Rule 7-3(c). The continuing and intentional refusal by Defendants, their current counsel, and their former counsel to follow the rules of this Court must not be tolerated further.

## II. MR. WISEMAN'S "REPLY" BRIEF VIOLATES LOCAL RULE 7-3(C) AND MUST BE STRUCK AND DISREGARDED BY THIS COURT

Defendants, their former counsel, and their current counsel have violated the Local Rules, Federal Rules of Civil Procedure, and the Standing Civil Order of this Court too many times to count. Mr. Wiseman's improper "reply" brief (to which he filed no motion of which to permissibly reply) is just further evidence of the lack of respect that Defendants, their current counsel, and their former counsel have for the rules of this Court.

In the most recent violation, Mr. Wiseman has filed a "reply" brief despite the fact he no longer represents the Defendants in this case, filed no motion for which any such "reply" would be proper, and violates Local Rule 7-3(c). Indeed, on August 17, 2023 at 12:35 a.m. Defendants' current counsel – Ms. Kamath – filed a reply brief to her Motion for Attorneys' Fees and Costs. *See* ECF 397. Ms. Kamath's brief was fifteen (15) pages long which is the exact length permissible by Local Rule Local Rule 7-3(c). Despite that Mr. Wiseman filed ***no brief*** to which he could even permissibly offer a reply, Mr. Wiseman's now submits a "reply" which, if considered, would improperly permit Defendants to submit an over-length reply without remotely attempting to comply with Local Rule 7-11. Critically, Mr. Wiseman filed more than sixteen (16) hours after Ms. Kamath, meaning he was



fully aware that his "reply" would render Defendants' reply in excess of the page limitation imposed by Local Rule 7-3(c).

Given the foregoing, Mr. Wiseman has failed to comply with Local Rule 7-11 in seeking this Court's prior permission to file an oversized brief as Mr. Wiseman has utterly failed (and no remote attempt) to comply with Local Rule 7-11 which requires, in order to file an oversized brief, that Mr. Wiseman "set forth specifically the action requested and the reasons supporting the motion, *and must be accompanied by a proposed order* and by either a stipulation under Civil L.R. 7-12 *or by a declaration that explains why a stipulation could not be obtained*." L.R. 7-11(a) (emphasis added). Mr. Wiseman has complied with none of these mandates as Mr. Wiseman *did not* request permission from the Court to file an overlength brief *prior to the due date*; to the contrary, Mr. Wiseman just filed the "reply" brief. In addition, Mr. Wiseman provides no declaration establishing the underlying basis for the request to file an excessive brief, and there is certainly no declaration establishing any attempt to reach a stipulation with Quintara; in fact, *there is no declaration at all*. This is just another example of Defendants' counsel having no respect for the rules of this Court. Likewise, *no proposed order* was included which is further fatal to Mr. Wiseman's request. Thus, Mr. Wiseman's "reply" brief must be stricken and not considered by the Court.

III. **WHILE THE COURT MUST STRIKE MR. WISEMAN'S "REPLY" DUE TO VIOLATIONS OF LOCAL RULE 7-3(C), IT MATTERS NOT BE BECAUSE THE REPLY ONLY FURTHER UNDERSCORES THE FAILURE BY DEFENDANTS TO MEET THEIR HEAVY BURDEN OF PROVING OBJECTIVE AND SUBJECTIVE BAD FAITH.**

As was clearly established in Plaintiff's Opposition to the Motion for Attorneys' Fees and Costs, this Court *denied* Defendants' Motion for Summary Judgment and, in fact, determined that Mr. Wiseman purposefully misled this Court as to the evidence. Unsurprisingly, Mr. Wiseman, to this day, and even in his "reply", offers no excuse or justification for purposefully deceiving this Court. ECF 199 ("At the hearing on the motion for summary judgment, defense counsel stated that defendants' forensic expert had not found any relevant documents from Quintara's April 21 list on defendants' computers, with the sole exception of one file ("process_orders.xlsx") that had not been modified since January 27, 2020, which was before the lockout and dispute. *That statement proved to be misleading as argument developed as defense counsel was eventually forced to admit that defendants last accessed*

*the document January 23, 2021 — more than six months after the dispute arose (Opp. 16). Candor up front would have saved a lot of time at the hearing*.")

Despite such egregious conduct, Mr. Wiseman now claims that the Court's ruling on summary judgment is of little value claiming that the denial of summary judgment is not, in and of itself, evidence of good faith citing *Flir Systems, Inc. v. Parrish*, 174 Cal. App. 4th 1270, 1283 (2009). Mr. Wiseman has the burden of proof backwards. Indeed, it is ***not*** Quintara's burden to prove good faith; quite the opposite. Indeed, it is the heavy burden of the Defendants to prove that Quintara operated in ***both*** objective and subjective bad faith in order to be entitled to attorneys' fees. *See Pollara v. Radiant Logistics, Inc.*, 650 F. App'x 372, 374 (9th Cir. 2016).

The Court's previous consideration of Plaintiff's trade secret claims and determination that Plaintiff's claims withstood summary judgment signal that Plaintiff's claims are not objectively specious and that Plaintiff did not assert these claims in bad faith. *See Kim*, 2014 WL 12461044, at *5 (holding that plaintiffs' claim as to "the replaceable tip technology" was not objectively specious given the court's denial of the defendant's motion for summary judgment with respect to plaintiffs' trade secret claim); *Pixion*, 2005 WL 3955890, at *3 (concluding plaintiffs' trade secrets claims were not objectively specious where the court denied defendant's summary judgment motion upon finding four of plaintiff's alleged trade secrets were protectable). Mr. Wiseman does not even attempt to address these cases let alone make any attempt to distinguish these authorities.

As was made clear in the Court's Order on the Motion for Summary Judgment, Plaintiff had sufficient evidence to continue to trial as the record showed evidence of misappropriation. ECF 199. This is especially true given that, among others, Defendants' Motion for Summary Judgment also claimed that: (i) Plaintiff took no reasonable measures to protect the trade secrets; (ii) Plaintiff had not demonstrated a protectable trade secret in the customer and vendor databases; (iii) the databases did not have independent economic value; (iv) Plaintiff had no evidence of misappropriation; (iv) Plaintiff had no evidence that Defendants "used" the trade secrets; and (v) Plaintiff had not suffered any damages. ECF 163-1.

Despite these gross and undeniable shortcomings in his "reply", Mr. Wiseman still proclaims that Quintara operated in bad faith. This is nonsense. How could Quintara have proceeded to trial on



the matter in bad faith when the Court *rejected* each of the foregoing arguments raised by Defendants and *denied* summary judgment? Again, Mr. Wiseman is simply grasping at straws with such conduct being more concerning given that it is clear that Mr. Wiseman and his firm have filed suit against the Defendants in this matter for failure to pay fees as agreed. Nor does Mr. Wiseman address any of the issues set forth in Plaintiff's Opposition to the Motion for Attorneys' Fees and Costs (*see* ECF 393) which is shocking and, as Mr. Wiseman contends, is more than a tacit admission that Defendants, their current counsel, or their former counsel have any competent evidence of bad faith by Quintara.

Moreover, Defendants' current and former counsel can't even decide which law applies to the Motion for Attorneys' Fees and Costs. Indeed, while Mr. Wiseman's "reply" focuses solely on a single case emanating from a California Appeal, Ms. Kamath expressly states that such case law does not apply given the claims by Quintara were brought under the DTSA and CUSTA. *See* ECF 397 ("*Very sadly*, for such an experienced attorney and a team of four competent attorneys, Quintara and its attorneys rely on CUTSA, and the California Code. **It, however, does not apply in this case**. DTSA has a federal code, and the federal statute applies.") (emphasis in original). That Defendants own current counsel and former counsel cannot even agree as to which legal standard applies is further proof of the baseless nature of the Motion for Attorneys' Fees and Costs as well as the arguments by their current and former counsel.

There is simply no excuse for Defendants to fail to provide competent evidence of objective or subjective bad faith. They do not even try. The reason is obvious: *there is no such evidence* and the record makes that fact perfectly clear. The absolute lack of evidence is quite telling and is definite proof that the Motion for Attorneys' Fees and Costs has no merit.

### IV. <u>CONCLUSION</u>

For the foregoing reasons, Quintara respectfully requests that the Court strike and disregard the "reply" brief offered by Mr. Wiseman as such is in direct violation of the Local Rules. Should the Court consider the "reply" brief, Quintara requests that the Court note that Defendants, their current counsel, and their former counsel cannot even agree as to applicable law as well as the fact that Mr. Wiseman's "reply" brief does not even attempt to address the authority cited by Quintara which



specifically holds that neither objective nor subjective bad faith can be found when summary judgment is denied just as it was in this case.

DATED: August 18, 2023     **LILAW INC.**

By /s/ J. James Li
───────────────────────────
J. James Li
Richard Lambert
Attorney for Plaintiff QUINTARA BIOSCIENCES, INC.

