**LILAW INC.**
J. James Li, Ph.D. (SBN 202855, lij@lilaw.us)
Richard D. Lambert (SBN 251148, lambertr@lilaw.us)
Tamara M. Rider (SBN 267951, ridert@lilaw.us)
Daniel R. Peterson (SBN 326798, petersond@lilaw.us)
1905 Hamilton Avenue, Suite 200
San Jose, California 95125
Telephone: (650) 521-5956
Facsimile: (650) 521-5955

Attorneys for Plaintiff QUINTARA BIOSCIENCES, INC.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTARA BIOSCIENCES, INC., a California corporation,<br><br>           Plaintiff,<br>v.<br><br>RUIFENG BIZTECH INC., a California corporation, GANGYOU WANG, an individual, ALEX WONG, an individual, ALAN LI, an individual, RUI SHAO, an individual, and RF BIOTECH LLC, a California limited liability company,<br><br>           Defendants. | **Case No.  3:20-cv-04808-WHA**<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION PURSUANT TO LOCAL CIVIL RULE 7-11 FOR CONTINUANCE OF OCTOBER 4, 2023 HEARING ON DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES** |



Pursuant to Local Rule 7-11(a) and this Court's SUPPLEMENTAL ORDER TO ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE IN CIVIL CASES BEFORE JUDGE WILLIAM ALSUP, Plaintiff Quintara Biosciences, Inc. ("Plaintiff"), moves to continue the October 4, 2023 hearing set by the Court on September 5, 2023 [ECF 402] on Defendants' Motion for Attorneys' Fees and Costs (the "Motion") previously scheduled for September 14, 2023. ECF 382.

Given the importance of the Motion (Defendants seek $4,500,000 in combined attorneys' fees and costs) and the history of this action from its inception through trial, it is of paramount importance that Plaintiff's lead counsel – Dr. J. James Li – be present at the hearing to present argument and respond to any inquiries that the Court may have with respect to the Motion given his involvement and familiarity with the litigation. However, Dr. Li will be out of the country on other business engagements and personal matters from September 18, 2023 through October 23, 2023 and will be unable to attend the hearing in person as ordered by the Court [ECF 402]. *See* Declaration of J. James Li in Support of Administrative Motion to Continue Hearing ("Li Decl.") at ¶ 2.

It would be prejudicial to Plaintiff – faced with a request for $4,500,000 in combined attorneys' fees and costs – to hold the hearing on the Motion when Dr. Li is unable to appear in person as ordered by the Court given his superior familiarity with the legal, factual, and procedural history of this action each of which are directly at issue in the Motion. *Id*. at ¶ 3. Indeed, a number of Courts have previously held that a party is prejudiced by the absence of informed and prepared counsel at judicial proceedings. This case is certainly no different and, in fact, such a rule is amplified given the extraordinary sums at stake.

Thus, Plaintiff respectfully requests that the Court continue the hearing on the Motion until December 14, 2023 which is the first available hearing date according to the Court's publicly available schedule. In the alternative, should the Court so desire, Plaintiff requests the hearing on the Motion be continued to sometime in mid-November when Dr. Li will be back in the United States and available to attend the hearing in person assuming such a date is available to both the Court and Defendants' counsel. In the alternative, if the Court is so willing, Plaintiff respectfully requests that the Court permit counsel for both Plaintiff and Defendants to attend the October 4, 2023 hearing on the Motion by remote means.

Plaintiff's meet and confer efforts with Defendants in an effort to reach a stipulation on the requested continuance were unsuccessful thereby necessitating the filing of this motion. *Id*. at ¶ 3. Specifically, on September 7, 2023, counsel for Plaintiff emailed counsel for Defendants – Ms. Reshma Kamath – requesting that the parties stipulate to the continuance sought herein. *Id*. and Exh. 'A'. While Ms. Kamath initially stated her willingness to stipulate to a continuance, she requested the hearing be moved to February of 2024 making vague claims to purportedly being out of the country from some time in December of 2023 through January 2024.

When asked to provide the specific dates when Ms. Kamath would be unavailable so the parties could work to find a mutually agreeable date, Ms. Kamath refused to provide any specifics thereby making it impossible for the parties to select a mutually agreeable future hearing date. *Id*. Ms. Kamath was informed that due to Dr. Li being in trial beginning January 30, 2024 (expected to last two (2) weeks), the parties could not select a mutually agreeable date without knowing the dates of her alleged unavailability. Eventually, in the face of a simple request to provide the specific dates as to her claimed unavailability, Ms. Kamath stated she would not stipulate to the requested continuance thereby necessitating this Administrative Motion. *Id*.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. <u>INTRODUCTION</u>

On July 31, 2023, Defendants filed their Motion seeking $4,500,000 in attorneys' fees and costs following a jury verdict in their favor. ECF 377. Plaintiff has opposed the Motion. ECF 393. And Defendants have filed a reply. ECF 397. The Court previously issued a minute order setting the hearing on the Motion for September 14, 2023. ECF 382. On September 5, 2023, the Court continued the hearing date on the Motion from September 14, 2023 to October 4, 2023. ECF 402. The Court further ordered that counsel for the parties appear at the October 4, 2023 hearing on the Motion in person. *Id*.

Plaintiff's lead counsel – Dr. J. James Li – will be out of the country on other business engagements from September 18, 2023 through October 23, 2023 and will be unable to attend the hearing on October 4, 2023 in person as ordered by the Court. Such includes a number of in-person depositions being conducted in China during that time in another action in which Dr. Li serves as



lead counsel. *See* Li Decl. at ¶ 2. It would be prejudicial to Plaintiff – faced with a request for $4,500,000 in combined attorneys' fees and costs – to hold the hearing on the Motion when Dr. Li is unable to appear in person as ordered by the Court given his superior familiarity with the legal, factual, and procedural history of this action each of which are directly at issue in the Motion. *Id*. at ¶ 3. Indeed, a number of Courts have previously held that a party is prejudiced by the absence of informed and prepared counsel at judicial proceedings. *See In re Marriage of Hoffmeister*, 161 Cal.App.3d 1163, 1169-1171 (1984); *In re Dolly A.*, 177 Cal.App.3d 195, 201 (1986); *Oliveros v. County of Los Angeles*, 120 Cal.App.4th 1389 (2004).

No prejudice will flow to Defendants given the fact that Defendants' counsel has taken the position that following Plaintiff's Notice of Appeal in this action, proceedings before this Court are stayed. *See* ECF 397 at 2:02-08 ("The power of the trial court is suspended to proceed further in the cause when the appeal was perfected. *Supreme Court in Hovey v. McDonald*, 109 U.S. 150, 3 S.Ct. 136, 140, 27 L.Ed. 888."). As such, given Defendants' belief that the matter is stayed before this Court there can be no claim of prejudice by Defendants or their counsel should the hearing on the Motion be continued.

Thus, Plaintiff respectfully requests that the Court continue the hearing on the Motion until December 14, 2023 which is the first available hearing date according to the Court's publicly available schedule. In the alternative, should the Court so desire, Plaintiff requests the hearing on the Motion be continued to sometime in mid-November when Dr. Li will be back in the United States and available to attend the hearing in person assuming such a date is available to both the Court and Defendants' counsel. In the alternative, if the Court is so willing, Plaintiff respectfully requests that the Court permit counsel for both Plaintiff and Defendants to attend the October 4, 2023 hearing on the Motion by remote means.

II. **LAW AND ARGUMENT**

As set forth above, other Courts have determined that the absence of a party's lead counsel from hearings or other judicial proceedings can result in prejudice to that party and that such prejudice should be avoided in the absence of undue delay or undue prejudice to the opposing party.



*See In re Marriage of Hoffmeister*, 161 Cal.App.3d 1163, 1169-1171 (1984); *In re Dolly A.*, 177 Cal.App.3d 195, 201 (1986); *Oliveros v. County of Los Angeles*, 120 Cal.App.4th 1389 (2004).

As set forth above, given the importance of the Motion (Defendants seek $4,500,000 in combined attorneys' fees and costs) and the history of this action from its inception through trial, it is of paramount importance that Dr. Li be present at the hearing to present argument and respond to any inquiries that the Court may have with respect to the Motion given his involvement and familiarity with the litigation. It would be prejudicial to Plaintiff – faced with a request for $4,500,000 in combined attorneys' fees and costs – to hold the hearing on the Motion when Dr. Li is unable to appear in person as ordered by the Court given his superior familiarity with the legal, factual, and procedural history of this action each of which are directly at issue in the Motion. *Id.* at ¶ 3.

Given that Dr. Li will be out of the country from September 18, 2023 through October 23, 2023 and will be unable to attend the hearing in person as ordered by the Court due to his obligation to other matters in which he also serves as lead counsel (as well as personal matters), a continuance is appropriate so that Plaintiff is afforded a fair and just opportunity to present argument on the Motion and fully respond to any specific inquiries by this Court. Given the Motion turns almost entirely on the factual and procedural record in this case, it is of the utmost importance that Dr. Li be in attendance at the hearing on the Motion.

Lastly, no prejudice will flow to Defendants given the fact that Defendants' counsel has taken the position that following Plaintiff's Notice of Appeal in this action, proceedings before this Court are stayed. *See* ECF 397 at 2:02-08 ("The power of the trial court is suspended to proceed further in the cause when the appeal was perfected. *Supreme Court in Hovey v. McDonald*, 109 U.S. 150, 3 S.Ct. 136, 140, 27 L.Ed. 888."). As such, given Defendants' belief that the matter is stayed before this Court there can be no claim of prejudice by Defendants or their counsel should the hearing on the Motion be continued.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court continue the hearing on the Motion until December 14, 2023 which is the first available hearing date according to the Court's publicly available schedule. In the alternative, should the Court so desire, Plaintiff requests



the hearing on the Motion be continued to sometime in mid-November when Dr. Li will be back in the United States and available to attend the hearing in person assuming such a date is available to both the Court and Defendants' counsel. In the alternative, if the Court is so willing, Plaintiff respectfully requests that the Court permit counsel for both Plaintiff and Defendants to attend the October 4, 2023 hearing on the Motion by remote means.

DATED: September 8, 2023          **LILAW INC.**

By /s/ J. James Li
_____
J. James Li
Richard Lambert
Attorney for Plaintiff QUINTARA BIOSCIENCES, INC.