UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

QUINTARA BIOSCIENCES, INC.,

    Plaintiff,

v.

RUIFENG BIZTECH INC., GANGYOU WANG, ALAN LI, and RF BIOTECH LLC,

    Defendants.

No. C 20-04808 WHA

**ORDER DENYING MOTION FOR ATTORNEY'S FEES**

    The Court has reviewed the motion for attorney's fees and the latest filings. In light of the arguments raised, the extraordinary difficulties of counsel in scheduling a hearing, and defense counsel's refusal to attend in person, the Court finds the motion suitable for disposition on the papers under Civil Local Rule 7-1(b). The hearing on the motion for attorney's fees is **VACATED**.

    The motion for attorney's fees is now **DENIED**. The Defend Trade Secrets Act permits (and does not require) a court to award attorney's fees to a prevailing party defending against a claim of trade secret misappropriation made in bad faith. 18 U.S.C § 1836(b)(3)(D). That is the only available basis for awarding attorney's fees here. But this claim was not made in bad faith. Plaintiff had a strong case except on the issue of ownership of the trade secret, and even there, it was a close call. Although the motion for attorney's fees mentions costs, defense

counsel failed to serve and file a bill of costs in compliance with our rules and practice, and this constitutes waiver. *See* Civ. L.R. 54-1.

It should be noted that costs were mentioned at the end of an oversized brief (Br. 41–42). Before the judge could rule on the request to file eleven extra pages (Dkt. No. 376), defense counsel went ahead and filed them anyway (Dkt. No. 377). A prior order gave plaintiff's counsel the opportunity to object and explained that the extra pages would be struck if the objection was sustained (Dkt. No. 381). Having reviewed plaintiff's counsel's objection and defense counsel's response (Dkt. Nos. 392, 394), this order **SUSTAINS** the objection. There was simply no reason for an oversized brief. Yet even accounting for the extra pages, attempting to glean reasonably incurred costs from this sprawling motion would be infeasible.[*] It would also be inappropriate.

Defense counsel has repeatedly violated rules — at trial, in the lead-up to trial, and now post-trial. The record reflects that the Court admonished counsel many times. True, the Court forgave violations in some instances, recognizing that it was counsel's first trial, that she was trying the case alone, and so as not to prejudice her clients (*see, e.g.*, Final Pretrial Order ¶ 8; Tr. 432:5–17). Indeed, the Court forgave *plaintiff's counsel's* violations in some instances as well (*see, e.g.*, Tr. 221:23–222:8; 405:12–406:12). But the Court could not forgive defense counsel's violations in other instances, as that would prove too much (*see, e.g.*, Tr. 835:8–837:7). So too here.

In addition, this order **SUSTAINS** plaintiff's counsel's objection as to the declaration submitted by former defense counsel (Dkt. No. 391), which was largely argument, in violation of Civil Local Rule 7-5(b). The associated administrative motion to file under seal former

---

[*] Note the costs sought are not clearly delineated from the fees sought, and there is no explanation as to why such costs are recoverable or reasonably incurred. The motion does incorporate by reference an Exhibit S, a "true and correct copy of the costs for court-reporter fees, interpreter fees, and trial binder fees in the amount of $35,000" (Br. 42), but the receipts in Exhibit S do not sum to $35,000 (*see* Dkt. No. 380-1). What's more, the defendants had agreed prior to trial to pay for defendant Gangyou Wang's interpreter (Final Pretrial Order ¶ 25), and additional trial exhibits had to be printed on account of counsel's own error (*see* Dkt. No. 355; 07/06/2023 Tr.).

defense counsel's billing records is **GRANTED** since the public interest in this material is de minimis (Dkt. No. 390).

The hearing on the motion to hold defense counsel in contempt of court is **CONTINUED** and will be scheduled once that motion is fully briefed. The opposition brief is due **OCTOBER 5**, and the reply brief is due **OCTOBER 12**. Reshma Kamath is hereby reminded that she remains counsel of record for defendants.

**IT IS SO ORDERED.**

Dated: September 22, 2023.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3