**LILAW INC.**
J. James Li, Ph.D. (SBN 202855, lij@lilaw.us)
Richard D. Lambert (SBN 251148, lambertr@lilaw.us)
Tamara M. Rider (SBN 267951, ridert@lilaw.us)
Daniel R. Peterson (SBN 326798, petersond@lilaw.us)
1905 Hamilton Avenue, Suite 200
San Jose, California 95125
Telephone: (650) 521-5956
Facsimile: (650) 521-5955

Attorneys for Plaintiff QUINTARA BIOSCIENCES, INC.

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTARA BIOSCIENCES, INC., a California corporation,<br><br>Plaintiff,<br>v.<br><br>RUIFENG BIZTECH INC., a California corporation, GANGYOU WANG, an individual, ALEX WONG, an individual, ALAN LI, an individual, RUI SHAO, an individual, and RF BIOTECH LLC, a California limited liability company,<br><br>Defendants. | **Case No. 3:20-cv-04808-WHA**<br><br>**NOTICE OF NON-RECEIPT OF OPPOSITION TO MOTION TO HOLD DEFENDANTS' COUNSEL IN CONTEMPT**<br><br>**Court:** Courtroom 12, 19th Floor<br>**Judge:** Hon. William Alsup<br>**Date:** To Be Set By Court<br>**Time:** To Be Set By Court |


# NOTICE OF NON-OPPOSITION TO MOTION FOR SANCTIONS

On September 22, 2023, this Court entered an Order Denying Defendants' Motion for Attorneys' Fees and Costs (the "Order"). ECF 407. In addition to denying Defendants' motion for attorneys' fees, the Order also continued the hearing on Plaintiff's Motion for Contempt (the "Motion") (ECF 405) until the Motion was fully briefed and ordered counsel for Defendants – Ms. Reshma Kamath – to submit an opposition by October 5, 2023 and Plaintiff to submit any reply by October 12, 2023. *See* ECF 407 at 3:03-06.

Shortly after the Court issued the Order, Ms. Kamath submitted a "Further Notice of Reshma Kamath Against Judge William Alsup's Racism and White Homogeneity Promoted in San Francisco Federal Courthouse" in which she stated, among others, that "Undersigned counsel will NOT appear, and will NOT file any filings for **JUDGE HIXSON'S RACIAL MISOGYNY/JIM LI**'s frivolous motion of contempt – even if it means Judge Alsup orders PRISON TIME based on his now outward and open racism." ECF 408 at 3:02-06 (emphasis in original). Shortly thereafter, again on September 22, 2023, Ms. Kamath submitted a "Supplemental, Further Notice of Reshma Kamath Against Judge William Alsup's Racism and White Homogeneity Promoted in San Francisco Federal Courthouse" in which she stated, among others, "***PLEASE TAKE NOTICE*** that even if it means getting suspended and/or disbarred and/or hundreds of thousands in judgment/sanctions/liens, because of JUDGE WILLIAM ALSUP's conduct." ECF 409 at 2:01-04.

True to her word, Ms. Kamath did not submit an opposition to Plaintiff's Motion by October 5, 2023 as ordered by the Court. The failure to provide any opposition coupled with Ms. Kamath's previous unequivocal statements that she will not, under any circumstance, pay any sanctions ordered by Court compels the finding by this Court that sanctions are not only appropriate in this case but are also necessary. *See* ECF 311 at 2:01-03 ("Defense Counsel RESHMA KAMATH will **NOT** be paying the sanctions in the prejudicial 'ORDER AWARDING SANCTIONS' dated June 5, 2023.") (emphasis in original); ECF 408 at 3:02-06 ("Undersigned counsel will NOT appear, and will NOT file any filings for **JUDGE HIXSON'S RACIAL MISOGYNY/JIM LI**'s frivolous motion of contempt – even if it means Judge Alsup orders PRISON TIME based on his now outward and open racism.") (emphasis in original); ECF 409 at 2:01-04 ("***PLEASE TAKE NOTICE*** that even if it



LiLaw Inc.

means getting suspended and/or disbarred and/or hundreds of thousands in judgment/sanctions/ liens, because of JUDGE WILLIAM ALSUP's conduct.").

This fact, in conjunction with Ms. Kamath's statement that she will not appear before this Court in the future requires that the Court grant Plaintiff's Motion and that no hearing is necessary given that Ms. Kamath has not opposed Plaintiff's Motion and has specifically stated she will not appear at any hearing. Moreover, the Court should permit Plaintiff's leave to file a motion for fees and costs resulting from Ms. Kamath's failure and refusal to pay the ordered sanctions and should also impose a *per diem* fine on Ms. Kamath, and payable to this Court, until she has complied and paid the Court ordered sanctions.

While the record is perfectly clear, and this Court has previously addressed many of the issues, Plaintiff will recap the necessity and propriety of an order of contempt against Ms. Kamath under the circumstances.

To establish civil contempt, the moving party bears the burden of showing "(1) that [the alleged contemnor] violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence." *Labor/Cmty. Strategy Ctr. V. Los Angeles Cty. Metro Transp. Auth.*, 564 F.3d 1115, 1123 (9th Cir. 2009) (alteration in original) (*quoting In re Dual Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993)).

"Clear and convincing evidence requires greater proof than preponderance of the evidence. To meet this higher standard, a party must present sufficient evidence to produce 'in the ultimate factfinder an abiding conviction that the truth of its factual contentions are highly probable.'" *Sophanthavong v. Palmateer*, 378 F.3d 859, 866-67 (9th Cir. 2004) (citation omitted). If the moving party demonstrates that the contemnors violated a specific and definite court order, "the burden shifts to the contemnors to demonstrate why they were unable to comply . . . [and] [t]hey must show they took every reasonable step to comply." *Stone v. City & Cnty. of San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir. 1992), *as amended on denial of reh'g* (Aug. 25, 1992).

Here, Judge Hixson issued an Order on June 5, 2023 which expressly ordered Ms. Kamath to pay sanctions to Plaintiff in the amount of $5,096.61 within thirty (30) days, i.e., July 5, 2023. ECF



310. This Order was duly signed by the Judge and lawfully entered. *See id*. Ms. Kamath did not pay the sanctions as ordered. On July 21, 2023, this Court entered an Order Affirming Sanctions, which ordered Ms. Kamath to pay the $5,096.61 in sanctions ordered by Judge Hixson by August 4, 2023. ECF 374 at 5:04-05 ("Defense counsel Reshma Kamath shall pay the $5,096.61 sanctions award to plaintiff within **FOURTEEN DAYS**.") (emphasis in original). This Order was duly signed by the Judge and lawfully entered. *See id*. Ms. Kamath did not pay the sanctions as ordered.

There can be no doubt that Ms. Kamath had clear knowledge of the Order Awarding Sanctions and the Order Affirming Sanctions given the fact that she specifically and immediately provided responses to both the Order Awarding Sanctions and the Order Affirming Sanctions. Indeed, in response to the Order Awarding Sanctions, Ms. Kamath issued the Objection. ECF 311. In her Objection, Ms. Kamath claimed that the Order Awarding Sanctions was the result of racism, misogyny, and the existence of a "boys' club" among others. *See* ECF 311 at 3:01-04 ("The Court is awarding sanctions based on the Court's own mistakes, and that of its staff. The Court's clerical errors and bias is not the basis for frivolous sanctions promulgating, sympathizing, and garnering excuses for the boys' club."); *id*. at 4:10-12 ("Thus, the Court's awarding sanctions again shows prejudice, and misogyny."); *id*. at 4:14-22 ("This is particularly targeted towards Counsel Reshma Kamath that the judicial officers, such as Judge Hixson, with bias and prejudice are attacking minority women in the profession who do not have white, and/or male lawyers as part of the law firms. The Salem Witch Hunt towards minority women in the legal profession, and to those of Indian-descent is quite visible in Judge Hixson's Order.").

Critically, Ms. Kamath stated, in no uncertain terms that, under no circumstances, would she pay the sanction. *Id*. at 2:01-03 ("Defense Counsel RESHMA KAMATH will **NOT** be paying the sanctions in the prejudicial 'ORDER AWARDING SANCTIONS' dated June 5, 2023.") (emphasis in original).

Likewise, within hours of this Court's Order Affirming Sanctions (ECF 374), Ms. Kamath submitted a letter to the Court and doubled down on her claims of misogyny and racism stating Judge Hixson's Order Awarding Sanctions was "based on revengeful racial misogyny, and not based in fact/law." ECF 375. As such, there can be no reasonable claim that Ms. Kamath was unaware of the



Order Awarding Sanctions or Order Affirming Sanctions, that she has made any attempt to comply (let alone substantial compliance), or any other basis for her express and stated refusal to comply. The facts are also clear that, to date, Ms. Kamath has refused to pay sanctions in the amount of $5,096.61 as ordered on two (2) separate occasions. Even worse is the fact that Ms. Kamath has unequivocally stated that she will **NOT** pay the sanctions. *See* ECF 311 at 2:01-03 ("Defense Counsel RESHMA KAMATH will **NOT** be paying the sanctions in the prejudicial 'ORDER AWARDING SANCTIONS' dated June 5, 2023.") (emphasis in original); ECF 408 at 3:02-06 ("Undersigned counsel will NOT appear, and will NOT file any filings for **JUDGE HIXSON'S RACIAL MISOGYNY/**JIM LI's frivolous motion of contempt – even if it means Judge Alsup orders PRISON TIME based on his now outward and open racism.") (emphasis in original); ECF 409 at 2:01-04 ("***PLEASE TAKE NOTICE*** that even if it means getting suspended and/or disbarred and/or hundreds of thousands in judgment/sanctions/ liens, because of JUDGE WILLIAM ALSUP's conduct.").

Far from misunderstanding the clear and express Order Awarding Sanctions and Order Affirming Sanctions or having a reasonable and good faith interpretation as to her obligations under the Order Awarding Sanctions and Order Affirming Sanctions (each of which are clear and simple and order Ms. Kamath to pay sanctions to Plaintiff in the amount of $5,096.61), Ms. Kamath's conduct as referenced herein as to both her frivolous, unwarranted, and unprofessional claims on the integrity of this Court and Judge Hixson and the substance and timing of her submissions to this Court are proof positive that Ms. Kamath undeniably understands her obligations under the Order Affirming Sanctions – to pay sanctions. As such, any claim by Ms. Kamath that she misunderstood her obligations under the Order Awarding Sanctions and Order Affirming Sanctions or maintains a good faith and reasonable interpretation as to what was required of her under the same is simply belied by the record and, more specifically, the submissions by Ms. Kamath in response to the Order Awarding Sanctions and Order Affirming Sanctions. *See* ECF 311 and ECF 375.

Thus, Plaintiff respectfully requests an order finding Defendants' counsel – Reshma Kamath – in contempt for the failure to comply with the Order Awarding Sanctions and the Order Affirming Sanctions. Plaintiff further requests that it be granted leave to apply for reasonable costs and



attorney's fees in connection with this Motion. Lastly, Plaintiff requests the Court impose a *per diem* fine on Ms. Kamath, and payable to this Court, until she has complied and paid the Court ordered sanctions.

DATED: October 12, 2023          **LILAW INC.**

                                   By /s/ J. James Li
                                           J. James Li, Ph.D.
                                           Richard D. Lambert
                                           Attorneys for Plaintiff Quintara Biosciences, Inc.

