United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

QUINTARA BIOSCIENCES, INC.,

    Plaintiff,

  v.

RUIFENG BIZTECH INC., GANGYOU WANG, ALAN LI, and RF BIOTECH LLC,

    Defendants.

No. C 20-04808 WHA

**ORDER GRANTING MOTION TO HOLD DEFENDANTS' COUNSEL IN CONTEMPT**

On September 22, an order continued the hearing on plaintiff's motion to hold defendants' counsel in contempt (Dkt. No. 407; *see* Dkt. No. 405). It explained that the hearing would be scheduled once the motion was fully briefed, noted that the opposition was due on October 5, and expressly reminded Attorney Reshma Kamath that she remained counsel of record for defendants (Dkt. No. 407 at 3). Within thirty minutes of the order's issuance, Attorney Kamath filed a notice stating, *inter alia*, that she "will NOT appear, and will NOT file any filings for . . . [the] frivolous motion of contempt" (Dkt. No. 408 at 3). October 5 came and went, and no opposition was ever filed. On October 12, plaintiff submitted a notice of non-receipt of opposition (Dkt. No. 414). No response to this notice was ever filed either.

In light of that, and having provided ample opportunity for Attorney Kamath to weigh in, this order finds the motion suitable for disposition on the papers under Local Rule 7-1(b). The hearing on the motion is **VACATED**. For the reasons stated herein, the motion to hold defendants' counsel in contempt is **GRANTED**.

To recap, on June 5, Magistrate Judge Thomas Hixson ordered Attorney Kamath to pay plaintiff sanctions in the amount of $5,096.61 within thirty days, *i.e.*, by July 5 (Dkt. No. 310 at 3). That amount corresponds to the fees and costs incurred by plaintiff in attending a scheduled in-person settlement conference that Attorney Kamath failed to attend (*see* Dkt. Nos. 296, 298). Attorney Kamath did not pay sanctions as ordered, nor did she move for relief from a nondispositive pretrial order of a magistrate judge as set out in Local Rule 72-2. Less than an hour after the order issued, however, Attorney Kamath filed an objection that referred to the "'ORDER AWARDING SANCTIONS' dated June 5, 2023" and established that she "will **NOT** be paying the sanctions" (Dkt. No. 311 at 2).

Then, on July 21, after plaintiff suggested that Attorney Kamath's objection should be interpreted as a motion, this judge issued an order that took up the arguments raised therein and concluded relief from the June 5 order was unwarranted (Dkt. No. 374; *see* Tr. 1003:4–1004:3). The July 21 order therefore required Attorney Kamath to pay plaintiff sanctions in the amount of $5,096.61 within fourteen days, *i.e.*, by August 4 (Dkt. No. 374 at 5). Less than an hour after the order issued, Attorney Kamath filed a letter stating that she was "in receipt of the Order dated July 21, 2023" and that she would "present Objections to the Court's Order dated July 21, 2023" (Dkt. No. 375). No such objections were ever presented. Again, Attorney Kamath did not pay sanctions as ordered.

"The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply." *Harmon v. City of Santa Clara*, 323 F.R.D. 617, 626 (N.D. Cal. 2018) (Judge Nathanael M. Cousins) (internal quotation and citation omitted). Here, there is no question that Attorney Kamath violated the specific and definite June 5 order awarding sanctions as well as the specific and definite July 21 order affirming sanctions. And, with the burden shifted, there was no meaningful attempt by Attorney Kamath to demonstrate why she was unable to comply with these orders. Even generously interpreting her June 5 objection as such an attempt, that cannot excuse Attorney Kamath's failure to pay

2

sanctions after the arguments therein were rejected on July 21. This contempt motion is hardly frivolous, as Attorney Kamath had suggested. It is ironclad.

Accordingly, Attorney Kamath is hereby **ADJUDGED IN CIVIL CONTEMPT** for failure to comply with the June 5 and July 21 orders requiring that she pay sanctions to plaintiff in the amount of $5,096.61. Plaintiff's request for leave to apply for reasonable fees and costs in connection with its contempt motion is **GRANTED**. By **MONDAY, NOVEMBER 20, AT NOON**, plaintiff's counsel shall file a declaration itemizing those reasonable fees and costs incurred, to be paid by Attorney Kamath in civil contempt sanctions if approved. Plaintiff's request for a *per diem* fine on Attorney Kamath until she has paid sanctions will be considered upon receipt of the ordered declaration and confirmation that Attorney Kamath still refuses to pay sanctions having been adjudged a contemnor.

**IT IS SO ORDERED.**

Dated: November 13, 2023.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE