**LAW OFFICE OF RESHMA KAMATH**
Reshma Kamath, Cal. Bar No. 333800
700 El Camino Real, Suite 120, #1084,
Menlo Park, California 94025, United States
Phone-number: 650 257 0719
E-mail address: reshmakamath2021@gmail.com
COUNSEL FOR DEFENDANTS
RUIFENG BIZTECH INC.; GANGYOU WANG;
ALAN LI; AND, RF BIOTECH LLC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| QUINTARA BIOSCIENCES, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RUIFENG BIZTECH INC., a California corporation, GANGYOU WANG, an individual, ALEX WONG, an individual, ALAN LI, an individual, RUI SHAO, an individual, and RF BIOTECH LLC, a California limited liability company,<br><br>Defendants. | Case No.: 3:20-cv-04808-WHA<br><br>*[Assigned to presiding Judge Honorable William Alsup]*<br><br>***RE* THE ORDER DATED NOVEMBER 13, 2023 FROM RESHMA KAMATH** |

***TO THE HONORABLE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD, HEREIN:***

## *RE* THE ORDER DATED NOVEMBER 13, 2023 FROM RESHMA KAMATH

The standard of review in the Ninth Circuit for civil contempt orders is abuse of discretion. Oliner, 305 B.R. at 520 (citing Fed. Trade Comm'n v. Affordable Media, 179 F.3d 1228, 1239 (9th Cir. 1999)). This court reviews a civil contempt order for abuse of discretion. See FTC v. Affordable Media, 179 F.3d 1228, 1239 (9th Cir.1999). There needs to be "a definite and firm conviction that the [magistrate judge] committed a clear error of judgment after weighing the relevant factors." Go Video, Inc. v. Motion Picture Ass'n of Am., 10 F.3d 693, 695 (9th Cir. 1993). The magistrate judge's underlying factual findings are reviewed for clear error. FTC v. Affordable Media, LLC, 179 F.3d 1228, 1239 (9th Cir. 1999).

While a court has discretion to excuse minor, technical, or good faith violations of an injunction, see, e.g., Go-Video, 10 F.3d at 695, it likewise has discretion to punish substantial violations when appropriate.

The imposition of civil contempt and contempt sanctions is normally reviewed for an abuse of discretion. Reebok Int'l, Ltd. v. McLaughlin, 49 F.3d 1387, 1390 (9th Cir.), cert. denied, 116 S. Ct. 276 (1995). The issue of whether a district court provided an alleged contemnor due process, however, is a legal question subject to de novo review on appeal. See Pennwalt Corp. v. Durand-Wayland, Inc., 708 F.2d 492 (9th Cir. 1983); see also Fed.R.Civ.P. 43. A district court's civil contempt order is reviewed for abuse of discretion, as is a decision to impose sanctions or punishment for contempt. Reebok Int'l Ltd. v. McLaughlin, 49 F.3d 1387, 1390 (9th Cir.1995).

The punishment imposed in a civil contempt proceeding is subject to review for abuse of discretion. See United States v. Grant, 852 F.2d at 1205. However, the legitimacy of the contempt adjudication is based on the validity of the underlying order. See Scott Fetzer Co. v. Dile, 643 F.2d 670, 675 (9th Cir. 1981).

A district court's civil contempt order is reviewed for abuse of discretion. Sec. Exch. Comm'n v. Hickey, 322 F.3d 1123, 1128 (9th Cir.), amended by 335 F.3d 834 (9th Cir. 2003). Its credibility findings are entitled to even greater deference. Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 575 (1985).

Clearly, in this case, the magistrate judge Hixson and the district court judge Alsup abused their discretion. A "potential $100" fine does not increase to over $5,000 – without an opportunity for due process – a notice and an opportunity to be heard at the initial helm. There was no "motion for sanctions" brought by Quintara. This was unlike what the district court judge Alsup's clerk Angie misrepresented and/or reiterated to the district court judge Alsup [after the successful trial win of Counsel Reshma Kamath for Defense] upon attorney Rider's misrepresentation to the court. Without providing that Fifth Amendment constitutional due process notice and opportunity to be heard to Counsel Reshma Kamath, the magistrate judge Hixson *sua sponte* in a gross abuse of discretion, and his racist disposition – misogynically [ it is a word now ] - granted the plaintiff's attorney's demand of over $5,000 in sanctions – who pathologically misrepresented even COVID-19 illness.

Not only this, but magistrate judge Hixson was blinded the entire time to force Defense to settle based on plaintiff's attorney's immigration story that he penned. How immigration fits into the federal DTSA – something not even the Legislature envisioned - maybe only magistrate judge Hixson in his wisdom can explain. The magistrate judge Hixson took a bruising to his ego when the defense did not want to settle and wanted to try the case. It is that White, Male homogenous mentality that cannot see a competent immigrant woman of color thrive without using the White, Male as her crutch.

Similarly, district judge Alsup has shown that he could not, and cannot remain neutral, fair and impartial – he often got angry; vacated motions when an important hearing was upcoming; wrote scanty rulings non-compliant with the federal DTSA; and displayed overt racism in awarding over $2,000,0000 attorneys' fees to White, Male attorney law firm, such as Buchalter and Wiseman. The latter not only substituted out of the matter over two years ago, but could not even write a proper full brief compliant with the federal DTSA to demonstrate objective and subjective bad-faith in Quintara bringing the action against Ruifeng, [which Counsel Reshma Kamath properly and substantively achieved.]

The district judge Alsup was racially misogynistic from day one to Counsel Reshma Kamath – from that one telephonic hearing where district judge Alsup threatened to report Counsel Reshma Kamath to this day post a successful trial win where the district judge Alsup continues to abuse his discretion.

Defendants Hixson, Alsup, and other individuals, were informed that they were named defendants in a forthcoming lawsuit. Worse, yet neither district judge Alsup with Article III standing, nor magistrate judge Hixson made any effort to investigate the factual allegations of any parties, and confer with their staff members about their own folly.

Particularly, because each district judge Alsup with Article III standing, nor magistrate judge Hixson clearly know a White woman from their staff, Rose Maher, was involved in the mishap – and, that magistrate judge Hixson's failed oversight caused this problem. Instead of taking the onus, district judge Alsup with Article III standing, and magistrate judge Hixson have resorted to cheap tactics while giving in to Quintara's attorneys' antics and gamesmanship as sore losers.

Even after Counsel Reshma Kamath constantly reminded district judge Alsup with Article III standing that this matter was on appeal – that when perfected divests jurisdiction from the district courts, the district judge Alsup has continued to abuse his discretion in issuing void orders and rulings. District judge Alsup clearly lacks any jurisdiction to not only hear a motion while the appeal is pending, but does not even have the authority to rule on the motion. This is racism couched in pre-textual race-based rulings.

It is well-established that "[t]he filing of a proper notice of appeal transfers jurisdiction over the matters appealed to the court of appeals. During pendency of the appeal, the district court is divested of jurisdiction over those aspects of the case

5  Case No. 3:20-cv-04808-WHA

RESHMA KAMATH
*RE THE ORDER DATED NOVEMBER 13, 2023*

involved in the appeal." 3 Jones, Rosen, Wegner and Jones, Rutter Group Practice Guide: Federal Civil Trials and Evidence, ¶ 20:550 at 20-112 (2015), citing, Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982), Stein v. Wood, 127 F.3d 1187, 1189 (9th Cir. 1997) and Lopez Dominguez v. Gulf Coast Marine & Associates, Inc. 607 F.3d 1066, 1073 (5th Cir. 2010). This is not any such interlocutory order, and neither has district judge Alsup – in his rulings - made any effort to prove otherwise.

Further, district judge Alsup has not once reviewed whether the magistrate judge's initial order was an abuse of discretion, and/or not – if in parts abuse, and in parts, valid.

If so, district judge Alsup has not once taken the time and effort to ensure whether the judicial officers he works with such as magistrate judge Hixson meet the accountability, as well as the checks-and-balances standard of the American way of tri-partite governance. Such blind belief from judicial officers is the curse that has caused many a Titanic and Hamlets to occur – and how a learned judge such as district judge Alsup has fallen privy to this is astonishing. That itself is an abuse of discretion on the part of Article III standing district judge Alsup.

///

**LAW OFFICE OF RESHMA KAMATH**

**DATED: November 14, 2023**           */S/ Reshma Kamath*

Reshma Kamath,
Counsel for Defendants RUIFENG BIZTECH INC.; GANGYOU WANG; ALAN LI; and, RF BIOTECH LLC

# CERTIFICATE OF SERVICE
F.R.C.P. 5 / C.C.P. § 1013(a)(3), C.C.P. § 1010.6(a)(6) / Cal. R. Ct. R. 2.260.

I am employed in, the County of San Mateo, California. I am over the age of 18, and not a party to this action. My business/mailing address is: 700 El Camino Real, Suite 120, #1084, Menlo Park, California 94025, United States; and, e-mail address is reshmakamath2021@gmail.com for electronic-service. On November 14, 2023, I sent the following documents via the below method of service. SEE ATTACHED SERVICE LIST.

///

**RE THE ORDER DATED NOVEMBER 13, 2023 FROM RESHMA KAMATH**
**///**
**CERTIFICATE OF SERVICE.**
///

Via **ELECTRONIC SERVICE**: In electronically transmitting courtesy copies of the document(s) listed above to the email address(es) of the person(s) set forth on the attached service list per the electronic service agreement between the parties' counsel. To my knowledge, the transmission was reported as complete and without error. [Notice of Electronic-Service pursuant to California Code of Civil Procedure § 1010.6.]

///

I declare under penalty of perjury of the laws of the State of California, and the laws of the United States of America that the foregoing is true and correct. Executed on November 14, 2023.

*Sincerely*,

*/S/ Reshma Kamath*
Reshma Kamath

**SERVICE LIST**

Daniel Robert Peterson
E-mail: petersond@lilaw.us

Richard D Lambert
E-mail: lambertr@lilaw.us

Tamara Rider
E-mail: ridert@lilaw.us

J. James Li
LiLaw, Inc.
1905 Hamilton Avenue Suite 200 San Jose, CA 95125
650-521-5956 Fax: 650-521-5955
E-mail: lij@lilaw.us

ATTORNEYS FOR PLAINTIFF QUINTARA BIOSCIENCES, INC.

Ting Jiang, LiLaw, Inc./Quintara's Legal assistant
E-mail: jiangt@lilaw.us

Dylan Wiseman/Buchalter APC
E-mail: dwiseman@buchalter.com

FORMER ATTORNEY FOR DEFENDANTS