UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTARA BIOSCIENCES, INC., <br><br> Plaintiff, <br><br> v. <br><br> RUIFENG BIZTECH INC., GANGYOU WANG, ALAN LI, and RF BIOTECH LLC, <br><br> Defendants. | No. C 20-04808 WHA <br><br> **ORDER RE ATTORNEY KAMATH'S RESPONSE AND ATTORNEY LI'S DECLARATION** |

On November 13, an order granted plaintiff's motion to hold defendants' counsel in contempt (Dkt. No. 415). As that order explained, there was no question that Attorney Kamath violated the specific and definite June 5 order of Magistrate Judge Thomas Hixson awarding plaintiff $5,096.61 in sanctions, as well as the specific and definite July 21 order of this judge affirming the sanctions award (*see* Dkt. Nos. 310, 374). Moreover, there was no meaningful attempt by Attorney Kamath to demonstrate why she was unable to comply with the orders.

Attorney Kamath had previously represented that she "will NOT appear, and will NOT file any filings for . . . [the] frivolous motion of contempt" (Dkt. No. 408 at 3). True to her word, she did not file an opposition to plaintiff's motion, which an order had reminded her was due on October 5 (Dkt. No. 407 at 3). Nor did she file a response to plaintiff's notice of non-receipt of opposition, which was submitted on October 12 (Dkt. No. 414). But she did file a response to the order granting plaintiff's contempt motion on November 14, the day after that order issued (Dkt. No. 416).

For clarity's sake, the contempt order stands. Attorney Kamath's response was untimely. What's more, it too did not demonstrate why she was unable to comply with the orders awarding and affirming sanctions. The response was rife with scathing criticism of the judges and their staff, which should not change the outcome. Indeed, this order observes that the response manifests the same incompatibility with respect and decorum that led the judges to refer Attorney Kamath to the Court's Standing Committee on Professional Conduct after trial was complete and dispositive motions were ruled on (Dkt. No. 412). *See In re Reshma Kamath*, No. MC 23-80244 JD. Since then, another judge presiding over a completely unrelated action has referred Attorney Kamath to the Standing Committee as well. *See Kar v. Patel*, No. C 23-02064 YGR (Dkt. No. 87). For the record, this order also observes that Attorney Kamath did not appeal any of the judges' orders in this action and, contrary to Attorney Kamath's representation, no (discretionary) attorney's fees were awarded to any counsel for defendants in this action (*see* Dkt. No. 407).

Meanwhile, the contempt order granted plaintiff's request for leave to apply for reasonable fees and costs in connection with its contempt motion, ordering "a declaration itemizing those reasonable fees and costs incurred, to be paid by Attorney Kamath in civil contempt sanctions if approved" (Dkt. No. 415 at 3). It further explained that "Plaintiff's request for a *per diem* fine on Attorney Kamath until she has paid sanctions will be considered upon receipt of the ordered declaration and confirmation that Attorney Kamath still refuses to pay sanctions having been adjudged a contemnor" (*ibid.*). Attorney James Li has since filed a declaration itemizing $6,550 in fees, which corresponds to nine hours researching, reviewing previous filings and orders, and drafting the contempt motion, in addition to 4.1 hours drafting the notice of non-opposition, all at a $500 per hour billable rate (Dkt. No. 417 ¶ 2). No costs were incurred in bringing the contempt motion (*ibid.*). Attorney Li also noted that sanctions had still yet to be received by plaintiff and reiterated the request for a *per diem* fine on Attorney Kamath, payable to the Court, until she has complied and paid all ordered sanctions (*id.* ¶¶ 4–5).

This order finds that the $6,550 in fees was reasonably incurred in bringing the contempt motion and hereby **SANCTIONS** Attorney Kamath this amount.  She will have until the last court day of the year, **FRIDAY, DECEMBER 29**, to pay the original $5,096.61 in sanctions, after which she will be liable for the additional $6,550 in civil contempt sanctions and a *per diem* fine of $25, payable to the Court, until she has complied and paid all ordered sanctions.

**IT IS SO ORDERED.**

Dated:  November 21, 2023.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3