**LAW OFFICE OF RESHMA KAMATH**

Reshma Kamath, Cal. Bar No. 333800

700 El Camino Real, Suite 120, #1084,

Menlo Park, California 94025, United States

Phone-number: 650 257 0719

E-mail address: reshmakamath2021@gmail.com

COUNSEL FOR DEFENDANTS

RUIFENG BIZTECH INC.; GANGYOU WANG;

ALAN LI; AND, RF BIOTECH LLC.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| QUINTARA BIOSCIENCES, INC., a California corporation, <br><br> Plaintiffs, <br><br> v. <br><br> RUIFENG BIZTECH INC., a California corporation, GANGYOU WANG, an individual, ALEX WONG, an individual, ALAN LI, an individual, RUI SHAO, an individual, and RF BIOTECH LLC, a California limited liability company, <br><br> Defendants. | Case No.: 3:20-cv-04808-WHA <br><br> *[Assigned to Judge Honorable William Alsup]* <br><br><br> ***RE* THE ORDER DATED NOVEMBER 21, 2023 FROM RESHMA KAMATH** |

*TO THE HONORABLE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD, HEREIN:*

## *RE* THE ORDER DATED NOVEMBER 21, 2023 FROM RESHMA KAMATH

Counsel Reshma Kamath, *as she won an eight-person unanimous jury verdict in her first jury trial*, is very aware and competent.

Counsel Reshma Kamath excelled in her work and education from a very young age usually placing at the top of her class.

Counsel Reshma Kamath does not need "reminders" from people. ECF 418.

Judge Alsup in his Order of November 21, 2023, thinks of Counsel Reshma Kamath requires a "reminder." ECF 418. As though some sort of child. This is **misogyny**.

Judge Alsup needs to be **recused *sua sponte*,** and he must **vacate** his Orders post-trial. *Ward v. Rock Against Racism,* 491 U.S. 781, 795–796, 109 S.Ct. 2746, 105 L.Ed.2d 661 (1989.)

Judge Alsup must admit that he was biased, prejudiced, and discriminatory to Counsel Reshma Kamath from the day of her first appearance telephonically.

Courts have found an abuse of discretion in *not considering objections* to magistrate judge's recommendation. The error of Judge Alsup is **not harmless**. Misconduct Rule 4(c)(1); 28 U.S.C. § 372 (c)(1.)

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge. 28 U.S.C. § 636(b)(1)(B). Upon the filing of such objections, the Court must make a de novo determination of those portions to which objections are made. 28 U.S.C. § 636(b)(1)(B). The Court may accept, reject, or modify,

in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). However, Judge Alsup caused a clear error in adopting the erroneous findings of Magistrate Judge Alsup grounded in bias and prejudice.

Additionally, there was **never a scheduled 'motion of sanctions'** in the first place where Counsel Reshma Kamath could oppose any motion. Thus, Judge Alsup's clerk Angie Meuleman, and one of the associate attorneys for Quintara, Tamara Rider stated. Both were White women. Judge Alsup believed them without checking the docket. This is *racism*. Thereafter, Judge Alsup formed a bias.

Never before entering the California Courts as a lawyer has Counsel Reshma Kamath witnessed from judicial officers such as Judges Alsup, Rogers, Hixson, this kind of pro White behavior, and open/invidious/systemic racism institutionally in the name of law. *Hastings v. Judicial Conference of United States* 593 F. Supp. 1371, 1382 n. 28 (D.D.C. 1984.)

Reshma Kamath had decided in the year 2021 - specifically when Reshma Kamath witnessed the racism of judges - that when upon entering her third year of the legal profession, Reshma Kamath will call out judges for their racism.

And that Reshma Kamath will sue the State Bar of California as well for promoting this kind of institutional racism and lack of accountability of judges.

Thus far, Reshma Kamath's plan of action is working.

The Order of November 21, 2023 from Judge Alsup is laden with misrepresentations and fallacies. ECF 418. Judge Alsup's Order of November 21, 2023

is injected with his personal opinion, and those parts of the Order with his personal opinion have no citations to the record, and/or any case law/statute/code. A judge abuses his discretion only when his decision is based on an erroneous conclusion of law or where the record contains no evidence on which he rationally could have based that decision. *Song Jook Suh v. Rosenberg*, 437 F.2d 1098 (9th Cir. 1971).

Judge Alsup had strayed as far from the law as possible for a judicial officer.

To enlighten Judge Alsup, Counsel Reshma Kamath had informed this completely "unrelated" judge about the lawsuit to be filed against the judges via docket entry.

Because of Judges Hixson and Alsup's falsified precedence, that unrelated judge, as do many judges/attorneys of color, did what White judicial officers do.

This **"unrelated" judge** that Alsup refers to, had reviewed this case docket in Quintara v Ruifeng based on Reshma Kamath's notice to her.

**Because of Judge Alsup and Hixon's Order in this case citing for professional misconduct, that "unrelated" judge did the same in Kar v. Onriva.** ECF 418.

That judge is not "unrelated" as Judge Alsup states, because **she appears on the face of the draft Complaint** that Counsel Reshma Kamath had filed.

Counsel Reshma Kamath **had provided that purported "unrelated" judge with notice** of the draft Complaint against Judges Hixon and Alsup's name appears, and does hers in the body of the draft Complaint.

This kind of **mob mentality** is how defamation and tarnishing reputations start.

Judges Hixson and Alsup are the causes of it, because now other judges can use this as a crutch to justify their judicial misconduct as well.

If this were outside a court of law, Reshma Kamath would have personally sued Thomas Hixson and William Alsup.

Since they're judges with a higher standard of conduct to meet, both Judges Hixson and Alsup have utterly failed in their duties as judges.

Judge Alsup calling it "scathing criticism" in the Order of November 21, 2023 rather than the objective view of the institutional racism that he is promoting in his omissions as a judicial officer.

The factual basis that Reshma Kamath brought before Judge Alsup to show his own courtroom is failing to meet the standards of judicial decorum.

Judge Alsup's blind support of White persons that he engages in at institutions of the California federal court.

From supporting Judge Thomas Hixson and Rose Maher, to his blindly believing Angie Meuleman and Tamara Rider about a "motion for sanctions" that was no where on the docket; to Judge Alsup's awardation of over two million dollars to a three-page non-DTSA brief of Dylan Wiseman. This is believing White attorneys without a basis in fact and/or law. What else is this except **racism**. Neither was Dylan Wiseman at trial nor did he help with trial in anyway. Dylan Wiseman substituted from this matter in the year 2021, and was derogatory in his communications with Counsel Reshma Kamath.

Again, neither to the court, nor to Mr. Li, will a penny be paid.

Counsel Reshma Kamath is willing to risk her entire legal profession rather than work for such a racist institution of California state and federal courts.

The fact that James Li brought a frivolous lawsuit, engaging in on-going misrepresentation, is what Judge Alsup is trying to hide his bro-Code. The behavior that Judges Alsup, Hixson and Attorney Li demonstrate is very much how sexual assaulters behave with women. One of three women is assaulted, and women of color even more.

These judges need to learn how not to be racist when women of color, immigrant women of color, women of color who are sole practitioners, intelligent women of color, women of color who do not adhere to the White way of thinking, appear before them, all of the above without a male attorney, and without a White attorney alongside. That is the changing dynamic of the United States.

Yet Judge Alsup has engaged in on-going pro White behavior – even he was civil during the final pre-trial and trial. There is an entire biography of Judge Alsup and his respectable life and court cases helping many non-White individuals. However, that is one perception of what White people write about Judge Alsup. As Counsel Reshma Kamath had stated, people can be impartial to one group/groups of individuals, but display prejudice and bias towards other groups. Believing White people in a court room over non-White, female, immigrant counsel is Judge Alsup and Hixon's racism; and, then believing a non-White, male, immigrant attorney over non-White, female,

immigrant counsel is Judge Alsup and Hixon's racism. See Code of Conduct for United

States Judges Canon 5; Code of Conduct for United States Judges Canon 3(h)(2.)

///

**LAW OFFICE OF RESHMA KAMATH**

**DATED:  November 22, 2023**                    */S/ Reshma Kamath*

Reshma Kamath,
Counsel for Defendants RUIFENG BIZTECH
INC.; GANGYOU WANG; ALAN LI; and, RF
BIOTECH LLC

# CERTIFICATE OF SERVICE
F.R.C.P. 5 / C.C.P. § 1013(a)(3), C.C.P. § 1010.6(a)(6) / Cal. R. Ct. R. 2.260.

I am employed in, the County of San Mateo, California. I am over the age of 18, and not a party to this action. My business/mailing address is: 700 El Camino Real, Suite 120, #1084, Menlo Park, California 94025, United States; and, e-mail address is reshmakamath2021@gmail.com for electronic-service. On November 22, 2023, I sent the following documents via the below method of service. SEE ATTACHED SERVICE LIST.

///

*RE* **THE ORDER DATED NOVEMBER 21, 2023 FROM RESHMA KAMATH**

///

**CERTIFICATE OF SERVICE.**

///

Via **ELECTRONIC SERVICE**: In electronically transmitting courtesy copies of the document(s) listed above to the email address(es) of the person(s) set forth on the attached service list per the electronic service agreement between the parties' counsel. To my knowledge, the transmission was reported as complete and without error. [Notice of Electronic-Service pursuant to California Code of Civil Procedure § 1010.6.]

///

I declare under penalty of perjury of the laws of the State of California, and the laws of the United States of America that the foregoing is true and correct. Executed on November 22, 2023.

*Sincerely*,

*/S/ Reshma Kamath*
Reshma Kamath

**<u>SERVICE LIST</u>**

Daniel Robert Peterson
E-mail: petersond@lilaw.us

Richard D Lambert
E-mail: lambertr@lilaw.us

Tamara Rider
E-mail: ridert@lilaw.us

J. James Li
LiLaw, Inc.
1905 Hamilton Avenue Suite 200 San Jose, CA 95125
650-521-5956 Fax: 650-521-5955
E-mail: lij@lilaw.us

ATTORNEYS FOR PLAINTIFF QUINTARA BIOSCIENCES, INC.

Ting Jiang, LiLaw, Inc./Quintara's Legal assistant
E-mail: jiangt@lilaw.us

Dylan Wiseman/Buchalter APC
E-mail: dwiseman@buchalter.com

FORMER ATTORNEY FOR DEFENDANTS