**LILAW INC.**
J. James Li, Ph.D. (SBN 202855, lij@lilaw.us)
Richard D. Lambert (SBN 251148, lambertr@lilaw.us)
Tamara M. Rider (SBN 267951, ridert@lilaw.us)
Daniel R. Peterson (SBN 326798, petersond@lilaw.us)
1905 Hamilton Avenue, Suite 200
San Jose, California 95125
Telephone: (650) 521-5956
Facsimile: (650) 521-5955

Attorneys for Plaintiff QUINTARA BIOSCIENCES, INC.

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTARA BIOSCIENCES, INC., a California corporation,<br><br>                    Plaintiff,<br>        v.<br><br>RUIFENG BIZTECH INC., a California corporation, GANGYOU WANG, an individual, ALEX WONG, an individual, ALAN LI, an individual, RUI SHAO, an individual, and RF BIOTECH LLC, a California limited liability company,<br><br>                    Defendants. | Case No.  3:20-cv-04808-WHA (TSH)<br><br>**DECLARATION OF J. JAMES LI IN RESPONSE TO COURT'S REQUEST FOR INFORMATION [ECF 422]** |

1    I, J. James Li, state and declare:

2    1.    I am counsel of record in this case for Plaintiff Quintara Biosciences, Inc. ("Plaintiff").

3    Pursuant to the Court's Request for Information dated November 27, 2023 seeking counsel for

4    Plaintiff to provide additional information in response to opposing counsel's accusation that my

5    office intentionally omitted Reshma Kamath as attorney of record for the appeal and purposefully

6    "'put some other terminated attorneys' name' on the docket for the appeal of the judgment in this

7    matter…" [ECF 422].  I submit the following Declaration with respect to the Court's Request for

8    Information.

9    2.    Ms. Kamath's claim that my office purposefully or knowingly omitted her as counsel

10    of record for the appeal is patently false. On August 11, 2023, my office submitted a Notice of

11    Appeal which was served on Ms. Kamath through the District Court's ECF system. [ECF 395].

12    Attached hereto as Exhibit 'A' is a true and correct copy of the ECF email notifying the recipients,

13    including Ms. Kamath, of the appeal. The Notice of Appeal specifically listed Ms. Kamath as

14    attorney of record and, in fact, Ms. Kamath was the *only* attorney of record in the Notice of Appeal.

15    Attached hereto as Exhibit 'B' is a true and correct copy of the Notice of Appeal.

16    3.    As such, the *only* counsel listed by my office for the appeal was Ms. Kamath and not

17    Brandon Carr or any other counsel. At no time did my office submit anything to the District Court or

18    the Ninth Circuit Court of Appeal listing Mr. Carr or anyone but Ms. Kamath as the attorney of

19    record for the Defendants. Likewise, at no time did my office input any information on the Ninth

20    Circuit's filing system as to any attorney of record except Ms. Kamath who, as set forth in Exhibit

21    'B', was the only attorney of record for Defendants listed on the Notice of Appeal. In other words, at

22    no time did my office ever omit Ms. Kamath as counsel for the appeal let alone do so intentionally as

23    Ms. Kamath claims.

24    4.    On August 14, 2023, the Ninth Circuit Court of Appeal filed and served a notice to all

25    counsel on the District Court's ECF system providing the Court of Appeal case number and the

26    briefing schedule. [ECF 396]. Attached hereto as Exhibit 'C' is a true and correct copy of the ECF

27    396 email notifying the recipients, including Ms. Kamath, of the appeal case number as well as the

28    briefing schedule and attached hereto as Exhibit 'D' is a true and correct copy of the documents filed

DECLARATION OF J. JAMES LI IN RESPONSE TO REQUEST FOR INFORMATION

1   as ECF 396.

2       5.      As of the notice on August 14, 2023, all counsel, including Ms. Kamath, were aware

3   of both the Court of Appeal case number as well as the briefing schedule for the appeal. At that point,

4   any party could have reviewed the Ninth Circuit's docket for the appeal and seen that, on August 14,

5   2023, the Ninth Circuit provided a notice that reminded all counsel that each attorney of record was

6   required to be both admitted to the Ninth Circuit Court of Appeals as well as registered with its ECF

7   system in order to receive notice of filings in the appeal. The same August 14, 2023 notice also

8   instructed all counsel to review the docket and verify that the information regarding the parties and

9   counsel was accurate and the specific steps to follow should any information be inaccurate. Attached

10  hereto as Exhibit 'E' is a true and correct copy of Docket 1-1 in the Ninth Circuit and pages four (4)

11  though five (5) specifically as to the notice to the parties and counsel.

12      6.      On November 28, 2023, my office sent a communication to the Clerk of the Court of

13  the Ninth Circuit Court of Appeal notifying the Clerk of the accusations by Ms. Kamath and

14  inquiring as to how this may have occurred. My office asked whether or not Ms. Kamath had failed

15  to register with the ECF for the Ninth Circuit. That same morning the Clerk responded back stating as

16  follows:

17         *According to our records, Reshma Kamath was not registered for CM/ECF at the time*

18         *the case was opened*.

19         It appears that she is now registered, but will need to file a Notice of Appearance so that
       they can be entered as counsel of record in the case.

20  

21         Currently, only Brandon M. Carr is listed as counsel of record for the Appellees, and Jing
       James Li for the Appellant.

22  

23         If you believe that Brandon M. Carr was added as counsel in error, please contact the
       Clerk's Office at "questions@ca9.uscourts.gov" for assistance.

24  Attached hereto as Exhibit 'F' is a true and correct copy of the inquiry my office sent and the

25  response from the Clerk of the Court.

26      7.      Following receipt of the Clerk's response, my office followed up requesting the date

27  that Ms. Kamath registered for the Ninth Circuit ECF. A true and correct copy of my office's email to

28  the Clerk of the Court is attached hereto as Exhibit 'G'. As of this filing, my office has not received a

DECLARATION OF J. JAMES LI IN RESPONSE TO REQUEST FOR INFORMATION

response back from the Clerk of the Court; however, I will supplement this declaration if a response is received.

8.      Likewise, on November 28, 2023, my office emailed the Clerk of the Court to have Mr. Carr removed and received the following response: "Brandon Car will need to file a motion to withdraw from the case." A true and correct copy of my office's email to the Clerk of the Court and the Clerk's response is attached hereto as Exhibit 'H'.

9.      Based on the foregoing, the cause of Ms. Kamath's failure to receive notice from the Ninth Circuit and the inclusion of Mr. Carr was likely the result of Ms. Kamath having not registered with the ECF for the Ninth Circuit and not having filed a Notice of Appearance. One thing is certain though: my office did not inadvertently, let alone intentionally as Ms. Kamath claims, omit Ms. Kamath as counsel of record for the appeal and, in fact, the only time my office ever listed counsel of record for the appeal was in the Notice of Appeal which specifically listed Ms. Kamath. *See* ECF 395. As such, Ms. Kamath's claims are baseless and there is no merit or any evidence of any misconduct by my office and the likely reason for any issues are the result of Ms. Kamath failing to properly register with the Ninth Circuit ECF and enter a Notice of Appearance as counsel of record.

I declare under penalty of perjury under the laws of the United States and California that the foregoing is true and correct to the best of my knowledge. This declaration is executed on Wednesday, November 29, 2023 in San Jose, California

/s/ J. James Li

J. James Li, Ph.D.

DECLARATION OF J. JAMES LI IN RESPONSE TO REQUEST FOR INFORMATION

# Exhibit A

**Evelyn Rojas**

| | |
|---|---|
| **From:** | ECF-CAND@cand.uscourts.gov |
| **Sent:** | Friday, August 11, 2023 4:06 PM |
| **To:** | efiling@cand.uscourts.gov |
| **Subject:** | Activity in Case 3:20-cv-04808-WHA Quintara Biosciences, Inc. v. Ruifeng Biztech Inc. et al. Notice of Appeal to the Ninth Circuit |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### California Northern District

## Notice of Electronic Filing

The following transaction was entered by Peterson, Daniel on 8/11/2023 at 4:06 PM and filed on 8/11/2023

| | |
|---|---|
| **Case Name:** | Quintara Biosciences, Inc. v. Ruifeng Biztech Inc. et al. |
| **Case Number:** | 3:20-cv-04808-WHA |
| **Filer:** | QUINTARA BIOSCIENCES, INC. |
| **Document Number:** | 395 |

**Docket Text:**
**NOTICE OF APPEAL to the 9th Circuit Court of Appeals filed by QUINTARA BIOSCIENCES, INC.. (Appeal fee of $505 receipt number ACANDC-18539779 paid.) (Peterson, Daniel) (Filed on 8/11/2023)**

**3:20-cv-04808-WHA Notice has been electronically mailed to:**

Brandon Matthew Carr     bcarr@buchalter.com, docket@buchalter.com, esanchez@buchalter.com, rkeel@buchalter.com

Daniel Robert Peterson     petersond@lilaw.us

David Aaron Goldstein     dagoldstein@duanemorris.com, dfong@buchalter.com

Dylan Wallgren Wiseman     dwiseman@buchalter.com, asmith@buchalter.com, bcarr@buchalter.com, tng@buchalter.com

J. James Li     lij@lilaw.us, jiangt@lilaw.us

Reshma Kamath     reshmakamath2021@gmail.com

Richard D Lambert     lambertr@lilaw.us

Tamara Rider     ridert@lilaw.us

Tiffany F Ng     tng@buchalter.com

**3:20-cv-04808-WHA Please see <u>Local Rule 5-5</u>; Notice has NOT been electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\fakepath\Quintara_Notice of Appeal signed.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=8/11/2023] [FileNumber=20466947-0]
[7384336950f3dd6c63b61f903c6605b4bd3955b69672cc2fe088956c0a12e79c9545
004d776aabb2f135e38adf8b4364086758c0f84ce6342ecac8c995c17543]]

# Exhibit B

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NORTHERN DISTRICT OF CALIFORNIA

### Form 1. Notice of Appeal from a Judgment or Order of a
### United States District Court

U.S. District Court case number: 3:20-cv-04808-WHA

Notice is hereby given that the appellant(s) listed below hereby appeal(s) to the United States Court of Appeals for the Ninth Circuit.

Date case was first filed in U.S. District Court: 07/17/2020

Date of judgment or order you are appealing: 07/13/2023

Docket entry number of judgment or order you are appealing: 371

Fee paid for appeal? *(appeal fees are paid at the U.S. District Court)*

⦿ Yes   ○ No   ○ IFP was granted by U.S. District Court

**List all Appellants** *(List each party filing the appeal. Do not use "et al." or other abbreviations.)*

QUINTARA BIOSCIENCES, INC.

Is this a cross-appeal? ○ Yes   ⦿ No

If yes, what is the first appeal case number?

Was there a previous appeal in this case? ⦿ Yes   ○ No

If yes, what is the prior appeal case number? 21-70913

Your mailing address (if pro se):

City:          State:          Zip Code:

Prisoner Inmate or A Number (if applicable):

Signature *J. James Li*      Date 8/11/2023

*Complete and file with the attached representation statement in the U.S. District Court*
*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

Form 1                                                        *Rev. 06/09/2022*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
## Form 6. Representation Statement

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form06instructions.pdf*

**Appellant(s)** *(List **each** party filing the appeal, do not use "et al." or other abbreviations.)*
Name(s) of party/parties:

QUINTARA BIOSCIENCES, INC.

Name(s) of counsel (if any):

LiLaw Inc., a Law Corporation
J. James Li, Ph.D. (State Bar No. 202855)

Address: 1905 Hamilton Avenue, Ste 200, San Jose, California 95125

Telephone number(s): 650-521-5956

Email(s): lij@lilaw.us

Is counsel registered for Electronic Filing in the 9th Circuit? ● Yes ○ No

---

**Appellee(s)** *(List only the names of parties and counsel who will oppose you on appeal. List separately represented parties separately.)*
Name(s) of party/parties:

RUIFENG BIZTECH INC.; GANGYOU WANG; ALEX WONG; ALAN LI;
RUI SHAO; RF BIOTECH LLC

Name(s) of counsel (if any):

LAW OFFICE OF RESHMA KAMATH
Reshma Kamath, Cal. Bar No. 333800

Address: 700 El Camino Real, Suite 120, #1084, Menlo Park, California 94025

Telephone number(s): 650-257-0719

Email(s): reshmakamath2021@gmail.com

---

*To list additional parties and/or counsel, use next page.*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

Continued list of parties and counsel: *(attach additional pages as necessary)*

**Appellants**

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

Is counsel registered for Electronic Filing in the 9th Circuit?  ○ Yes  ○ No

**Appellees**

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

# Exhibit C

**Evelyn Rojas**

---

**From:** ECF-CAND@cand.uscourts.gov
**Sent:** Monday, August 14, 2023 6:41 PM
**To:** efiling@cand.uscourts.gov
**Subject:** Activity in Case 3:20-cv-04808-WHA Quintara Biosciences, Inc. v. Ruifeng Biztech Inc. et al. USCA Case Number

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### California Northern District

## Notice of Electronic Filing

The following transaction was entered on 8/14/2023 at 6:41 PM and filed on 8/14/2023

**Case Name:** Quintara Biosciences, Inc. v. Ruifeng Biztech Inc. et al.
**Case Number:** 3:20-cv-04808-WHA
**Filer:**
**Document Number:** 396

**Docket Text:**
**USCA Case Number 23-16093 9th Circuit for [395] Notice of Appeal to the Ninth Circuit filed by QUINTARA BIOSCIENCES, INC.. (hdj, COURT STAFF) (Filed on 8/14/2023)**

**3:20-cv-04808-WHA Notice has been electronically mailed to:**

Brandon Matthew Carr     bcarr@buchalter.com, docket@buchalter.com, esanchez@buchalter.com, rkeel@buchalter.com

Daniel Robert Peterson     petersond@lilaw.us

David Aaron Goldstein     dagoldstein@duanemorris.com, dfong@buchalter.com

Dylan Wallgren Wiseman     dwiseman@buchalter.com, asmith@buchalter.com, bcarr@buchalter.com, tng@buchalter.com

J. James Li     lij@lilaw.us, jiangt@lilaw.us

Reshma Kamath     reshmakamath2021@gmail.com

Richard D Lambert    lambertr@lilaw.us

Tamara Rider    ridert@lilaw.us

Tiffany F Ng    tng@buchalter.com

**3:20-cv-04808-WHA Please see <u>Local Rule 5-5</u>; Notice has NOT been electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\fakepath\20-cv-04808-WHA.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=8/14/2023] [FileNumber=20471987-0]
[aa1b3b6a648596da4432457398ba36e70a74b9cc713190be6b73e7b029fb3854f1c3
aaa39885c201f8eb712d551df7555751bffecdc555c6d58074ab38439dd7]]

# Exhibit D



Molly C. Dwyer
Clerk of Court

Office of the Clerk
**United States Court of Appeals for the Ninth Circuit**
Post Office Box 193939
San Francisco, California 94119-3939
415-355-8000

August 14, 2023

| | |
|---|---|
| No.: | 23-16093 |
| D.C. No.: | 3:20-cv-04808-WHA |
| Short Title: | Quintara Biosciences, Inc. v. Ruifeng Biztech, Inc., et al |

Dear Appellant/Counsel

A copy of your notice of appeal/petition has been received in the Clerk's office of the United States Court of Appeals for the Ninth Circuit. The U.S. Court of Appeals docket number shown above has been assigned to this case. You must indicate this Court of Appeals docket number whenever you communicate with this court regarding this case.

Motions filed along with the notice of appeal in the district court are not automatically transferred to this court for filing. Any motions seeking relief from this court must be separately filed in this court's docket.

Please furnish this docket number immediately to the court reporter if you place an order, or have placed an order, for portions of the trial transcripts. The court reporter will need this docket number when communicating with this court.

**The due dates for filing the parties' briefs and otherwise perfecting the appeal have been set by the enclosed "Time Schedule Order," pursuant to applicable FRAP rules. These dates can be extended only by court order. Failure of the appellant to comply with the time schedule order will result in automatic dismissal of the appeal. 9th Cir. R. 42-1.**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 14 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

QUINTARA BIOSCIENCES, INC.,

              Plaintiff - Appellant,

  v.

RUIFENG BIZTECH, INC.;
GANGYOU WANG; ALEX WONG;
ALAN LI; RUI SHAO; RF BIOTECH
LLC,

              Defendants - Appellees.

No. 23-16093

D.C. No. 3:20-cv-04808-WHA
U.S. District Court for Northern
California, San Francisco

**TIME SCHEDULE ORDER**

---

The parties shall meet the following time schedule.

If there were reported hearings, the parties shall designate and, if necessary, cross-designate the transcripts pursuant to 9th Cir. R. 10-3.1. If there were no reported hearings, the transcript deadlines do not apply.

| | |
|---|---|
| **Mon., August 21, 2023** | Appellant's Mediation Questionnaire due. If your registration for Appellate CM/ECF is confirmed after this date, the Mediation Questionnaire is due within one day of receiving the email from PACER confirming your registration. |
| **Mon., September 11, 2023** | Transcript shall be ordered. |
| **Tue., October 10, 2023** | Transcript shall be filed by court reporter. |
| **Mon., November 20, 2023** | Appellant's opening brief and excerpts of record shall be served and filed pursuant to FRAP 31 and 9th Cir. R. 31-2.1. |

**Wed., December 20, 2023**   Appellees' answering brief and excerpts of record shall be served and filed pursuant to FRAP 31 and 9th Cir. R. 31-2.1.

**The optional appellant's reply brief shall be filed and served within 21 days of service of the appellees' brief, pursuant to FRAP 31 and 9th Cir. R. 31-2.1.**

**Failure of the appellant to comply with the Time Schedule Order will result in automatic dismissal of the appeal. See 9th Cir. R. 42-1.**

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

# Exhibit E



Office of the Clerk
**United States Court of Appeals for the Ninth Circuit**
Post Office Box 193939
San Francisco, California 94119-3939
415-355-8000

Molly C. Dwyer
Clerk of Court

August 14, 2023

---

No.:               23-16093

D.C. No.:          3:20-cv-04808-WHA

Short Title:       Quintara Biosciences, Inc. v. Ruifeng Biztech, Inc., et al

---

Dear Appellant/Counsel

A copy of your notice of appeal/petition has been received in the Clerk's office of the United States Court of Appeals for the Ninth Circuit. The U.S. Court of Appeals docket number shown above has been assigned to this case. You must indicate this Court of Appeals docket number whenever you communicate with this court regarding this case.

Motions filed along with the notice of appeal in the district court are not automatically transferred to this court for filing. Any motions seeking relief from this court must be separately filed in this court's docket.

Please furnish this docket number immediately to the court reporter if you place an order, or have placed an order, for portions of the trial transcripts. The court reporter will need this docket number when communicating with this court.

**The due dates for filing the parties' briefs and otherwise perfecting the appeal have been set by the enclosed "Time Schedule Order," pursuant to applicable FRAP rules. These dates can be extended only by court order. Failure of the appellant to comply with the time schedule order will result in automatic dismissal of the appeal. 9th Cir. R. 42-1.**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| FILED |
| --- |
| AUG 14 2023 |
| MOLLY C. DWYER, CLERK<br>U.S. COURT OF APPEALS |

QUINTARA BIOSCIENCES, INC.,

                Plaintiff - Appellant,

  v.

RUIFENG BIZTECH, INC.;
GANGYOU WANG; ALEX WONG;
ALAN LI; RUI SHAO; RF BIOTECH
LLC,

                Defendants - Appellees.

No. 23-16093

D.C. No. 3:20-cv-04808-WHA
U.S. District Court for Northern
California, San Francisco

**TIME SCHEDULE ORDER**

The parties shall meet the following time schedule.

If there were reported hearings, the parties shall designate and, if necessary, cross-designate the transcripts pursuant to 9th Cir. R. 10-3.1. If there were no reported hearings, the transcript deadlines do not apply.

| | |
| --- | --- |
| **Mon., August 21, 2023** | Appellant's Mediation Questionnaire due. If your registration for Appellate CM/ECF is confirmed after this date, the Mediation Questionnaire is due within one day of receiving the email from PACER confirming your registration. |
| **Mon., September 11, 2023** | Transcript shall be ordered. |
| **Tue., October 10, 2023** | Transcript shall be filed by court reporter. |
| **Mon., November 20, 2023** | Appellant's opening brief and excerpts of record shall be served and filed pursuant to FRAP 31 and 9th Cir. R. 31-2.1. |

**Wed., December 20, 2023**    Appellees' answering brief and excerpts of record
shall be served and filed pursuant to FRAP 31 and
9th Cir. R. 31-2.1.

**The optional appellant's reply brief shall be filed and served within 21 days of
service of the appellees' brief, pursuant to FRAP 31 and 9th Cir. R. 31-2.1.**

**Failure of the appellant to comply with the Time Schedule Order will result in
automatic dismissal of the appeal. See 9th Cir. R. 42-1.**

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT



Office of the Clerk
**United States Court of Appeals for the Ninth Circuit**
Post Office Box 193939
San Francisco, California 94119-3939
415-355-8000

Molly C. Dwyer
Clerk of Court

---

## ATTENTION ALL PARTIES AND COUNSEL
## PLEASE REVIEW PARTIES AND COUNSEL LISTING

---

We have opened this appeal/petition based on the information provided to us by the appellant/petitioner and/or the lower court or agency. EVERY attorney and unrepresented litigant receiving this notice MUST immediately review the caption and service list for this case and notify the Court of any corrections.

Failure to ensure that all parties and counsel are accurately listed on our docket, and that counsel are registered and admitted, may result in your inability to participate in and/or receive notice of filings in this case, and may also result in the waiver of claims or defenses.

PARTY LISTING:
Notify the Clerk immediately if you (as an unrepresented litigant) or your client(s) are not properly and accurately listed or identified as a party to the appeal/petition. To report an inaccurate identification of a party (including company names, substitution of government officials appearing only in their official capacity, or spelling errors), or to request that a party who is listed only by their lower court role (such as plaintiff/defendant/movant) be listed as a party to the appeal/petition as an appellee or respondent so that the party can appear in this Court and submit filings, contact the Help Desk at http://www.ca9.uscourts.gov/cmecf/feedback/ or send a letter to the Clerk. If you or your client were identified as a party to the appeal/petition in the notice of appeal/petition for review or representation statement and you believe this is in error, file a motion to dismiss as to those parties.

COUNSEL LISTING:
In addition to reviewing the caption with respect to your client(s) as discussed above, all counsel receiving this notice must also review the electronic notice of docket activity or the service list for the case to ensure that the correct counsel are

listed for your clients. If appellate counsel are not on the service list, they must file a notice of appearance or substitution immediately or contact the Clerk's office.

NOTE that in criminal and habeas corpus appeals, trial counsel WILL remain as counsel of record on appeal until or unless they are relieved or replaced by Court order. *See* Ninth Circuit Rule 4-1.

REGISTRATION AND ADMISSION TO PRACTICE:
Every counsel listed on the docket must be admitted to practice before the Ninth Circuit AND registered for electronic filing in the Ninth Circuit in order to remain or appear on the docket as counsel of record. *See* Ninth Circuit Rules 25-5(a) and 46-1.2. These are two separate and independent requirements and doing one does not satisfy the other. If you are not registered and/or admitted, you MUST, within 7 days from receipt of this notice, register for electronic filing AND apply for admission, or be replaced by substitute counsel or otherwise withdraw from the case.

If you are not registered for electronic filing, you will not receive further notices of filings from the Court in this case, including important scheduling orders and orders requiring a response. Failure to respond to a Court order or otherwise meet an established deadline can result in the dismissal of the appeal/petition for failure to prosecute by the Clerk pursuant to Ninth Circuit Rule 42-1, or other action adverse to your client.

If you will be replaced by substitute counsel, new counsel should file a notice of appearance/substitution (no form or other attachment is required) and should note that they are replacing existing counsel. To withdraw without replacement, you must electronically file a notice or motion to withdraw as counsel from this appeal/petition and include your client's contact information.

To register for electronic filing, and for more information about Ninth Circuit CM/ECF, visit our website at http://www.ca9.uscourts.gov/cmecf/#section-registration.

To apply for admission, see the instructions and form application available on our website at https://www.ca9.uscourts.gov/attorneys/.



**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

SANDRA DAY O'CONNOR U.S. COURTHOUSE
401 W. WASHINGTON STREET, SPC 53
PHOENIX, ARIZONA 85003-2154

CHAMBERS OF
**MARY H. MURGUIA**
CHIEF JUDGE

Dear Counsel,

I write to introduce you to the court's mediation program. The court offers you and your clients professional mediation services, at no cost, to help resolve disputes quickly and efficiently and to explore the development of more satisfactory results than can be achieved from continued litigation. Each year the mediators facilitate the resolution of hundreds of cases, from the most basic contract and tort actions to the most complex cases involving multiple parties, numerous pieces of litigation and important issues of public policy.

The eight circuit mediators, all of whom work exclusively for the court, are highly experienced attorneys from a variety of practices; all have extensive training and experience in negotiation, appellate mediation, and Ninth Circuit practice and procedure. Although the mediators are court employees, the court has adopted strict confidentiality rules and practices to ensure that what goes on in mediation stays in mediation. See Circuit Rule 33-1.

The first step in the mediation process is case selection. To assist the mediators in the case selection process, appellants/petitioners must file a completed Mediation Questionnaire within 7 days of the docketing of the case. See Circuit Rules 3-4, and 15-2. Appellees may also fill out and file a questionnaire. The questionnaire with filing instructions is available here. Once the Mediation Questionnaire is submitted, the parties will receive via NDA a link to a separate form that will allow them to submit confidential information directly to the Circuit Mediators. Counsel may also submit confidential information at any time to ca09_mediation@ca9.uscourts.gov.

In most cases, the mediator will schedule a settlement assessment conference, with counsel only, to determine whether the case is suitable for mediation. Be assured that participation in the mediation program will not slow down disposition of your appeal. Mediation discussions are not limited to the issues on appeal. The discussions can involve other cases and may include individuals who are not parties to the litigation, if doing so enables the parties to reach a global settlement.

Further information about the mediation program may be found on the court's website: www.ca9.uscourts.gov/mediation/. Please address questions directly to the Mediation Program at 415-355-7900 or ca09_mediation@ca9.uscourts.gov.

Sincerely,

Mary H. Murguia

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

## Office of the Clerk

## After Filing an Appeal:
## An Introduction for Attorneys

You have received this guide because you filed a notice of appeal to the U.S. Court of Appeals for the Ninth Circuit. It provides information you need to know to represent an appellant before the court.

---

**For Habeas Appeals**

If you are appealing the denial of a habeas corpus petition under 28 U.S.C. § 2254 or 2255, you are receiving this guide because the district court or court of appeals has granted a certificate of appealability (COA) on one or more of the specific issues in the case.

---

**Read this guide carefully. If you don't follow instructions, the court may dismiss your case.**

---

**This Guide Is Not Legal Advice**

Court employees are legally required to remain neutral; that means they can't give you advice about how to win your case. However, if you have a question about procedure—for example, which forms to send to the court or when a form is due—this packet should provide the answer. If it doesn't, you may contact the clerk's office for more information.

---

# WHAT'S IN THIS GUIDE?

HOW AN APPEAL WORKS.................................................................................................................3

PRACTICE RULES AND RESOURCES ..................................................................................................4

    Practice Guides ..........................................................................................................................4

    Appellate Mentoring Program ..................................................................................................4

IMPORTANT RULES FOR ALL CASES ................................................................................................4

    Ninth Circuit Bar Admission .....................................................................................................4

    Register for Electronic Filing .....................................................................................................5

    Complete a Mediation Questionnaire ......................................................................................5

    Meet Your Deadlines ...............................................................................................................5

    Complete Your Forms Properly................................................................................................5

    Deliver Papers the Right Way ...................................................................................................6

    Keep Copies of Your Documents...............................................................................................6

    Pay the Filing Fee or Request a Waiver ....................................................................................6

    If You Move, Tell the Court ......................................................................................................7

HANDLING AN APPEAL: THREE STAGES ..........................................................................................8

    Stage One: Opening a Case ......................................................................................................9

    Stage Two: Preparing and Filing Briefs ..................................................................................11

    Stage Three: The Court's Final Decision..................................................................................15

HOW TO WRITE AND FILE MOTIONS ............................................................................................16

    How to Write a Motion...........................................................................................................16

    How to File a Motion ..............................................................................................................17

    What Happens After You File ..................................................................................................17

    How to Respond to a Motion from Opposing Counsel............................................................17

    Emergency Motions ...............................................................................................................18

IF YOU DON'T AGREE WITH A COURT DECISION ...........................................................................19

    During Your Case: Motion for Reconsideration .....................................................................19

    After Your Case: Motions and Petitions..................................................................................19

HOW TO CONTACT THE COURT ....................................................................................................22

# HOW AN APPEAL WORKS

The chart below shows the path of an appeal from the lowest federal court to the highest. Review these steps to make sure you understand where you are in the process.

**U.S. District Court, Tax Court, or BAP.** Your case in the U.S. Court of Appeals may come from a U.S. District Court, Tax Court, or the Bankruptcy Appellate panel. In a very small number of cases, if the court of appeals gives you permission, you can appeal directly from the bankruptcy court to the court of appeals. (*See* 28 U.S.C. § 158(d) if you want more information about appealing directly from a bankruptcy court.)

**U.S. Court of Appeals.** When reviewing the lower court's decision in your case, the court of appeals (usually a panel of three judges) will carefully consider everything that has happened so far. The court will also read all the papers that you and opposing counsel file during your case. The court will look to see whether a lower court or agency has made a constitutional, legal, or factual mistake. You are not allowed to present new evidence or testimony in the court of appeals.

**U.S. Supreme Court.** If you do not agree with the decision of the court of appeals, you can ask the United States Supreme Court to review your case. The Supreme Court chooses which cases it wants to hear. It reviews only a small number of cases each year.



Your case may not go through all of the stages shown above. For example, if the U.S. Court of Appeals resolves your case the way that you want, you won't need to file a petition in the U.S. Supreme Court.

# PRACTICE RULES AND RESOURCES

This guide highlights rules that you **absolutely must follow** after filing a case. You are also responsible for reviewing and following the Federal Rules of Appellate Procedure (Fed. R. App. P.), the Ninth Circuit Rules (9th Cir. R.), and the general orders. The Federal Rules and the Ninth Circuit Rules are available at www.ca9.uscourts.gov/rules.

## Practice Guides

In addition to the rules above, the following guides can support your practice before this court. You can find these and other resources on the court's website under *Legal Guides*:

- **Appellate Practice Guide.** A thorough manual of appellate practice prepared by the Appellate Lawyer Representatives and practice resources such as sample brief and excerpts of record.

- **Perfecting Your Appeal.** You can view this video for free at www.ca9.uscourts.gov or purchase it from the clerk's office for $15.00.

## Appellate Mentoring Program

The appellate mentoring program provides guidance to attorneys who are new to federal appellate practice or who would benefit from mentoring at the appellate level. Mentors are volunteers who have experience in immigration, habeas corpus, or appellate practice in general. If you are interested, a program coordinator will match you with a mentor, taking into account your needs and the mentor's particular strengths.

To learn more, email the court at mentoring@ca9.uscourts.gov or go to www.ca9.uscourts.gov. On the website, select the "Attorneys" tab, look for "Appellate Mentoring Program," then choose "Information."

# IMPORTANT RULES FOR ALL CASES

The rules in this section apply to all attorneys who file a notice of appeal in the Ninth Circuit. You must understand and follow each one.

## Ninth Circuit Bar Admission

To represent any party other than yourself before the court of appeals, you must be admitted to the Bar of the Ninth Circuit. For instructions on how to apply, go to www.ca9.uscourts.gov. Select the "Attorneys" tab, look for "Attorney Admissions," then choose "Instructions."

## Register for Electronic Filing

Unless the court gives you an exemption, you must use the Ninth Circuit's electronic filing systems, called CM/ECF (Case Management/Electronic Case Files) and ACMS (Appellate Case Management System). To learn more and to register, go to https://www.ca9.uscourts.gov/efiling/ then click "E-Filing in CM/ECF" or "E-Filing in ACMS," depending on which system your appeal was used by the Court when your appeal was opened.

For additional guidance on filing documents and making payments electronically, read the Ninth Circuit Rules, especially Rule 25-5. For more information on filing in either system, including how to tell which system your case has been opened in, go to https://www.ca9.uscourts.gov/efiling/.

## Complete a Mediation Questionnaire

You must complete a mediation questionnaire in civil appeals unless your appeal is a habeas case (28 U.S.C. §§ 2241, 2254 and 2255) or a petition for a writ (28 U.S.C. § 1651). (*See* 9th Cir. R. 3-4.) The court uses the questionnaire to assess settlement potential.

If you are required to complete a questionnaire, you must file it no later than **seven days** after the clerk's office dockets your case. To find the form, go to www.ca9.uscourts.gov/forms.

To request a conference with a mediator, call the Mediation Unit at (415) 355-7900, email ca09_mediation@ca9.uscourts.gov, or make a written request to the Chief Circuit Mediator. You may request conferences confidentially. For more information about the court's mediation program, go to www.ca9.uscourts.gov/mediation.

## Meet Your Deadlines

Read all documents you get from the court. They will contain important instructions and deadlines for filing your court papers. **If you miss a deadline or fail to respond to the court as directed, the court may dismiss your case.**

## Complete Your Forms Properly

Everything you send to the court must be clear and easy to read. If we can't read your papers, we may send them back to you. To make the clerk's job easier, please:

✓ Include your case number on all papers you send to the court or to opposing counsel.

✓ Number your pages and put them in order.

✓ If you are exempt from filing electronically, use only one paper clip or a single staple to keep your documents organized. The clerk's office must scan your documents and extra binding makes that job difficult.

## Deliver Papers the Right Way

When you deliver papers to the court or to opposing counsel, you must take certain steps to show you sent them to the right place on time.

✓ **Use the correct address.** Before you put anything in the mail, make sure the address is current and correct.

- To find current addresses for the court, see "How to Contact the Court," at the end of this guide. All documents must be delivered to the San Francisco addresses. You may deliver a document to the court in person, but you must hand it to someone designated to receive documents in the clerk's office.

- To find the correct address for opposing counsel, see opposing counsel's notice of appearance. Opposing counsel should have sent a copy of this document to you after you filed your notice of appeal. The notice states opposing counsel's name and address.

✓ **Attach a certificate of service.** You must attach a signed certificate of service to each document you send to the court or to opposing counsel unless the document will be served on all parties electronically via CM/ECF or ACMS.

✓ **Send a copy of *all* documents to opposing counsel.** When you send a document to the court, you must also send a copy (including any attachments) to opposing parties or counsel who are not registered for electronic filing.

## Keep Copies of Your Documents

Make copies of all documents you send to the court or to opposing counsel and keep all papers sent to you.

## Pay the Filing Fee or Request a Waiver

The filing fee for your case is $505.00. The fee is due when you file your notice of appeal. If you don't pay the fee, you will receive a notice informing you that you have **21 days** to either pay the fee or request a waiver because the appellant can't afford to pay.

- **If appellant can afford the fee.** Pay your fees directly to the district court or Tax Court. **Do not send your payment to the court of appeals** unless you are appealing a Bankruptcy Appellate Panel decision (see the note just below). Please note that after you pay the fee, the court cannot refund it, no matter how your case turns out.

> **For Bankruptcy Appellate Panel Cases**
>
> Submit your payment to the court of appeals using the electronic filing system or send a check or money order to the court. Make your check out to "Clerk, U.S. Courts." Don't forget to include your case number.

- **If appellant can't afford to pay.** You may ask the court to waive the fee by filing a motion to proceed in forma pauperis. See "Filing Opening Motions," below.

**If you do not pay the fee or submit a waiver request by the deadline, the court will dismiss your case. (9th Cir. R. 42-1)**.

## If You Move, Tell the Court

If your mailing address changes, you must immediately notify the court in writing. (9th Cir. R. 46-3.)

- **CM/ECF and ACMS.** Electronic filers must update their information online at https://pacer.psc.uscourts.gov/pscof/login.jsf.

- **Exempt Filers.** If you are exempt from electronic filing in this court (you have received a written exemption from the court), file a change of address form with the court. You can find the form on the court's website at www.ca9.uscourts.gov/forms.

If you don't promptly change your address, including your email address, you could miss important court notices and deadlines. As noted above, missing a deadline may cause the court to dismiss your case.

# HANDLING AN APPEAL: THREE STAGES

This section will help you understand and manage the different parts of your case. We describe the basic documents you must file with the court and the timing of each step.

To begin, review the chart below. It introduces the three stages of a case.



**1** Opening

- You file a notice of appeal.
- The court sends you a case schedule.
- You pay filing fees or get a waiver.
- You start compiling excerpts of record.
- You order transcripts from the district court if you need them.
- You and opposing counsel may file motions.
- You respond to any court orders or motions from opposing counsel.

**2** Briefing

- You submit an opening brief and excerpts of record.
- Opposing counsel submits an answering brief.
- You may submit a reply to opposing counsel's brief.

**3** Decision

- The court decides your case.
- If you don't like the result, you decide whether to take further action.

# Stage One: Opening a Case

By the time you receive this guide, you have already opened a case by filing a notice of appeal. In response, the clerk's office created the case record and gave you a case number and a briefing schedule.

If you haven't already paid the filing fee, you must do so now unless your client was permitted to proceed in forma pauperis by the district court and that has not been revoked. See "Pay the Filing Fee or Request a Waiver," above.

 **The court may dismiss your case at any time.** Even if you pay the fees and get a briefing schedule, the court may decide not to keep your case for a variety of legal reasons. If the court dismisses your case and you think the court was wrong, see "If You Don't Agree with a Court Decision," below.

Now is also the time to:

- start compiling excerpts of record
- order any transcripts you need from the district court, and
- file any opening motions with the court.

This section discusses each of these steps in turn.

## *Preparing Excerpts of Record*

The Ninth Circuit Court of Appeals does not require an appendix of record. Instead, you must file excerpts of record with your opening brief. (*See* 9th Cir. R. 30-1.) Your excerpts of record should be clear and well-organized. They should include all the documents that the court will need to understand and decide the issues in your appeal.

Start putting together your excerpts of record now, before you write your opening brief. Then, as you write the brief, you can mark each record page that you reference so you can easily add the marked pages to your excerpts.

To learn the rules that govern what your excerpts should and should not include, and how to format them, read 9th Cir. R. 30-1. We also recommend that you read Chapter X of Appellate Practice Guide and review the sample excerpts provided; see "Practice Guides," above.

## *Ordering Transcripts*

If your appeal will refer to matters discussed during district court hearings, you'll want to include a transcript of those hearings in your excerpts of record. To order transcripts, consult the district court where your case originated.

---

**For Bankruptcy Appeals**

If you are appealing a Bankruptcy Appellate Panel decision or a district court decision that began in bankruptcy court, your transcript designation form must also include any court orders or written pleadings—for example, motions and briefs filed earlier in your case—that you might want to include in your excerpts.

---

### *Filing Opening Motions*

Here are two common motions that you might make at the beginning of your case.

#### **Motion to Proceed in Forma Pauperis**

File this motion to ask the court to waive the appellant's filing fee. To file your motion, you must complete and include Form 4: Motion and Affidavit for Permission to Appeal in Forma Pauperis. The form is available on the court's website at www.ca9.uscourts.gov/forms.

The court will grant your IFP motion only if it finds that:

- appellant has financial need, and
- your appeal is not frivolous.

If the court denies the IFP motion, you must then pay the fees or the court will dismiss your case. (*See* Ninth Circuit Rule 42-1.)

---

**If Appellant Already Has IFP Status**

If a district court gave appellant permission to proceed in forma pauperis and no one has revoked that status, you don't have to file again now. (*See* Federal Rule of Appellate Procedure 24(a).)

---

**For Prisoners Filing Civil, Non-Habeas, Appeals**

Even if the court grants your IFP motion, appellant must pay the filing fee if he or she has sufficient funds in a prison account. (*See* 28 U.S.C. § 1915(b).) If this applies to you, we will notify you that fees are due. You must then complete and return a form to allow prison officials to deduct the funds from appellant's prison account.

---

**Motion for Transcripts at Government Expense**

If the appellant has IFP status and you need to order transcripts from a district court, you might want to file a motion for transcripts at government expense. You must first file this motion in the district court. If the district court denies your motion, you may file the same motion in the court of appeals. (*See* 28 U.S.C. § 753(f).) If you do so, be sure to follow the instructions in "How to Write and File Motions," below.

**Motion for Injunction Pending Appeal**

You can also file a motion for injunction pending appeal, sometimes called a motion for injunctive relief. Be specific about what type of relief you are asking for, why the court should grant the relief, and the date by which you want the court to respond. In addition, be sure to follow the instructions in "How to Write and File Motions," below.

## Stage Two: Preparing and Filing Briefs

During the second stage of your case, you and opposing counsel will prepare and file written briefs. The required components of a brief are set out in Fed. R. App. P. 28 and 32, and 9th Cir. R. 28-2, 32-1, and 32-2. You should familiarize yourself with those rules and follow them carefully. In this section, we cover some key points of briefing practice.

### *Opening Brief*

You will write and file the first brief in your case. In the opening brief, you must:

- state the facts of the case
- describe the relief you are seeking for the appellant
- provide legal arguments to support your petition, and
- include citations to the excerpts of record.

**Deadline for filing.** You must file your opening brief and excerpts of record by the deadline stated in the briefing schedule.

**If you do not file your brief on time or request an extension, the court will dismiss your case without notice.**

**For Habeas Appeals**

You are allowed to bring your appeal because a court gave you a certificate of appealability (COA) on one or more specific issues in your case. Before you write your opening brief, look closely at the court order granting your COA. It should list the specific issues on which you may appeal. You may discuss only those issues (the "certified issues") unless you make changes to your brief. To ask the court to consider other issues, you must do both of the following:

- ✓ Add a heading titled "Certified Issues" and then discuss the issues your COA covers.

- ✓ Add a heading titled "Uncertified Issues" and then discuss any issues your COA does not cover.

If you use these two headings, the court will read your "Uncertified Issues" section as a motion to expand the COA. For more information, read Ninth Circuit Rule 22-1(e).

**Tips for Writing Your Briefs**

Keep these points in mind to write a better brief:

**Avoid unnecessary words.** Don't use 20 words to say something you can say in ten.

**Think things through.** Make logical arguments and back them up with legal rules.

**Be respectful.** You can disagree without being disagreeable. Focus on the strengths of your case, not the character of others.

**Tell the truth.** Don't misstate or exaggerate the facts or the law.

**Proofread.** Before you file, carefully check for misspellings, grammatical mistakes, and other errors.

### *Answering Brief*

In response to your opening brief, opposing counsel may file an answering brief. If opposing counsel files an answer, they must send a copy to you.

The time scheduling order sets the deadline for the answering brief. Please note that the opening and answering brief due dates are not subject to the rules for additional time described in Fed. R. App. P. 26(c). In particular, if you file your opening brief early, it does not advance the due date for your opponent's answering brief. (*See* 9th Cir. R. 31-2.1.)

### *Reply Brief*

You are invited to reply to opposing counsel's answering brief, but you are not required to do so. If you write a reply brief, do not simply restate the arguments in your opening brief. Use the reply brief to directly address the arguments in opposing counsel's answering brief.

You must file your reply brief within **21 days** of the date the government serves you with its answering brief.

### *How to File a Brief*

Rules for filing briefs depend on whether or not you are required to file electronically.

**CM/ECF or ACMS.** After we review and confirm your electronic submission, we will request paper copies of the brief that are identical to the electronic version. Do not submit paper copies until we direct you to do so. (*See* 9th Cir. R. 31-1.) You must also send **two copies** of the brief to any exempt or unregistered opposing parties or counsel.

**Exempt Filers Only.** Please follow these steps:

✓ Send the original document and **six copies** of your brief to the court.

✓ Send **two copies** to opposing counsel.

✓ Attach a signed certificate of service to the original and to each copy for opposing counsel or party.

✓ Keep a copy for your records.

### *How to File Excerpts of Record*

Submit your excerpts in PDF format using CM/ECF or ACMS on the same day that you submit your brief. You must serve a paper copy of your excerpts on any unregistered party.

If the excerpts contain sealed materials, you must electronically submit the sealed documents separately, along with a motion to file under seal. (9th Cir. R. 27-13(e).) You must serve sealed filings on all parties by mail or by email if they are registered for electronic filing, or if mutually agreed, rather than through CM/ECF or ACMS.

After approving your electronic submission, the clerk will direct you to file individually bound paper copies of the excerpts of record with white covers.

To review the rules for filing excerpts, see 9th Cir. R. 30-1.

### *If You Need More Time to File*

Usually, you may ask for one streamlined extension of up to 30 days from the brief's existing due date. (*See* 9th Cir. R. 31-2.2(a) for conditions and exceptions.)

- **CM/ECF or ACMS.** Electronic filers do not need to use a written motion; you may submit your request without *any* attachment using the "Streamlined Request to Extend Time to File Brief" event on CM/ECF or ACMS on or before your brief's existing due date. Do not attach Form 13 or any other document.

- **Exempt Filers.** Make your request by filing Form 13 on or before your brief's existing due date. You can find Form 13 on the court's website at www.ca9.uscourts.gov/forms.

If you need more than 30 days, or if the court has already given you a streamlined extension, you must submit a written motion asking for more time. Your motion must show both diligence and substantial need. You must file your request at least **seven days** before your brief is due. The motion must meet the requirements of 9th Cir. R. 31-2.2(b). You may use Form 14 for this motion, or write your own motion.

Usually, in response to an initial motion for more time, the court will adjust the schedule to some extent, even if no order is issued before the existing due date. (*See* Circuit Advisory Committee Note to Ninth Circuit Rule 31-2.2.) If you followed the correct procedures to ask for more time but the court doesn't respond by the date your brief is due, act as though the court has granted your request and take the time you asked for.

### *What Happens After You File*

After you and opposing counsel have filed your briefs, a panel of three judges will evaluate the case. Sometimes the court decides a case before briefing is complete (9th Cir. R. 3-6); if that happens, we will let you know.

Judges conduct oral hearings in all cases unless all members of the panel agree that oral argument would not significantly aid the decision-making process. (Fed. R. App. P. 34(a)(2).)

**Notification of oral hearings.** We will notify you of the potential dates and location of an oral hearing approximately 14 weeks in advance. After you receive notice, you have **three calendar days** to inform the court of any conflicts. We provide public notice of calendars about ten weeks before the hearing date.

**Changes to oral hearing dates or location.** The court will change the date or location of an oral hearing only if you show good cause for the change. If you wish to submit a request to continue a hearing, you must do so within 14 days of the hearing. Note, however, that the court grants such requests only if you can show exceptional circumstances. (9th Cir. R. 34-2.)

Oral arguments are live streamed to YouTube. Viewers can access them through the court's website. Go to www.ca9.uscourts.gov and choose "Live Video Streaming of Oral Arguments and Events."

## Stage Three: The Court's Final Decision

After the judges decide your case, you will receive a memorandum disposition, opinion, or court order stating the result. If you are happy with the outcome, congratulations.

If you or opposing counsel didn't get the final results you want, either of you may take the case further. We explain your options in the section called "After Your Case," below.

# HOW TO WRITE AND FILE MOTIONS

This section provides general guidelines for writing and filing motions, including motions discussed elsewhere in this guide. The motion you want to make may have special rules—for example, a different page limit or deadline—so be sure that you also read its description, as noted below.

## How to Write a Motion

If you want to file a motion with the court, follow these guidelines:

✓ Clearly state **what** you want the court to do.

✓ Give the legal reasons **why** the court should do what you are asking.

✓ Tell the court **when** you would like it done.

✓ For criminal appeals, include the defendant's bail status. (9th Cir. R. 27-2.8.1.)

✓ Tell the court what the opposing party's position is. (Circuit Advisory Committee Note to Ninth Circuit Rule 27-1(5); 9th Cir. R. 31-2.2(b)(6).)

✓ If you are filing a response requesting affirmative relief, include your request in the caption. (Fed. R. App. P. 27(a)(3)(B)) and use the correct filing type

✓ Don't write a motion that is more than 20 pages long unless you get permission from the court.

If you like, you may support your motion with an affidavit or declaration. (28 U.S.C. § 1746.) Do not submit a proposed order.

> **Cases Scheduled for Argument or Submitted to a Panel**
>
> If your case has been (1) scheduled for oral argument, (2) argued, or (3) submitted to or decided by a panel, then the first page or cover of your motion must include the date of argument, submission, or decision and, if known, the names of the judges on the panel. (9th Cir. R. 25-4.)

## How to File a Motion

To file your motion, you must follow the rules described in "Deliver Papers the Right Way," at the beginning of this guide. Keep the following points in mind.

- **CM/ECF or ACMS.** For electronic filing, follow the instructions provided for each system on our website at https://www.ca9.uscourts.gov/efiling/. If there are any non-registered parties or your motion is submitted under seal, you must send a hard copy to that party or serve them by email if they have consented to that.

- **Exempt Filers.** Send the original document to the court and send a copy to opposing counsel. Remember to attach a signed certificate of service to the original and to any copies. Always keep a copy for your own records.

Note that you should not include a notice of motion or a proposed order with your motion. (Fed. R. App. P. 27(a)(2)(C)(ii) and (iii).) Also note that in ACMS each request for relief or motion must be submitted to the Court as a separate PDF file. (Administrative Order Regarding ACMS)

## What Happens After You File

The path of a motion depends on the details of your case. Certain motions—for example, a motion to dismiss the case—may automatically stay the briefing schedule. (*See* 9th Cir. R. 27-11.) The following steps are common after filing a motion.

**Opposing counsel may respond.** After you file a motion, opposing counsel has ten days to file a response. (*See* Fed. R. App. P. 27(a)(3)(A); Fed. R. App. P. 26(c).) In the response, opposing counsel will tell the court why it disagrees with the arguments in your motion.

**You may reply to opposing counsel's response.** If opposing counsel responds, you may tell the court why you think opposing counsel's view is incorrect. If you file a reply, don't just repeat the arguments in your original motion. Instead, directly address the arguments in opposing counsel's response. You usually have **seven days** to file a reply with the court, starting on the day opposing counsel serves you with their response. (*See* Fed. R. App. P. 27(a)(3)(B).) Normally, a reply may not be longer than ten pages.

**The court decides your motion.** After you and opposing counsel file all papers related to the motion, a panel of two or three judges will decide the issue.

## How to Respond to a Motion from Opposing Counsel

Your opponent may also submit motions to the court. For example, opposing counsel may file a motion to dismiss the case or to ask the court to review the case more quickly than usual. If opposing counsel files a motion, you are allowed to respond with your arguments against it. Your response may not be longer than 20 pages.

Usually, you must file your response with the court no more than **ten days** from the day the motion is served on you.

> ### Read More About These Motions
>
> If you are making one of the following motions, read the section noted here:
>
> **Motion to proceed in forma pauperis** in "Filing Opening Motions," above.
>
> **Motion for transcripts at government expense** in "Filing Opening Motions," above.
>
> **Motion for injunctive relief pending appeal** in "Filing Opening Motions," above.
>
> **Motion for extension of time to file a brief** in "If You Need More Time to File," above.
>
> **Motion for reconsideration** in "If You Don't Agree With a Court Decision," below.



## Emergency Motions

An emergency motion asks the court to act within 21 days to avoid irreparable harm. Your motion must meet the requirements of 9th Cir. R. 27-3.

If you need emergency relief, you must notify the Emergency Motions department in San Francisco before you file the motion. Call them at 415-355-8020 or e-mail emergency@ca9.uscourts.gov. Please note that a request for more time to file a document with the court or any other type of procedural relief does *not* qualify as an emergency motion. (*See* Circuit Court Advisory Committee Note to 27-3(3).)

Finally, if you absolutely must notify the court of an emergency outside of standard office hours, call 415-355-8000. This line is for true emergencies that cannot wait until the next business day—for example, imminent removal from the United States.

# IF YOU DON'T AGREE WITH A COURT DECISION

If you think the court of appeals made an incorrect decision about important issues in your case, you can ask the court to take a second look. You may do this during your case—for example, if you disagree with the court's ruling on a motion. Or you may ask the court to review its final decision at the end of your case.

## During Your Case: Motion for Reconsideration

If you disagree with a court order or ruling during your case, you may file a motion for reconsideration stating the reasons why you think the court's ruling was wrong. Your motion may not be longer than 15 pages.

A motion for reconsideration of an order that does not end the case—that is, a non-dispositive order—is due **within 14 days** of the date stamped on the court order. (9th Cir. R. 27-10(a).) In addition to these rules, please follow the general guidelines in "How to Write and File Motions," above.

## After Your Case: Motions and Petitions

If you think the court's final decision in your case was wrong and you want to take further action, you have two options:

- File a motion for reconsideration or petition for rehearing in this court.

  ➢ If the court decided your case in an order, then you would file a motion for reconsideration, as discussed just above. In civil appeals involving a federal party, you have **45 days** (instead of 14 days) to file a motion for reconsideration of a court order that ends your case. In all other cases you have 14 days. (9th Cir. R. 27-10(a).)

  ➢ If the court decided your case in a memorandum disposition or opinion, then you would file a petition for rehearing, discussed below. The same deadlines apply.

- File a petition for writ of certiorari with the U.S. Supreme Court.

It is most common to do these things one after the other—that is, to file a petition for rehearing or motion for reconsideration in this court and then, if that doesn't succeed, petition the Supreme Court. It is technically possible to file both petitions at the same time but that is not the typical approach. Our discussion focuses on the common path.



### Court of Appeals: Petition for Rehearing

To ask the court of appeals to review its final decision in your case, you must file a petition for rehearing. Before starting a petition, remember that you must have a legal reason for believing that this court's decision was incorrect; it is not enough to simply dislike the outcome. You will not be allowed to present any new facts or legal arguments in your petition for rehearing. Your document should focus on how you think the court overlooked existing arguments or misunderstood the facts of your case.

A petition for rehearing may not be longer than 15 pages or 4200 words and must be accompanied by a completed Form 11. Your petition is due **within 14 days** of the date stamped on the court's opinion or memorandum disposition, except that in civil cases involving a federal party you have **45** days. To learn more about petitions for rehearing, see Fed. R. App. P. 40 and 40-1.

Petitions for panel rehearing generally go to the same three judges who heard and decided your appeal. It is also possible to file a petition for rehearing en banc. This type of petition asks that 11 randomly selected judges review your case instead of the original three judge panel. The court grants petitions for rehearing en banc only in rare, exceptional cases. To learn more about petitions for rehearing en banc, see Fed. R. App. P. 35.

### *U.S. Supreme Court: Petition for Writ of Certiorari*

If the court of appeals denies your petition for rehearing—or if it rehears your case and issues a new judgment you don't agree with—you have 90 days from the denial order or the new decision to petition the U.S. Supreme Court to hear your case. You do this by asking the Supreme Court to grant a writ of certiorari. You must file the petition with the Supreme Court directly. A writ of certiorari directs the appellate court to send the record of your case to the Supreme Court for review.

The Supreme Court is under no obligation to hear your case. It usually reviews only cases that have clear legal or national significance—a tiny fraction of the cases people ask it to hear each year. Learn the Supreme Court's Rules before starting a petition for writ of certiorari. (You can find the rules and more information about the Supreme Court at www.supremecourt.gov.)

# HOW TO CONTACT THE COURT

## Court Addresses: San Francisco Headquarters

| *Mailing Address for U.S. Postal Service* | *Mailing Address for Overnight Delivery (FedEx, UPS, etc.)* | *Street Address* |
|---|---|---|
| Office of the Clerk James R. Browning Courthouse U.S. Court of Appeals P.O. Box 193939 San Francisco, CA 94119-3939 | Office of the Clerk James R. Browning Courthouse U.S. Court of Appeals 95 Seventh Street San Francisco, CA 94103-1526 | 95 Seventh Street San Francisco, CA 94103 |

## Court Addresses: Divisional Courthouses

| *Pasadena* | *Portland* | *Seattle* |
|---|---|---|
| Richard H. Chambers Courthouse 125 South Grand Avenue Pasadena, CA 91105 | The Pioneer Courthouse 700 SW 6th Ave, Ste 110 Portland, OR 97204 | William K. Nakamura Courthouse 1010 Fifth Avenue Seattle, WA 98104 |

## Court Website

**www.ca9.uscourts.gov**

The court's website contains the court's rules, forms, and general orders, public phone directory, information about electronic filing, answers to frequently asked questions, directions to the courthouses, bar admission forms, opinions and memoranda, live streaming of oral arguments, links to practice manuals, an invitation to join our pro bono program, and more.

## Clerk's Office Email

For general questions about court process and procedures, you can email the Clerk's office at questions@ca9.uscourts.gov

# Exhibit F

**Evelyn Rojas**

| | |
|---|---|
| **From:** | U.S. Court of Appeals for the Ninth Circuit, E-Filer Help Desk <efilerhelp@ca9.uscourts.gov> |
| **Sent:** | Tuesday, November 28, 2023 8:50 AM |
| **To:** | Richard Lambert |
| **Subject:** | Re: Notices to Opposing Counsel (Question from ECF Filer submitted via website) [ID: ##530124##] |

According to our records, Reshma Kamath was not registered for CM/ECF at the time the case was opened. It appears that she is now registered, but will need to file a Notice of Appearance so that they can be entered as counsel of record in the case.
Currently, only Brandon M. Carr is listed as counsel of record for the Appellees, and Jing James Li for the Appellant.

If you believe that Brandon M. Carr was added as counsel in error, please contact the Clerk's Office at "questions@ca9.uscourts.gov" for assistance.

Hope that helps, thank you

U.S. Court of Appeals for the 9th Circuit
Electronic Case Filing information: http://www.ca9.uscourts.gov/cmecf
Frequently Asked Questions About CM/ECF: http://www.ca9.uscourts.gov/cmecf/faqs
CM/ECF Frequently Asked Questions page at PACER: http://www.pacer.gov/psc/efaq.html#CMECF
PACER Frequently Asked Questions page: http://www.pacer.gov/psc/efaq.html#PACER

<---- From webmaster<webmaster@ca9.uscourts.gov> on Nov 28, 2023 08:33 AM ---->

| | |
|---|---|
| Filing System: | **CM/ECF** |
| Name of person submitting request: | **Richard Lambert** |
| Email address of person submitting request: | **lambertr@lilaw.us** |
| Phone number of filer submitting request: | **9166738365** |

| Full name of filer: | **Richard David Lambert** |
|---|---|
| Case number and title: | **23-16093** |
| Platform | **Windows Other** |
| Browser: | **Chrome** |
| Subject | **Notices to Opposing Counsel** |
| Question: | **Opposing counsel - Reshma Kamath - has accused our office of intentionally omitting her from service of filings before the Ninth Circuit and instead sending notices to Brandon Carr an attorney no longer associated with the case. Obviousy, Quintara did no such thing but she is not receiving a electronic service of documents from this Court. Can you please see if she is registered and admitted to practice before the Ninth Circuit as we believe this may be the issue. In the alterantive is there any reason why she would not be receiving filed documents? When we submitted our notice of appeal, we specifically listed Ms. Kamath (and only Ms. Kamath) as counsel of record for the Appellees so we are also confused as to why Mr. Carr is receiving service but not Ms. Kamath. To assist in the search, Ms. Kamath's email is reshmakamath2021@gmail.com and her California Bar No. is 333800. And she is receiving service through the District Court ECF. In any event, the situation is confusing and a mystery to Quintara, and we were hoping your office can shed some light on the matter. Thank you very much for your assistance.** |

# Exhibit G

**Evelyn Rojas**

| | |
|---|---|
| **From:** | Richard Lambert |
| **Sent:** | Tuesday, November 28, 2023 9:10 AM |
| **To:** | U.S. Court of Appeals for the Ninth Circuit, E-Filer Help Desk |
| **Subject:** | RE: Notices to Opposing Counsel (Question from ECF Filer submitted via website) [ID: ##530124##] |

Thank you very much. I will contact that Clerk's office and ask that Mr. Carr be removed.

Can you please tell me the date that Ms. Kamath registered with the CM/ECF? This will certainly help clear the confusion amongst the parties and the District Court as to why Ms. Kamath has not been receiving electronic notice.

We appreciate all your assistance in this matter.

 **Richard D. Lambert, Esq.**
LiLaw Inc., 1905 Hamilton Ave., Suite 200, San Jose, CA
650.521.5956.  www.lilaw.us.

**From:** U.S. Court of Appeals for the Ninth Circuit, E-Filer Help Desk <efilerhelp@ca9.uscourts.gov>
**Sent:** Tuesday, November 28, 2023 8:50 AM
**To:** Richard Lambert <lambertr@lilaw.us>
**Subject:** Re: Notices to Opposing Counsel (Question from ECF Filer submitted via website) [ID: ##530124##]

According to our records, Reshma Kamath was not registered for CM/ECF at the time the case was opened. It appears that she is now registered, but will need to file a Notice of Appearance so that they can be entered as counsel of record in the case.
Currently, only Brandon M. Carr is listed as counsel of record for the Appellees, and Jing James Li for the Appellant.

If you believe that Brandon M. Carr was added as counsel in error, please contact the Clerk's Office at "questions@ca9.uscourts.gov" for assistance.

Hope that helps, thank you

U.S. Court of Appeals for the 9th Circuit
Electronic Case Filing information: http://www.ca9.uscourts.gov/cmecf
Frequently Asked Questions About CM/ECF: http://www.ca9.uscourts.gov/cmecf/faqs
CM/ECF Frequently Asked Questions page at PACER: http://www.pacer.gov/psc/efaq.html#CMECF
PACER Frequently Asked Questions page: http://www.pacer.gov/psc/efaq.html#PACER

<---- From webmaster<webmaster@ca9.uscourts.gov> on Nov 28, 2023 08:33 AM ---->

| | |
|---|---|
| Filing System: | **CM/ECF** |

| | |
|---|---|
| Name of person submitting request: | **Richard Lambert** |
| Email address of person submitting request: | **lambertr@lilaw.us** |
| Phone number of filer submitting request: | **9166738365** |
| Full name of filer: | **Richard David Lambert** |
| Case number and title: | **23-16093** |
| Platform | **Windows Other** |
| Browser: | **Chrome** |
| Subject | **Notices to Opposing Counsel** |
| Question: | **Opposing counsel - Reshma Kamath - has accused our office of intentionally omitting her from service of filings before the Ninth Circuit and instead sending notices to Brandon Carr an attorney no longer associated with the case. Obviously, Quintara did no such thing but she is not receiving a electronic service of documents from this Court. Can you please see if she is registered and admitted to practice before the Ninth Circuit as we believe this may be the issue. In the alterantive is there any reason why she would not be receiving filed documents? When we submitted our notice of appeal, we specifically listed Ms. Kamath (and only Ms. Kamath) as counsel of record for the Appellees so we are also confused as to why Mr. Carr is receiving service but not Ms. Kamath. To assist in the search, Ms. Kamath's email is reshmakamath2021@gmail.com and her California Bar No. is 333800. And she is receiving service through the District Court ECF. In any event, the situation is confusing and a mystery to Quintara, and we were hoping your office can shed some light on the matter. Thank you very much for your assistance.** |

# Exhibit H

**Evelyn Rojas**

| | |
|---|---|
| **From:** | Questions CA09Operation <questions@ca9.uscourts.gov> |
| **Sent:** | Tuesday, November 28, 2023 10:11 AM |
| **To:** | Richard Lambert |
| **Subject:** | RE: Quintara v. Ruifeng Biztech Inc. et al. - COA No. 23-16093 |

Hello,

Brandon Car will need to file a motion to withdraw from the case.

Thanks

**From:** Richard Lambert <lambertr@lilaw.us>
**Sent:** Tuesday, November 28, 2023 9:11 AM
**To:** Questions CA09Operation <questions@ca9.uscourts.gov>
**Subject:** Quintara v. Ruifeng Biztech Inc. et al. - COA No. 23-16093

**CAUTION - EXTERNAL:**

Dear Clerk of the Court,

It has come to our attention that in the above-captioned appeal, notice is being electronically provided to an attorney named Brandon Carr (bcarr@buchalter.com) who is no longer counsel of record in the District Court or on the appeal. See below. It is our understanding based on communications with the Clerk, that current counsel – Ms. Reshma Kamath – was not registered with the CM/ECF for the Ninth Circuit at the time the case was opened and this resulted in her not receiving notices from this Court. The Clerk also advised that Ms. Kamath needs to file a Notice of Appearance in the matter to begin to receive notice in this case of all filings. Her information is included on the attached Notice of Appeal that was filed with the District Court through the ECF system. Can you please remove Mr. Carr as counsel of record for this appeal and add Ms. Kamath upon her filing of a Notice of Appearance in this matter?

Court of Appeals Docket #: 23-16093                                                                      Docketed: 08/14/2023
Nature of Suit: 3890 Other Statutory Actions
Quintara Biosciences, Inc. v. Ruifeng Biztech, Inc., et al
Appeal From: U.S. District Court for Northern California, San Francisco
Fee Status: Paid

Case Type Information:
  1) civil
  2) private
  3) null

Originating Court Information:
  District: 0971-3 : 3:20-cv-04808-WHA
  Court Reporter: Ana Dub
  Court Reporter: Richard John Duvall, Court Reporter Supervisor
  Court Reporter: Summer A. Fisher, Court Reporter
  Court Reporter: Irene Rodriguez, Official Court Reporter
  Court Reporter: Katherine Sullivan, Court Reporter
  Trial Judge: William Haskell Alsup, Senior District Judge
  Date Filed: 07/17/2020

| Date Order/Judgment: | Date Order/Judgment EOD: | Date NOA Filed: | Date Rec'd COA: |
|---|---|---|---|
| 07/13/2023 | 07/13/2023 | 08/11/2023 | 08/11/2023 |

Prior Cases:
  21-70913    Date Filed: 04/15/2021    Date Disposed: 06/08/2021    Disposition: Denied - Judge Order

Current Cases:
  None

| QUINTARA BIOSCIENCES, INC.<br>    Plaintiff - Appellant, | Jing James Li, Attorney<br>Direct: 650-521-5956<br>Email: lij@lilaw.us<br>[COR NTC Retained]<br>LiLaw Inc.<br>1905 Hamilton Avenue<br>Suite 200<br>San Jose, CA 95125 |
|---|---|
| v. | |
| RUIFENG BIZTECH, INC.<br>    Defendant - Appellee, | Brandon M. Carr, Esquire, Attorney<br>Direct: 415-227-3636<br>Email: bcarr@buchalter.com<br>[COR NTC Retained]<br>Buchalter, A Professional Corporation<br>425 Market Street<br>Suite 2900<br>San Francisco, CA 94105 |
| GANGYOU WANG<br>    Defendant - Appellee, | Brandon M. Carr, Esquire, Attorney<br>Direct: 415-227-3636<br>[COR NTC Retained] |

**Richard D. Lambert, Esq.**

LiLaw Inc., 1905 Hamilton Ave., Suite 200, San Jose, CA
650.521.5956.  www.lilaw.us.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.