**LAW OFFICE OF RESHMA KAMATH**
Reshma Kamath, Cal. Bar No. 333800
700 El Camino Real, Suite 120, #1084,
Menlo Park, California 94025, United States
Phone-number: 650 257 0719
E-mail address: reshmakamath2021@gmail.com
COUNSEL FOR DEFENDANTS
RUIFENG BIZTECH INC.; GANGYOU WANG;
ALAN LI; AND, RF BIOTECH LLC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

QUINTARA BIOSCIENCES, INC., a California corporation,

Plaintiffs,

v.

RUIFENG BIZTECH INC., a California corporation, GANGYOU WANG, an individual, ALEX WONG, an individual, ALAN LI, an individual, RUI SHAO, an individual, and RF BIOTECH LLC, a California limited liability company,

Defendants.

Case No.: 3:20-cv-04808-WHA

*[Assigned to presiding Judge Honorable William Alsup]*

***RE* THE LILAW, INC.'S RESPONSE OF NOVEMBER 29, 2023 TO THE COURT AND REPLY FROM LEAD TRIAL COUNSEL, RESHMA KAMATH**

***TO THE HONORABLE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD, HEREIN:***

**RESHMA KAMATH, lead trial counsel for defense, replies** to the filing of LILAW, INC. of November 29, 2023 in response to Judge Alsup's request to "please" respond to certain statements.

Clearly, JAMES LI, and his office, DANIEL PETERSON, RICHARD LAMBERT, and TAMARA RIDER – have yet again tried to conceal their follies in more fluff produced to the Court.

Exhibits, A, B, C, D, and E, are basically that fluff, that JAMES LI uses to circumvent well-designed code sections and law, such as Mr. JAMES LI did with the immigration-fluff that had no relevancy and no bearing to the federal Defendant Trade Secrets Act.

From August, September, October, and until the end of November 2023, it is highly unlikely and incredulous that JAMES LI, and his staff, did not have any idea that only some unknown attorney was served with their appellant's material – not lead trial counsel for defense.

It took an entire Notice from undersigned counsel, RESHMA KAMATH, to the trial court, and the trial court's request– for JAMES LI and his staff, to explain himself; and then, for his staff to reach out to the Ninth Circuit Court of Appeals - in quite a reputation-tarnishing e-mail to an Admin with words like "accused."

Amidst all the chaos of LILAW, INC.'s filing of November 29, 2023 - in a desperate attempt to prove their innocence - not only do they use *ad hominem* remarks,

but also several defamatory ones. "Accused", "baseless", and "failed" have no basis in code and law.

To remind the Court, JAMES LI, and his office, including, but not limited to, TAMARA RIDER, DANIEL PETERSON and RICHARD LAMBERT, lost the jury verdict trial – because the smart American jury grounded in reality was more efficient in understanding and deciphering Federal Defendant Trade Secrets Act than a 72-year-old White, Male Judge, and his counter-part, a 50/60-something-year-old White Male Magistrate Judge.

Thus, Counsel Reshma Kamath believes she can equally use non-code sections to prove her point as the Court has freely allowed LILAW, INC.'s attorneys to do; and the Court has done as well.

**EXHIBITS F, G, and H** of LILAW, INC's filing of November 29, 2023, clearly show that LILAW, INC.'s attorneys had NOTICE and KNOWLEDGE of **NOT SERVING** RESHMA KAMATH with their appellant Quintara's documents. That some other unknown attorney was getting served.

What JAMES LI, DANIEL PETERSON, TAMARA RIDER, and RICHARD LAMBERT **have not shown and not produced** to the court is that they **sought an extension** from the Ninth Circuit Court of Appeals **without notifying and/or serving** Appellee's trial counsel RESHMA KAMATH.

That extension changed the appellate opening brief deadline from November 20, 2023 to next year. Below is the excerpt identified:

"Streamlined request [6] by Appellant Quintara Biosciences, Inc. to extend time to file the brief is approved. Amended briefing schedule: Appellant Quintara Biosciences, Inc. opening brief due 12/20/2023. Appellees Alan Li, RF Biotech LLC, Ruifeng Biztech, Inc., Rui Shao, Gangyou Wang and Alex Wong answering brief due 01/19/2024. The optional reply brief is due 21 days from the date of service of the answering brief"

Neither did LILAW, INC's serve this upon Counsel RESHMA KAMATH, nor the Ninth Circuit Court of Appeals. Similarly, the appellant transcript record as to what documents were identified were not served either.

That Appellate Opening Brief extension was not only **sought *ex-parte*** from the Ninth Circuit Court of Appeals by LILAW, INC., but that each of their attorneys – JAMES LI, DANIEL PETERSON, TAMARA RIDER, and RICHARD LAMBERT were **fully aware** that Counsel RESHMA KAMATH – who had won the jury trial – was **not served** by them.

LILAW, INC. and each of their attorneys – JAMES LI, DANIEL PETERSON, TAMARA RIDER, and RICHARD LAMBERT, knew that only some unknown attorney, BRANDON CARR – who had substituted two years ago – and was not even at trial and/or any other pre-trial work was improperly noticed by them. For attorneys to do this blatantly and openly- and then to use demeaning words in their response to the court, is atrocious.

That Appellate Brief was initially due on November 20, 2023 – and because **no service was made upon lead trial counsel** RESHMA KAMATH, undersigned counsel had to reach out to the Ninth Circuit several times ACMS@ca9.fedcourts.us –to receive service and notice. However, there was **no reply** from the Ninth Circuit.

"QUINTARA V. RUIFENG ET AL. - TRIAL COURT CASE NO. Case 3:20-cv-04808-WHA

RESHMA KAM

Mon, Nov 20, 12:55 PM (10 days ago)

**Reshma Kamath** <reshmakamath2021@gmail.com>

to ACMS

Hello,

As Appellee's counsel, you have not sent any of the appellants' documents including mediation questionnaire, transcript record, and appellate brief due today. Not even the appellate case number was provided by your e-mail address to me to check on any appellate docket.

I wanted to file a motion to augment prior to the appellant opening brief, but even your e-mail address has not e-mailed me as the Appellee's counsel.

Please inform.

Sincerely,

*Reshma Kamath*

**Law Office of Reshma Kamath**

Counselor-at-Law | 2022 Elite Lawyer | Lawyers of Distinction
Address: Law Office of Reshma Kamath
700 El Camino Real Suite 120, #1084, Menlo Park, CA 94025

Phone: 650 257 0719 | E-mail: reshmakamath2021@gmail.com |
LinkedIn: www.linkedin.com/in/globalcitizenwithjd/ |
Website: www.myinstalawyer.com |

ELITE LAWYER 2023 TOP ATTORNEYS

RESHMA KAMATH
WWW.MYINSTALAWYER.COM

LAWYERS OF DISTINCTION 2022

*Selected to Rising Stars: 2023*

2024

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication. Thank you for your cooperation. To ensure compliance with Internal Revenue Service Circular 230, we inform you that any tax advice contained in this communication is not intended or written to be used, and cannot be used for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

0:23-cv-16093 - QUINTARA V. RUIFENG ET AL. - TRIAL COURT CASE NO. Case 3:20-cv-04808-WHA

RESHMA KAM

**Reshma Kamath** <reshmakamath2021@gmail.com> Mon, Nov 27, 11:24 AM (3 days ago)

to ACMS, Gangyou, 王

Hello,

As Appellee and Defense Ruifeng, Gangyou Wang, Alan Li, and Rf Biotech, please ensure you have my name RESHMA KAMATH for service.

Right now, Appellants have misleadingly included the WRONG ATTORNEY BRANDON CARR, WHO SUBSTITUTED OUT OF THE MATTER in the year 2021.

Thus far the court was making ex-parte communication with Appellant's attorney.

Please ensure you include my name for service on all appeal matters.

Otherwise, this appeal process will be defective for lack of notice to Appellee's Counsel, Reshma Kamath.

Thank you.

Sincerely,

Reshma Kamath, Counselor-at-Law
Law Office of Reshma Kamath

Contact Information:
Law Office of Reshma Kamath
700 El Camino Real, Suite #120-1084, Menlo Park, CA 94025 | 650 257 0719 | reshmakamath2021@gmail.com | www.myinstalawyer.com | www.linkedin.com/in/globalcitizenwithjd/

Rising Stars 2023
Elite Lawyers 2022 2023
Lawyers of Distinction 2023
Best Lawyers 2024

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication. Thank you for your cooperation. To ensure compliance with Internal Revenue Service Circular 230, we inform you that any tax advice contained in this communication is not intended or written to be used, and cannot be used for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein."

The defense, particulary undersigned counsel, RESHMA KAMATH, agrees with the liberal construction Fed.R.App.P. 3 affecting the validity of the appeal. *Smith v. Barry*, 502 U.S. 244, 248, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992) ("Courts will liberally construe the requirements of Rule 3."). However, Fed.R.App.P. 3(a)(2) provides that "[a]n appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but **is ground only for the court of appeals to act as it considers appropriate, including dismissing the appeal.**" See *Azizian v.*

*Federated Dep't Stores*, 499 F.3d 950, 961 (9th Cir. 2007) (noting, in the context of a violation of Fed.R.App.P. 7, that Fed.R.App.P. 3(a)(2) grants to this court's "sound discretion"" whether to dismiss an appeal). In deciding **whether such a deficiency warrants dismissal, whether Quintara's failure resulted in prejudice to Appellees, and/or to this court.** See *Everest Jennings, Inc. v.E J Mfg. Co*., 263 F.2d 254, 262 (9th Cir. 1959) (holding that, because the opposing party could demonstrate no prejudice, a failure to file briefs in accordance with court rules did not warrant dismissal); *Recinos De Leon v. Gonzales*, 400 F.3d 821, 822 (9th Cir. 2005) (published order) (considering prejudice to the opposing party and to the court in deciding whether to dismiss an appeal.) The failure to include a would-be appellant and/or an attorney for service purposes on a Notice of Appeal is normally fatal to an appeal. See *United States ex rel. Alexander Volkhoff, LLC v. Janssen Pharmaceutica N.V.*, 945 F.3d 1237, 1243, 1244-45 (9th Cir. 2020) (noting that non-compliance with Federal Rule of Appellate Procedure 3(c) and the notice of appeal's strict appellant-naming requirements creates a jurisdictional bar to appeal); compare Fed. R. App. P. 3, with Fed. R. Bankr. P. 8003.

All in all – the court cannot now renege from the issue that Judge Hixson and Judge Alsup are trying also desperately to hide Rose Maher's and Judge Hixson's mistakes. The mistake is further the CAND that they never terminated status on the docket for Brandon Carr – since the Clerk Angie Meuleman is so busy **vacating and re-setting undersigned counsel's motion** – the Clerk **could not once check the docket** to remove a White attorney – who had no part in the trial from the docket as terminated.

There should be automated service from the ECF Ninth Circuit Portal as undersigned counsel is receiving in her other appealed matter from ACMS@ca9.fedcourts.us about Mediation dates, and calendar invites directly from the Ninth Circuit Court of Appeals.

This entire non-service issue of the Appeal is highly prejudicial from LILAW, INC. to GANGYOU WANG, RUIFENG BIZTECH, INC, ALAN LI, and RF BIOTECH LLC – to not serve their lead trial counsel – whether or not the undersigned wants to remain as appellees' counsel.

///

**LAW OFFICE OF RESHMA KAMATH**

**DATED: November 30, 2023**

/S/ Reshma Kamath

Reshma Kamath,
Counsel for Defendants RUIFENG BIZTECH INC.; GANGYOU WANG; ALAN LI; and, RF BIOTECH LLC

# CERTIFICATE OF SERVICE

F.R.C.P. 5 / C.C.P. § 1013(a)(3), C.C.P. § 1010.6(a)(6) / Cal. R. Ct. R. 2.260.

I am employed in, the County of San Mateo, California. I am over the age of 18, and not a party to this action. My business/mailing address is: 700 El Camino Real, Suite 120, #1084, Menlo Park, California 94025, United States; and, e-mail address is reshmakamath2021@gmail.com for electronic-service. On November 30, 2023, I sent the following documents via the below method of service. SEE ATTACHED SERVICE LIST.

///

***RE* THE LILAW, INC.'S RESPONSE OF NOVEMBER 29, 2023 TO THE COURT AND REPLY FROM LEAD TRIAL COUNSEL, RESHMA KAMATH**

///

**CERTIFICATE OF SERVICE.**

///

Via **ELECTRONIC SERVICE**: In electronically transmitting courtesy copies of the document(s) listed above to the email address(es) of the person(s) set forth on the attached service list per the electronic service agreement between the parties' counsel. To my knowledge, the transmission was reported as complete and without error. [Notice of Electronic-Service pursuant to California Code of Civil Procedure § 1010.6.]

///

I declare under penalty of perjury of the laws of the State of California, and the laws of the United States of America that the foregoing is true and correct. Executed on November 30, 2023.

*Sincerely,*

*/S/ Reshma Kamath*
Reshma Kamath

**SERVICE LIST**

Daniel Robert Peterson
E-mail: petersond@lilaw.us

Richard D Lambert
E-mail: lambertr@lilaw.us

Tamara Rider
E-mail: ridert@lilaw.us

J. James Li
LiLaw, Inc.
1905 Hamilton Avenue Suite 200 San Jose, CA 95125
650-521-5956 Fax: 650-521-5955
E-mail: lij@lilaw.us

ATTORNEYS FOR PLAINTIFF QUINTARA BIOSCIENCES, INC.

Ting Jiang, LiLaw, Inc./Quintara's Legal assistant
E-mail: jiangt@lilaw.us

Dylan Wiseman/Buchalter APC
E-mail: dwiseman@buchalter.com

FORMER ATTORNEY FOR DEFENDANTS