UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

QUINTARA BIOSCIENCES, INC.,

      Plaintiff,

      v.

RUIFENG BIZTECH INC., GANGYOU WANG, ALAN LI, and RF BIOTECH LLC,

      Defendants.

No.  C 20-04808 WHA

**ORDER GRANTING STAY SUBJECT TO CONDITIONS AND FURTHER ORDERS**

In this trade secrets case, our court of appeals rendered its decision on August 12, 2025. *Quintara Biosciences, Inc. v. Ruifeng Biztech, Inc.*, No. 23-16093, Dkt. 80 (9th Cir.).  While still before that court, defense counsel withdrew.  The mandate issued.  The next week, this Court ordered the parties to provide a joint statement setting out all the issues to be decided on remand, due by noon on October 23, 2025 (Dkt. No. 431).

Now, the parties file a joint statement and seek a 60-day stay (Dkt. No. 432).  *First*, although we already are more than 60 days out from the appellate court's decision, and although defendants appear to be moving forward with the parallel action (with or without counsel), the parties jointly request *another* 60 days for defendant(s) to find counsel in this action.  *Second*, although not the parties' stated reason for stay, it does not escape notice that the parties are set to start trial on December 8, 2025 in "a parallel state court case, *Quintara*

*Biosciences Inc. v. Ruifeng Biztech Inc. et al.*, Case No. 21cv385112 (Santa Clara Supr. Ct.)" (*id.* at 2 (cleaned up)).

The request for stay is **GRANTED**, subject to the following further orders:

**(1)** *On the one hand*, if for any reason the parallel action's trial is advanced, vacated, or continued, then **WITHIN TWO CALENDAR DAYS** of the first moment that either side becomes aware of this fact, both sides' counsel shall jointly file notice of the old date, the new date (if any), the reason for the change, and any revisions to the parties' current answers to all questions raised in the previous order (*see* Dkt. No. 431), as well as a sworn statement supporting assertions made therein;

**(2)** *On the other hand*, if the parallel action's trial is held, then **WITHIN FIVE CALENDAR DAYS** of the judge's findings or the jury's final result, both sides' counsel shall jointly file a statement explaining the parties' current answers to all questions raised in the previous order (*see* Dkt. No. 431), again with sworn statement(s) supporting the assertions;

**(3)** *Either way*, the firm expectation is that fresh counsel for defendant(s) will participate in making the above filing at the conclusion of stay, as this is the stipulated purpose for the stay; if for any reason counsel is not retained by defendant(s), then the applicable defendant(s) shall explain fully and under oath all diligent efforts made to retain counsel and why those efforts failed (including any effort to retain in this action any counsel used in the parallel action), this to be filed in a supplement to the joint statement but at the same time as it.

*Any failure to provide a timely filing will be at pain of sanction.* If for any reason no filing is triggered by the above, then a filing containing all content pursuant to **(2)** and **(3)** shall be made by **DECEMBER 18, 2025**. Further extension of stay is unlikely to be granted.

**IT IS SO ORDERED.**

Dated: October 27, 2025.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
Northern District of California

2